IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas

APR 0 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JESUS RODRIGUEZ | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. |
| CITY OF SAN BENITO, CAMERON | § | **B-02- 068** |
| COUNTY, TEXAS, SAN BENITO | § | |
| POLICE DEPARTMENT, DAVID GARZA, | § | |
| RICARDO MORADO, MAYOR, GABRIEL | § | |
| GONZALES, CITY MANAGER, RICHARD | § | |
| E. CLARK, JR., CHIEF OF POLICE, | § | |
| ET AL. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW **CITY OF SAN BENITO, TEXAS, SAN BENITO POLICE DEPARTMENT, RICARDO MORADO,** *Mayor for the City of San Benito, Texas*, **GABRIEL GONZALES,** *former City Manager for the City of San Benito, Texas*, and **RICHARD E. CLARK, JR.,** *Chief of Police for the San Benito Police Department*, Defendants in the above styled and numbered cause and file this their Notice of Removal of the present cause from the 404th Judicial District Court of Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, and would show unto the Court as follows:

## I.

### THE PETITIONERS

1.01    **CITY OF SAN BENITO, TEXAS, SAN BENITO POLICE DEPARTMENT, RICARDO MORADO**, *Mayor for the City of San Benito, Texas*, **GABRIEL GONZALES**, *former City Manager for the City of San Benito, Texas*, and **RICHARD E. CLARK, JR.,** *Chief of Police for the San Benito Police Department*, are the Petitioners and Defendants in this lawsuit.

## II.

### THE LITIGATION

2.01    Petitioners are the Defendants in the civil lawsuit which is entitled *Jesus Rodriguez vs. City of San Benito, Cameron County, Texas, San Benito Police Department, David Garza, Ricardo Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police, et al.*, Cause No. 2001-12-5344-G in the 404th Judicial District Court of Cameron County, Texas.  Plaintiff filed his Amended Original Petition on or about March 15, 2002, asserting claims under 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §1985, 28 U.S.C. §1343 of Plaintiff's rights under the United States Constitution, Title I of the Americans with Disabilities Act, U.S. Constitution's Fourteenth Amendment, Equal Proection Clause and Due Process Clause.  A copy of Plaintiff's Amended Original Petition is attached hereto as Exhibit No. "12" in Index of Exhibits attached hereto as Exhibit "A."

## III.

3.01    Defendants are filing this Notice of Removal pursuant to 28 U.S.C. §1441(b) which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

3.02    Defendants are individuals residing in Cameron County, Texas, and are citizens of the State of Texas.

3.03    Additional basis and authority for the removal of this action is pursuant to 42 U.S.C. §1446 entitled "Procedure for Removal," Sub-paragraph (b) of 28 U.S.C. §1446 provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the Defendant, whichever period is shorter.

3.04    This Notice of Removal is being filed within thirty (30) days of these Defendants' notice of Plaintiff's Amended Original Petition insofar as these Defendants obtained a copy of Plaintiff's pleading through service of process on or about March 15, 2002.  On receipt and review of the petition, Plaintiff's attempt to assert federal causes of action was first ascertained and this Notice of Removal is therefore timely filed.

## IV.

4.01    True and correct copies of all pleadings and order signed by the state judge contained in the District Clerk's file are attached hereto together with an Index of Exhibits attached hereto as Exhibit "A." A certified copy of the Docket Sheet from the District Clerk's office of Cameron County, Texas, for this lawsuit is attached as "Exhibit No. 1" in the Index of Exhibits attached hereto as Exhibit "A." Copies of all process, pleadings and orders served upon Defendants are attached to Index of Exhibits attached hereto as Exhibit "A." Also, attached hereto as Exhibit "B," is a list of all counsel of record in this case.

## V.

5.01    The claims asserted by Plaintiff could have been filed in this Federal Court pursuant to 28 U.S.C. §1331 and 1332. Therefore, this Court has jurisdiction over this removal action pursuant to 28 U.S.C. §1441(b) since this is a civil action of which the Federal District Courts have original jurisdiction founded on a claim arising out of the Constitution or laws of the United States. As set out in that attached Exhibit "C," Defendant Cameron County Justice of the Peace David Garza is in agreement with the removal of this action. Therefore all Defendants are in agreement with removal.

## VI.

6.01    Defendants hereby demand a trial by the jury.

## VII.

7.01    Defendants hereby represent to this Court that the Cameron County District Clerk and all parties and their counsel are receiving notice and copies of all the pleadings associated with Defendants' Notice of Removal.

WHEREFORE, PREMISES CONSIDERED, Defendant **CITY OF SAN BENITO, TEXAS, SAN BENITO POLICE DEPARTMENT, RICARDO MORADO**, *Mayor for the City of San Benito, Texas*, **GABRIEL GONZALES**, *former City Manager for the City of San Benito, Texas*, and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, pray for removal of the above entitled cause of action from the 404th Judicial District Court of Cameron County, Texas, to this Court.

Signed on this the 3rd day of April, 2002.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone    :  (956) 504-1100
Facsimile    :  (956) 504-1408

By: _____
       J. Arnold Aguilar
       State Bar No. 00936270
       Federal Adm. No. 6822

Attorney for Defendants,
CITY OF SAN BENITO, TEXAS,
SAN BENITO POLICE DEPARTMENT,
RICARDO MORADO, GABRIEL GONZALES
and RICHARD E. CLARK, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **NOTICE OF REMOVAL** has on this the 5th day of April, 2002, been forwarded via certified mail, return receipt requested to:

    Mr. Jesus Rodriguez
    2983 Redbird Lane
    Huntsville, TX  77320


    Mr. Francisco J. Martinez
    Assistant District and County Attorney
    974 E. Harrison Street
    Brownsville, TX  78520

                    J. Arnold Aguilar

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JESUS RODRIGUEZ § 
§
VS. §
§        CIVIL ACTION NO.
CITY OF SAN BENITO, CAMERON §
COUNTY, TEXAS, SAN BENITO §        **B-02- 068**
POLICE DEPARTMENT, DAVID GARZA, §
RICARDO MORADO, MAYOR, GABRIEL §
GONZALES, CITY MANAGER, RICHARD §
E. CLARK, JR., CHIEF OF POLICE, §
ET AL. §

---

## INDEX OF EXHIBITS

---

1.  Certified copy of the Docket Sheet;
2.  Plaintiff's Original Petition;
3.  Affidavit of Inability;
4.  Citation to Defendant Ricardo Morado, Mayor;
5.  Citation to Defendant Gabriel Gonzales, former City Manager;
6.  Citation to Defendant Richard E. Clark, Jr. Chief of Police;
7.  Citation to Defendant David Garza;
8.  Defendant Cameron County Justice of the Peace David Garza's Original Answer;
9.  Defendants Ricardo Morado, Gabriel Gonzalez and Richard E. Clark, Jr.'s Original Answer;
10. Defendants City of San Benito, Texas and the San Benito Police Department's Original Answer;
11. Order granting Defendants City of San Benito, Texas and San Benito Police Department's Special Exceptions;
12. Plaintiff's First Amended Original Petition; and,
13. Plaintiff's Motion for Change of Venue.

**EXHIBIT "A"**                                           Page 1 of 1

DATE 04/03/02
TIME 10:58 AM

PAGE: 01

CERTIFIED COPY 2001-12-005344-G

* * * * C L E R K ' S   E N T R I E S * * * *

12    28    01

JESUS RODRIGUEZ

VS

CITY OF SAN BENITO, ET. AL

60490901
JESUS RODRIGUEZ
2983 REDBIRD LANE
HUNTSVILLE, TX          77320 0000

00001953
HON FRANCISCO G. MARTINEZ
974 E. HARRISON STREET
BROWNSVILLE TX          78520 0000

(10)

DAMAGES

| Date | Entry |
|------|-------|
| 12/28/01 | ORIGINAL PETITION FILED |
| 12/28/01 | CITATION: RICARDO (MAYOR) MORADO          FILED: 01/11/02 |
| 12/28/01 | SERVED: 01/07/02 |
| 12/28/01 | CITATION: DAVID GARZA          FILED: 01/11/02 |
| 12/28/01 | SERVED: 01/07/02 |
| 12/28/01 | CITATION: RICHARD E. CLARK, JR.          FILED: 01/11/02 |
| 12/28/01 | SERVED: 01/07/02 |
| 12/28/01 | CITATION: GABRIEL, GONZALES |
| 12/28/01 | SERVED: 01/07/02          FILED: 01/11/02 |
| 12/28/01 | AFFIDAVIT OF INABILITY |
| 01/18/02 | ORIGINAL ANSWER: DAVID GARZA |
| 01/23/02 | ORIGINAL ANSWER: RICARDO (MAYOR) MORADO |
| 01/23/02 | ORIGINAL ANSWER: GABRIEL GONZALEZ |
| 01/23/02 | ORIGINAL ANSWER: RICHARD E. CLARK, JR. |
| 01/23/02 | DEFTS' MOTION FOR HEARING (IGARCIA) |
| 02/04/02 | ORIGINAL ANSWER: CITY OF SAN BENITO, TEXAS |
| 02/04/02 | ORIGINAL ANSWER: SAN BENITO POLICE DEPARTMENT |
| 02/04/02 | DEFTS' MTN FOR HEARING (IGARCIA) |
| 02/25/02 | DOCUMENTS (IGARCIA) |
| 03/14/02 | PLTF'S MTN FOR CHANGE OF VENUE (IGARCIA) |
| 03/14/02 | PLTF'S 1ST AMENDED ORIGINAL PETITION |
|          | SPECIAL EXCEPTIONS (IGARCIA |

| Date | Entry |
|------|-------|
| 01/31/02 | DEFTS' MTN FOR HEARING ON DEFTS' SPECIAL EXCEPTIONS SET FOR |
|          | 2/21/02 @ 8:30 A.M.AS PER ORDER...AC LIMAS/IG |
| 01/31/02 | DEFTS, CITY OF SAN BENITO AND SAN BENITO POLICE DEPT'S MOTION |
|          | FOR SPECIAL EXCEPTIONS SET FOR 2-21-02 AT 8:30 A.M. ACL/GM |
| 02/05/02 | HEARING RESET TO 03/14/02 @10:30AM. ACLIMAS/MG |
| 02/05/02 | DEF MTN FOR ENFORCEMENT GRANTED.ACLIMAS/MG |
| 03/05/02 | ORDER ON DEFTS' SPECIAL EXCEPTIONS, AS PER ORDER.AC LIMAS/IG |
| 03/14/02 | |
| 03/14/02 | |




# IN THE STATE OF TEXAS

# STATE DISTRICT COURT

## _404th_ JUDICIAL DISTRICT COURT

# IN

# CAMERON COUNTY, TEXAS

### CAUSE NO. _2001-12-5344-G_

FILED _4:30_ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

DEC 2 8 2001

DISTRICT COURT OF CAMERON COU~
Eloisa Guerrero

| | | |
|---|---|---|
| JESUS RODRIGUEZ | < > | |
| Plaintiff | < > | |
| | < > | |
| | < > | |
| v. | < > | |
| | < > | COMPLAINT FOR |
| | < > | DAMAGES |
| CITY OF SAN BENITO, CAMERON COUNTY, TEXAS, | < > | |
| SAN BENITO POLICE DEPARTMENT, | < > | |
| DAVID GARZA, RICARDO MORADO, MAYOR, | < > | |
| GABRIEL GONZALES, CITY MANAGER, | < > | |
| RICHARD E. CLARK, JR., CHIEF OF POLICE ET AL. | < > | |
| Defendants | < > | |

# _PLAINTIFF'S ORIGINAL PETITION_

Comes now, Jesus Rodriguez, hereinafter called Plaintiff, and files this his Original Petition complaining of the City of San Benito, San Benito Police Department, Ricardo Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police, David Garza et al., of San Benito, Cameron County, Texas, hereinafter called the Defendants and for cause of action(s) would respectfully show the Court the following:

## I.

Jesus Rodriguez, Your Plaintiff, is an individual, professional educator and twenty-three (23) year veteran employee of the Texas Department of Criminal Justice, and resident of Walker County, Texas.

The Defendants, City of San Benito, San Benito Police Department, Ricardo Morado, Mayor, Gabriel Gonzales, City Manager  Richard E. Clark, Jr., Chief of Police, David Garza et al., of San Benito, Cameron County, Texas, are entities of Municipal and/or City government, duly organized, chartered and/or established under municipality laws and those of the State of Texas, and sole individuals who maintain their principal offices of business in San Benito, Cameron County, Texas and may be served with citation at:

Ricardo Morado, Mayor                       Gabriel Gonzales, City Manager
City of San Benito                           City of San Benito
485 North Sam Houston                        485 North Sam Houston
P. O. Box 1870                               P. O. Box 1870
San Benito, Texas  78586                     San Benito, Texas  78586


David Garza
195 East Robertson Street
San Benito, Texas  78586


Richard E. Clark, Chief of Police
San Benito Police Department
143 South Reagan Street
San Benito, Texas  78586

*II.*

By reason of the malicious and wrongful acts of the Defendants [Human and Civil Rights Violations, Judicial & Law Enforcement Misconduct and Corruption, Abuse, Breach/Disregard of the Law, Acts of Conspiracy, Fraud, Abuse of Power, Obstruction to the Administration of Justice and Assault by Threat], your Plaintiff will show that it has become necessary to file this civil litigation [lawsuit] because of an incident(s) which occurred on or about May 5, 1999.

## Regarding an incarceration in the City of San Benito Municipal Jail, Cameron County, Texas, Your Plaintiff would show this Court that:

Your Plaintiff would show that on the occasion in question, Justice of the Peace Judge David Garza, of Precinct 3, Place 2, in San Benito, Cameron County, Texas, exercised a willful abuse of power and unethical behavior unbecoming a judge.

Your Plaintiff would further show that on the occasion in question, Justice of the Peace David Garza, acted with malice, aforethought, engaged in vigilante tactics, and along with San Benito Police Department Officials, targeted a malicious vendetta against Your Plaintiff for **seeking justice** in his Court; and, as a direct result, in a Small Claims Court matter, entered a default judgment against Your Plaintiff on or about May 5, 1999.

In addition, Judge David Garza viciously and maliciously had your Plaintiff unlawfully [abuse of power] arrested for *contempt of court*, while exiting said judge's office, when your Plaintiff requested court documentation and/or an excuse letter for his employer, as he was instructed to do.

Your Plaintiff would further show this Court that, while in custody, Your Plaintiff was placed in a cell with no lavatory and **forced** to lie down on an iron, cross metal mesh [like laying on nails] bed with no type of mattress, blanket(s) and/or pillow. The Defendants repeatedly denied your Plaintiff these items when he requested them. The Defendants advised Your Plaintiff that he could not have these bed accessories because I would attempt to commit suicide [in the absence of a psychological suicide profile] and that they used this strategy as a **deterrent and punishment** in order to keep people from committing future crimes and returning to jail. The following day, Your Plaintiff confronted Richard E. Clark, Jr., Chief of Police, with this abuse, and without hesitation, Chief Clark acknowledged this practice of emotional, mental, medical and physical abuse as fact.

Your Plaintiff was also denied use of a telephone, water, food and medical attention for his physical disabilities [post-poliomyelitis and related leg, hip & spine deformities, paralysis and

chronic muscle & bone deterioration]. In addition, Your Plaintiff [and another prisoner] was subjected to ridicule and abusive language and was threatened with numerous other false and trumped-up charges if Your Plaintiff did not "behave."

As a proximate result of these events, Your Plaintiff endured these tormenting conditions for nine (9) long, hellish hours. This particular cases of psychological and physical abuse [cruel and unusual punishment] are the result of a vicious, malicious, corrupted and abusive SBPD. Not even hard criminals, state prison convicts and/or incarcerated or confined mental patients endure such cruel treatment.·

Your Plaintiff would also show this Court that, minutes upon his release from jail by Justice of the Peace Judge David Garza, on time served, the SBPD permitted [and condoned] Judge David Garza to enter their jailhouse cell area and physically threatened Your Plaintiff's life [to kill] in the presence of two (2) corrupted SBPD officers and another prisoner [as these officers stood by, allowed, condoned and witnessed the ordeal] and warned Your Plaintiff, to the effect that, if he did not stayed out of his precinct, county and/or jurisdiction, that he would have Your Plaintiff "physically hurt" and/or arrested on trumped-up charges.

The two (2) San Benito Police Officers did not intervene and absolutely took no positive action in order to prevent the assault by threat nor did they report this incident to their superior · After Your Plaintiff reported this incident to Richard E. Clark, Jr., Chief of Police. he too refused to take immediate legal action in order to ensure that this matter be properly reported and investigated by the appropriate authorities.

Furthermore, Your Plaintiff would show that the SBPD failed to abide by city council policy(s). departmental rules, regulations and guidelines established for compliance with standards for accreditation of police agency(s), Texas Jail Commission [i.e., processing a criminal complaint report on David Garza, immediately ordering an internal affairs investigation, condoned judicial & police misconduct, abuse, care & protection of prisoners, professionalism & ethics, obstruction to the administration of justice, etc.].

Furthermore, Your Plaintiff would show this Court that the San Benito Police Department Internal Affairs Division, continually harassed, intimidated and accused Your Plaintiff of fabricating his complaints, and pressured Your Plaintiff to withdraw his complaints. In addition, Your Plaintiff was threatened with criminal charges if the results of their internal investigation proved otherwise.

**NO RELIEF WAS OBTAINED** from the SBPD due to internal political corruption and cover-up(s).

This conspiracy to defraud your Plaintiff of his legal rights within the justice system is unethical, illegal and a disgrace and dishonor to the law enforcement profession.

IT IS THEREFORE REQUESTED BY YOUR PLAINTIFF, THAT, FOR THE DEFENDANTS' ROLE IN SAID CIVIL NEGLIGENCE OF LEGAL JURISPRUDENCE, BLATANT

DISREGARD OF THE LAW, ABUSE OF POWER, UNPROFESSIONAL AND UNETHICAL
BEHAVIOR UNBECOMING LAW ENFORCEMENT AND JUDICIAL OFFICIALS, THAT A
DIRECTIVE TO SAID DEFENDANTS BE ISSUED BY THIS COURT ORDERING A
FORMAL AND WRITTEN APOLOGY TO YOUR PLAINTIFF AND THIS COURT FOR
REASONS STATED HEREIN.


### III.


Your Defendants *DO NOT* have a *meritorious defense* to this suit.

The Defendants' flagrant, willful and intentional breach of civil law proximately caused all the
irreversible and irreparable harm and damages suffered by Your Plaintiff.


### IV.


As a result of the aforementioned incident, Plaintiff, has suffered severe psychological pain,
stress and mental anguish in the past and in all probability will cause him to suffer much distress,
embarrassment, humiliation and mental anguish for years to come. In addition, Plaintiff has
suffered loss days of work, medical expenses, attorney fees, related personal & miscellaneous
expenses and time & energy while acting as his own attorney, all as a direct and proximate result
of the injuries complained of herein.

Plaintiff would show this Court that, prior to the incarceration in question, he enjoyed a sound
working relationship and/or reputation with his employer and the community.

Your Plaintiff would further show this Court that, prior to the incarceration in question, his
physical and psychological health were stable. However, the Plaintiff's physical disabilities
[post-poliomyelitis and related leg, hip & spine deformities, paralysis and chronic muscle & bone
deterioration] were further exacerbated during imprisonment as a direct result of numerous life
threatening, physical and psychological abuses Your Plaintiff was forced to endure and suffer
while in the hands of Judge David Garza and the city police department.


### V.


The Defendants have cost your Plaintiff thousands of dollars in pursuing justice through the
judicial and non-judicial administrative system as a direct result of the subsequent harm suffered.

The emotional stress, pain and physical illness which the Defendants have made your Plaintiff suffer is unconscionable and irreparable.

The Defendants' malicious actions and severe negligence proximately caused your Plaintiff to suffer undue emotional distress, psychological pain & scarring, bodily injuries and related monetary losses and damages.

In addition, your Plaintiff would further show that your Defendants, out of personal malice, hate and spite, conspired to injure your Plaintiff by acting in *BAD FAITH*, misconstruing the facts and substituting innuendo for the truth and were, therefore, *flagrant in judgment, discretion and performance*; indifference's leading to the deprivation of constitutional rights to life, liberty and the pursuit of happiness [life and bodily integrity].


## VI.


The wrongful actions, herein complained of, constitute a vicious, malicious, egregious, deliberate indifferent, intentional, outrageous and capricious violation of Your Plaintiff's legal rights; and obviously, *outside the course and scope of Judge David Garza's official duties*.

Due to the nature of this complaint and petition, this State of Texas official is not protected under state immunity provisions nor other laws & statutes enacted by the State of Texas Legislature, *Tort Claims Act*, to protect state officials.

Moreover, the adverse action taken against Your Plaintiff by said Defendants was made in *BAD FAITH*, and constitutes an inappropriate job activity and obviously, outside the course and scope of the Defendants' official duties.

Therefore, since this state official does not meet the legal test for immunity under state immunity provisions, Your Plaintiff begs this Court to *deny state and/or individual immunity* to said party charged and named in this lawsuit [civil petition].


## VII.


Your Plaintiff has made innumerable, repeated and sincere attempts to communicate with the Defendants to obtain the proper relief, calling Defendants on the telephone/facsimile, making personal visits to the Defendants, and even hiring an attorney to correspond and discuss this matter with the Defendants with the hope of amicably resolving these issues. Despite these diligent and reasonable attempts on the part of the Plaintiff to resolve this matter, the Defendants have acted with actual malice, gross negligence, and/or such flagrant indifference toward the

civil and legal rights of your Plaintiff as would justify exemplary damages and a *DENIAL* of *Change in Venue* by this Court if the Defendants file such motion.

## VIII.

**THEREFORE, IN ACCORDANCE** with the Texas Rules of Civil Procedure, Rules 86 - 87, 257, and 527 - 529, it is so requested, due to immense prejudice against Your Plaintiff in said Cameron County, that Venue in Your Honor's Court is indeed in order because of a combination against your Plaintiff instigated by influential persons, by reasons that Your Plaintiff *cannot be had nor expect a fair and impartial trial and/or hearing* in the Defendant's Precinct, County and/or surrounding Counties.

## IX.

*WHEREFORE PREMISES CONSIDERED,* by reason of the foregoing vicious, malicious and wrongful acts of the Defendants, Your Plaintiff, Jesus Rodriguez, prays that the Defendants, City of San Benito, San Benito Police Department, Ricardo Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police, David Garza et al., be cited in terms of law and be required to appear and answer herein and that upon final trial hereof Plaintiff have and recover of, and from each, of your Defendants his just monetary damages in at least the total sum of TEN MILLION ($10,000,000.00) DOLLARS, in compensatory, punitive and exemplary damages, for which such amount Plaintiff here and now sues, or such higher amount as may be necessary or proper due to the high worth of the Defendants; or in such amount as the Jury shall find him to be entitled, that he recover interest on the amount of such judgement from the day of judgement at the legal rate of twenty (20%) per cent, that he recover his costs of Court in this behalf expended, reasonable attorney fees and that he have such other and further relief, both general and special, in law and in equity, to which he may show himself justly entitled.

*MAY GOD ALMIGHTY'S MERCIES BE WITH US ALL.*

Respectfully Submitted,

Mr. Jesus Rodriguez
Plaintiff/Attorney
2983 Redbird Lane
Huntsville, Texas 77320

SUBSCRIBED AND SWORN BEFORE ME

THIS 4 DAY OF May , 20 01

NOTARY PUBLIC



KAREN M. DENMAN
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 05-10-2003

# AFFIDAVIT OF INABILTIY

May 4, 2001



FILED **4:30** O'CLOCK **P** M
AURORA DE LA GARZA DIST. CLERK

**DEC 2 8 2001**

DISTRICT COURT OF CAMERON COUNTY, TEXAS

District Clerk's Office
Ms. Bernice Coleman, District Clerk
Walker County
301 Courthouse
1100 University Avenue
Huntsville, Texas   77340

Re:  Jesus Rodriguez, Plaintiff v. City of San Benito, San Benito Police Department, Ricardo
     Morado, Gabriel Gonzales, Richard E.  Clark, Jr., David Garza et al., Defendants, In
     State District Court, Huntsville, Walker County, Texas

**TO THE HONORABLE JUDGE OF SAID COURT:**

Here comes **Plaintiff, Jesus Rodriguez,** to this Court to file and register an *Affidavit of Inability*
on the filing costs of this Original Petition.

**IT IS FURTHER DECREED, ADJUDGED AND CERTIFIED BY THIS PLAINTIFF,
JESUS RODRIGUEZ, SAID <u>CAN NOT</u> BEAR AND/OR AFFORD THE COSTS OF THIS
FILING FEES IN ORDER TO PERFECT THIS PETITION AND/OR SUIT.  LET IT BE
KNOWN THAT PLAINTIFF SPEAKS THE TRUTH TO THIS CLAIM AND HE NOW
WISHES TO EXERCISE AND/OR CLAIM HIS LEGAL RIGHT OF THIS *AFFIDAVIT***

*OF INABILITY* STATEMENT.

**Plaintiff prays, begs and seeks justice through the district court system in this cause.**

Respectfully submitted,

*Mr. Jesús Rodriguez*
PLAINTIFF
2983 Redbird Lane
Huntsville, Texas  77320
936/291-0106  Telephone/Facsimile

Citation for Personal Service _ GENERAL _____    Lit. Seq. # 5 \5.01

No. 2001-12-005344-G

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: RICARDO (MAYOR) MORADO                          **LAWSUIT**
    CITY OF SAN BENITO
    485 NORTH SAM HOUSTON
    P.O. BOX 1870
    SAN BENITO, TEXAS 78586

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said        PETITION        was filed on DECEMBER 28, 2001 . A copy of same accompanies this citation.

The file number of said suit being No. 2001-12-005344-G.

The style of the case is:

                    JESUS RODRIGUEZ
                         VS.
             CITY OF SAN BENITO, ET. AL

Said petition was filed in said court by _____ JESUS RODRIGUEZ
(Attorney for          PLAINTIFF          ), whose address is
2983 REDBIRD LANE HUNTSVILLE, TX  77320                      .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 28th day of DECEMBER , A.D. 2001.

                    AURORA DE LA GARZA        , DISTRICT CLERK
                    Cameron County, Texas
                    974 E. Harrison St.
                    Brownsville, Texas 78521
                    _____, Deputy
                    Eloisa Guerrero /eg

R E T U R N   O F   O F F I C E R

Came to hand the __4__ day of __Jan__, __02__, at __800__ o'clock _A_.M., and

executed (~~not executed~~) on the __7__ day of __Jan__, __02__, by delivering to

_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____.

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy          _C. Costa_

Total....... $_____        Sheriff/~~constable~~  _Cameron_  County, TEXAS

Fees paid by:_____    By _____ Deputy

itation for Personal Service   - G RAL          Lit. Seq. # 5 06.01

No. 2001-12-005344-G

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: GABRIEL, GONZALES
    CITY OF SAN BENITO
    485 NORTH SAM HOUSTON
    P.O. BOX 1870
    SAN BENITO, TEXAS 78586

the        DEFENDANT      , GREETING:

        You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said        PETITION      was filed on DECEMBER 28, 2001 . A copy of same accompanies this citation.

The file number of said suit being No. 2001-12-005344-G.

The style of the case is:

                    JESUS RODRIGUEZ
                        VS.
                CITY OF SAN BENITO. ET. AL

Said petition was filed in said court by        JESUS RODRIGUEZ
(Attorney for        PLAINTIFF        ), whose address is
2983 REDBIRD LANE HUNTSVILLE, TX  77320

        The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

        The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

        Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 28th day of DECEMBER , A.D. 2001.

                    AURORA DE LA GARZA        , DISTRICT CLERK
                    Cameron County, Texas
                    E. Harrison St.
                    Brownsville, Texas 78521

                                            , Deputy
                    Eloisa Guerrero

R E T U R N   O F   O F F I C E R

ame to hand the ___4___ day of ___Jan___, ___02___, at ___8:00___ o'clock ___a.m.___, and

xecuted (~~not executed~~) on the ___7___ day of ___Jan___, ___02___, by delivering to

_____ in person a true copy of this Citation,

pon which I endorsed the date of delivery, together with the accompanying copy

f the _____.

ause of failure to execute this citation is: _____

_____

C. Cavtn

EES serving 1 copy

otal....... $_____          Sheriff/~~Constable~~ ___Cameron___ County, TEXAS

ees paid by _____          By ___R E Rob___ _____ Deputy

ORIGINAL

Citation for Personal Service  - GENERAL          Lit. Seq. # 5.007.01

No. 2001-12-005344-G

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: RICHARD E. CLARK, JR.
    SAN BENITO POLICE DEPARTMENT
    143 SOUTH REAGAN STREET
    SAN BENITO, TEXAS 78586

the      DEFENDANT      , GREETING:

You are commanded to appear by filing a written answer to the

586INTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said      PETITION      was filed on DECEMBER 28, 2001 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-12-005344-G.

The style of the case is:

JESUS RODRIGUEZ
VS.
CITY OF SAN BENITO, ET. AL

Said petition was filed in said court by      JESUS RODRIGUEZ
(Attorney for      PLAINTIFF      ), whose address is
2983 REDBIRD LANE HUNTSVILLE, TX  77320                          .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 28th day of DECEMBER , A.D. 2001.

                    AURORA DE LA GARZA      , DISTRICT CLERK
                    Cameron County, Texas
                    E. Harrison St.
                    Brownsville, Texas 78521

                    By                              , Deputy
                    Eloisa Guerrero

R E T U R N   O F   O F F I C E R

Came to hand the _4_ day of _Jan_ , _2002_ at _10:00_ o'clock _A_.M., and

executed (~~not executed~~) on the _7_ day of _Jan_ , _02_ , by delivering to

___Richard E. Clark Jr___ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff Original Petition_ _____ .

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy        ___C Conde___

Total....... $ _45_        Sheriff/~~constable~~ _Cameron_ County, TEXAS

Fees paid by:_____        By _____ Deputy

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK
JAN 1 1 2002
DISTRICT COURT OF CAMERON COUNTY
_____ DEPUTY

ORIGINAL

Citation for Personal Service  - GENERAL                 Lit. Seq. # 5.004.01

No. 2001-12-005344-G

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: DAVID GARZA
    195 EAST ROBERTSON STREET
    SAN BENITO, TEXAS 78586

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on DECEMBER 28, 2001 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-12-005344-G.

The style of the case is:

JESUS RODRIGUEZ
VS.
CITY OF SAN BENITO, ET. AL

Said petition was filed in said court by _____JESUS RODRIGUEZ_____
(Attorney for _____PLAINTIFF_____), whose address is
2983 REDBIRD LANE HUNTSVILLE, TX  77320 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 28th day of DECEMBER , A.D. 2001.

_____AURORA DE LA GARZA_____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____Eloisa D. Guerrero_____, Deputy

Eloisa Guerrero /eg

## RETURN OF OFFICER

Came to hand the _4_ day of _Jan_ , _2002_, at _10:00_ o'clock _A_.M., and

executed (~~not executed~~) on the _7_ day of _Jan_ , _02_ , by delivering to

_____David Garza_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiffs Original Petition_____ .

Cause of failure to execute this citation is: _____

_____

_____ _C Cash_____

FEES serving 1 copy

Total....... $ _45_ _____

Fees paid by:_____

Sheriff/~~constable~~ ___ _Cameron_ ____ County, TEXAS

By _____ Deputy

CAUSE NO. 2001-12-5344-G

| | | |
|---|---|---|
| JESUS RODRIGUEZ | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| DAVID GARZA, et al. | § | |
| **Defendants** | § | 404th JUDICIAL DISTRICT |

### DEFENDANT DAVID GARZA'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant, Cameron County Justice of the Peace David Garza in his official capacity by and through his attorney of record and files this his Original Answer and would show the court as follows:

### I.

### GENERAL DENIAL

Defendant, generally denies each and every, all and singular the allegations set fort in Plaintiff's Original Petition, and demands strict proof by clear and credible evidence thereof.

### II.

Defendant, further asserts as a defense that Plaintiff's claims are barred by the statute of limitations. Plaintiff's petition alleges that the incident complained of occurred on or about May 5, 1999. Plaintiff filed his petition on December 28, 2001, which is more than two years from the date of the occurrence.

### III.

Defendant, further asserts as a defense that he is entitled to judicial immunity for discretionary acts arising from the performance of duties performed in good faith and in his official capacity.

## IV.

Defendant, further asserts as a defense that he is entitled to official immunity for discretionary acts arising from the performance of duties performed in good faith and in his official capacity.

### PRAYER

Wherefore, defendant respectfully requests that:

the plaintiff take nothing by this suit, this court assess costs against plaintiff and grant defendant any and all other relief to which he is entitled.

Respectfully submitted,

CAMERON COUNTY AND DISTRICT ATTORNEY

Yolanda de León
Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520
Telephone: 956/544-0849
Fax:  956/544-0869

BY: _____          #1953
Francisco J. Martinez
Assistant District and County Attorney
Texas State Bar No. 13141900
ATTORNEY FOR THE STATE OF TEXAS

DEFENDANT DAVID GARZA'S ORIGINAL ANSWER
CAUSE NO. 2001-12-5344-G - PAGE 2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Defendant, David Garza's Original Answer has been sent to all counsel of record and parties not represented by counsel by mailing same by United States mail certified return-receipt requested, or via hand delivery, or via fax transmission, on this _____ 18TH _____ day of January, 2002, in conformance with Rule 21 and 21a of the Texas Rules of Civil Procedure.

Mr. Jesus Rodriguez
Plaintiff, Pro Se
2983 Redbird Lane
Huntsville, Texas 77320


Francisco J. Martinez
Assistant District and County Attorney


DEFENDANT DAVID GARZA'S ORIGINAL ANSWER
CAUSE NO. 2001-12-5344-G - PAGE 3

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

JAN 1 8 2002

DISTRICT COURT OF CAMERON COUNTY TEXAS

## VERIFICATION

**STATE OF TEXAS**

**COUNTY OF CAMERON**

Before me, the undersigned Notary Public, on this day personally appeared Francisco J. Martinez, who, after being duly sworn, stated under oath the he has read the original answer above; and that every statement contained in the original answer is true and correct to the best of his knowledge.

Francisco J. Martinez
Assistant District and County Attorney

SUBSCRIBED AND SWORN TO BEFORE ME, on the 18TH day of

January, 2002, to certify which witness my hand and official seal.

Notary Public in and for the State of Texas

My commission expires

DIANA S. GARCIA
Notary Public, State of Texas
My Commission Expires
2-14-2005

DEFENDANT DAVID GARZA'S ORIGINAL ANSWER
CAUSE NO. 2001-12-5344-G - PAGE 4

2001-12-5344-G 404th

### Defendant, David Garza's Original Answer

Comes now, Defendant, Cameron County Justice of the Peace David Garza in his official capacity by and through his attorney of record and files this his Original Answer and would show the court as follows:

### GENERAL DENIAL

#### I.

Defendant generally denies each and every, all and singular the allegations set fort in Plaintiff's Original Petition, and demands strict proof by clear and credible evidence therof.

#### II.

Defendant further asserts as a defense that Plaintiff's claims are barred by the statute of limitations. Plaintiff's petition alleges that the incident complained of occurred on or about May 5, 1999. Plaintiff filed his petition on December 28, 2001, which is more than two years from the date of the occurrence.

#### III.

Defendant, further asserts as a defense that he is entitled to judicial immunity for discretionary acts arising from the performance of duties performed in good faith and in his official capacity

#### IV.

Defendant, further asserts as a defense that he is entitled to official immunity for discretionary acts arising from the performance of duties performed in good faith and in his official capacity

Wherefore, defendant respectfully requests that:

the plaintiff take nothing by this suit, this court assess costs against plaintiff and grant defendant any and all other relief to which he is entitled.

Respectfully submitted,

Certificate of service

Verification Affidavit



COPY

CAUSE NO. 2001-12-5344-G

| | | |
|---|---|---|
| JESUS RODRIGUEZ | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF SAN BENITO, CAMERON | § | |
| COUNTY, TEXAS, SAN BENITO | § | CAMERON COUNTY, TEXAS |
| POLICE DEPARTMENT, DAVID GARZA, | § | |
| RICARDO MORADO, MAYOR, GABRIEL | § | |
| GONZALES, CITY MANAGER, RICHARD | § | |
| E. CLARK, JR., CHIEF OF POLICE, | § | |
| ET AL. | § | 404TH JUDICIAL DISTRICT |

*(stamp:)* JAN 2 3 2002 Eloisa Guerrero DISTRICT COURT OF CAMERON COUNTY, TEXAS

IN THE DISTRICT COURT OF

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **RICARDO MORADO**, *Mayor*, **GABRIEL GONZALEZ**, *former City Manager for the City of San Benito, Texas* and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, Defendants herein, and file this their Original Answer to Plaintiff's Original Petition, and for such Answer would respectfully show unto the Court the following:                                    **I.**

### SPECIAL EXCEPTIONS

(A)    Defendants specially except to Paragraph II and the entirety of Plaintiff's Original Petition, on the basis that Plaintiff alleges these Defendants committed certain acts of negligence and malice against Plaintiff on or about May 5, 1999, for which he filed this suit on December 28, 2001, on the basis that Plaintiff has failed to identify how he filed this lawsuit within the applicable two (2) year statute of limitations period.

(B)　Defendants **RICARDO MORADO**, *Mayor*, **GABRIEL GONZALEZ**, *former City Manager for the City of San Benito, Texas* and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, specially except to the entirety of Plaintiff's Original Petition, on the basis that Plaintiff has failed to specify a viable cause of action against these Defendants, notwithstanding their entitlement to official or qualified immunity for all claims raised therein.

(C)　Defendants **RICARDO MORADO**, *Mayor*, **GABRIEL GONZALEZ**, *former City Manager for the City of San Benito, Texas* and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, specially except to Paragraphs V, VII, IX and the entirety of Plaintiff's Original Petition, wherein Plaintiff appears to assert a claim for gross negligence, malice, and entitlement to punitive or exemplary damages, on the basis that Plaintiff has failed to identify any actions allegedly committed by any individual Defendant that would meet the legal requirement of malice or gross negligence sufficient to entitle Plaintiff to punitive or exemplary damages herein.

(D)　Defendants **RICARDO MORADO**, *Mayor*, **GABRIEL GONZALEZ**, *former City Manager for the City of San Benito, Texas* and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, specially except to Paragraph V and the entirety of Plaintiff's Original Petition, wherein Plaintiff appears to assert a claim for deprivation of constitutional rights, on the basis that Plaintiff has failed to identify how he may maintain an action for damages arising from an alleged constitutional deprivation, notwithstanding the

restrictions of *City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1995), which provides that there is no implied private right of action for damages arising under the Texas Constitution.

Defendants **RICARDO MORADO**, *Mayor*, **GABRIEL GONZALEZ**, *former City Manager for the City of San Benito, Texas* and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, would therefore request that upon notice and hearing, that this Court grant the above Special Exceptions and order Plaintiff to replead in conformity with the Special Exceptions listed herein, and if Plaintiff is unable to so replead, that this Court dismiss each of such claims or causes of action against theses Defendants on which he is unable to do so.

## II.

## GENERAL DENIAL

Defendants **RICARDO MORADO**, *Mayor*, **GABRIEL GONZALEZ**, *former City Manager for the City of San Benito, Texas* and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demand strict proof thereof at the trial of this cause.

## III.

## AFFIRMATIVE DEFENSES

Defendants **RICARDO MORADO**, *Mayor*, **GABRIEL GONZALEZ**, *former City Manager for the City of San Benito, Texas* and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, still urging and relying on the matters hereinabove alleged, by way of further answer, if any need there be, further allege by way of affirmative defenses the following:

(1)    Plaintiff cannot recover, directly or indirectly, from Defendants **RICARDO MORADO**, Mayor, **GABRIEL GONZALEZ**, *former City Manager for the City of San Benito, Texas* and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, because of their entitlement to qualified or official immunity;

(2)    Should it be determined that the Texas Tort Claims Act does apply to Plaintiff's claims, Defendants **RICARDO MORADO**, *Mayor*, **GABRIEL GONZALEZ**, *former City Manager for the City of San Benito, Texas* and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, would invoke the statutory limit on damages contained in such Act;

(3)    Plaintiff cannot recover, directly or indirectly, from Defendants **RICARDO MORADO**, *Mayor*, **GABRIEL GONZALEZ**, *former City Manager for the City of San Benito, Texas* and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, following the entry of any judgment or settlement involving Defendant City of San Benito, pursuant to Texas Civil Practice and Remedies Code §101.106;

(4)    Plaintiff cannot recover, directly or indirectly, from Defendants **RICARDO MORADO**, *Mayor*, **GABRIEL GONZALEZ**, *former City Manager for the City of San Benito, Texas* and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, for any alleged violations of the Texas Constitution, on the basis that such claims are barred, as set out in *City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1995);

(5)    In the alternative, Defendants **RICARDO MORADO**, *Mayor*, **GABRIEL GONZALEZ**, *former City Manager for the City of San Benito, Texas* and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, would assert that the Plaintiff, Jesus Rodriguez, had the last clear chance to avoid the incident upon which Plaintiff's claims are based, and that the Plaintiff's negligence caused the injuries made the basis of Plaintiff's cause of action, and not any negligence on the part of these Defendants;

(6)    Any loss or damages sustained by the Plaintiff at the time and place, and on the occasion, mentioned in Plaintiff's Original Petition were caused in whole or in part, or contributed to, by the negligence of the Plaintiff, Jesus Rodriguez, and not by any negligence or fault or want of care on the part of these Defendants, and these Defendants invoke the Doctrine of Comparative Responsibility; and,

(7)    In the alternative, Defendants **RICARDO MORADO**, *Mayor*, **GABRIEL GONZALEZ**, *former City Manager for the City of San Benito, Texas* and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, would show that the Plaintiff's injuries and damages alleged were caused in whole or in part, or contributed to, by the negligence, fault or want of care of parties, persons or instrumentalities over whom these Defendants exercised no control and for whose acts these Defendants are not under the law responsible.

## IV.

Without waiving the foregoing General Denial and Special Exceptions, but still insisting upon the same, for further answer if any be necessary, and as separate defenses, Defendants **RICARDO MORADO**, *Mayor*, **GABRIEL GONZALEZ**, *former City Manager for the City of San Benito, Texas* and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, reserve the right to file any and all cross-actions, third-party actions, counter claims, motions, and discovery as they may deem proper.

WHEREFORE, PREMISES CONSIDERED, Defendants **RICARDO MORADO**, *Mayor*, **GABRIEL GONZALEZ**, *former City Manager for the City of San Benito, Texas* and **RICHARD E. CLARK, JR.**, *Chief of Police for the San Benito Police Department*, pray that upon final trial and hearing hereof that they have judgment on their behalf, together with costs, that Plaintiff go hence without day, and that Defendants have such other and further relief, both special and general, at law and in equity, to which they may show themselves to be justly entitled.

Signed on this the _23rd_ day of January, 2002.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas  78520
Telephone    :  (956) 504-1100
Facsimile    :  (956) 504-1408


By: _____
J. Arnold Aguilar
State Bar No. 00936270

Attorney for Defendants
**RICARDO MORADO,** *Mayor,* **GABRIEL**
**GONZALEZ,** *former City Manager for the City of*
*San Benito, Texas* and **RICHARD E. CLARK, JR.,**
*Chief of Police for the San Benito Police Department,*


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS'**
**ORIGINAL ANSWER** has on this the _23rd_ day of January, 2002, been forwarded via
certified mail, return receipt requested to:


Mr. Jesus Rodriguez
2983 Redbird Lane
Huntsville, TX  77320


_____
J. Arnold Aguilar

v:fp\answers\257-02.ans                                                    PAGE 6



CAUSE NO. 2001-12-5344-G

| | | |
|---|---|---|
| JESUS RODRIGUEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| CITY OF SAN BENITO, CAMERON | § | |
| COUNTY, TEXAS, SAN BENITO | § | CAMERON COUNTY, TEXAS |
| POLICE DEPARTMENT, DAVID GARZA, | § | |
| RICARDO MORADO, MAYOR, GABRIEL | § | |
| GONZALES, CITY MANAGER, RICHARD | § | |
| E. CLARK, JR., CHIEF OF POLICE, | § | |
| ET AL. | § | 404TH JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT**, Defendants herein, and file this their Original Answer to Plaintiff's Original Petition, and for such Answer would respectfully show unto the Court the following:

## I.

## SPECIAL EXCEPTIONS

(A)    Defendants specially except to Paragraph II and the entirety of Plaintiff's Original Petition, on the basis that Plaintiff alleges these Defendants committed certain acts of negligence and malice against Plaintiff on or about May 5, 1999, for which he filed this suit on December 28, 2001, on the basis that Plaintiff has failed to identify how he filed this lawsuit within the applicable two (2) year statute of limitations period.

(B)     Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT**, specially except to the entirety of Plaintiff's Original Petition, on the basis that Plaintiff has failed to allege or establish any basis for liability against these Defendants, notwithstanding their entitlement to sovereign immunity for all claims raised herein.

(C)     Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT**, specially excepts to Paragraphs II, IV, V, VI and the entirety of Plaintiff's Original Petition, wherein Plaintiff alleges certain acts of negligence and malice, on the basis that Plaintiff has failed to identify how he may maintain an action for such claims against these Defendants, notwithstanding the restrictions of the Texas Tort Claims Act.

(D)     Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT**, specially except to Paragraphs V, VII, IX and the entirety of Plaintiff's Original Petition, wherein Plaintiff asserts a claim for gross negligence, malice and entitlement to punitive or exemplary damages, on the basis that Plaintiff has failed to identify how he may maintain such a claim against these Defendants, notwithstanding the restrictions of Texas Civil Practice & Remedies Code §§101.057 & 101.024.

(E)     Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT**, specially except to Paragraph V and the entirety of Plaintiff's Original Petition, wherein Plaintiff appears to assert a claim for deprivation of constitutional rights, on the basis that Plaintiff has failed to identify how he may maintain an action for damages arising

v:\fp\answers\257-02.cty                                      PAGE 2

from an alleged constitutional deprivation, notwithstanding the restrictions of *City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1995), which provides that there is no implied private right of action for damages arising under the Texas Constitution.

Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT** would therefore request that upon notice and hearing, that this Court grant the above Special Exceptions and order Plaintiff to replead in conformity with the Special Exceptions listed herein, and if Plaintiff is unable to so replead, that this Court dismiss each of such claims or causes of action against theses Defendants on which he is unable to do so.

## II.

## GENERAL DENIAL

Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT** deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demand strict proof thereof at the trial of this cause.

## III.

## AFFIRMATIVE DEFENSES

Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT**, still urging and relying on the matters hereinabove alleged, by way of further answer, if any need there be, further allege by way of affirmative defenses the following:

(1)    Plaintiff cannot recover, directly or indirectly, from Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT**, because of the doctrine of sovereign immunity;

(2)     Plaintiff cannot recover, directly or indirectly, from Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT**, because the Texas Tort Claims Act does not allow Plaintiff's claims, and these Defendants' sovereign immunity has not been waived;

(3)     Plaintiff cannot recover, directly or indirectly, from Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT** because of the entitlement of the individual Defendants herein to official immunity;

(4)     In the alternative, if it is determined that the Texas Tort Claims Act does apply to Plaintiff's claims, Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT** hereby invoke the statutory limit on damages contained in the Act;

(5)     Plaintiff cannot recover, directly or indirectly, from Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT**, for any alleged violations of the Texas Constitution, on the basis that such claims are barred, as set out in *City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1995);

(6)     In the alternative, Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT**, would assert that the Plaintiff, Jesus Rodriguez, had the last clear chance to avoid the incident upon which Plaintiff's claims are based, and that the Plaintiff's negligence caused the injuries made the basis of Plaintiff's cause of action, and not any negligence on the part of these Defendants;

(7)     Any loss or damages sustained by Plaintiff at the time and place, and on the occasion, described in Plaintiff's Original Petition, were caused in whole or in part, or contributed to, by the negligence of Plaintiff, and not by any negligence or fault or want of care on the part of Defendants, and Defendants invoke the doctrine of comparative responsibility; and,

(8)     In the alternative, Defendants **CITY OF BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT**, would show that the Plaintiff's alleged injuries and damages were caused, in whole or in part, or contributed to, by the negligence, fault, or want of care of parties, persons, or instrumentalities over whom Defendants exercised no control and for whose acts these Defendants are not under the law responsible.

Without waiving the foregoing special exceptions, general denial and affirmative defenses, but still insisting on same, for further answer, if any need be necessary, and as separate defenses, Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT** reserve the right to file any and all cross-actions, third-party actions, counterclaims, motions, verified denials, and discovery as they may deem proper.

WHEREFORE, PREMISES CONSIDERED, Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT** pray that upon final trial and hearing hereof that they have judgment on their behalf, together with costs, that Plaintiff go hence without day, and that Defendants have such other and further relief, both special and general, at law and in equity, to which they may show themselves to be justly entitled.

Signed on this the 4th day of February, 2002.

Respectfully submitted,

**LAW OFFICE
J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone    :  (956) 504-1100
Facsimile    :  (956) 504-1408

By: _____
J. Arnold Aguilar
State Bar No. 00936270

Attorney for Defendants,
CITY OF SAN BENITO, TEXAS and the
SAN BENITO POLICE DEPARTMENT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS'
ORIGINAL ANSWER** has on this the 4th day of February, 2002, been forwarded via certified
mail, return receipt requested to:


Mr. Jesus Rodriguez
2983 Redbird Lane
Huntsville, TX  77320


J. Arnold Aguilar

CAUSE NO. 2001-12-5344-G

| | | |
|---|---|---|
| JESUS RODRIGUEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| CITY OF SAN BENITO, CAMERON | § | |
| COUNTY, TEXAS, SAN BENITO | § | CAMERON COUNTY, TEXAS |
| POLICE DEPARTMENT, DAVID GARZA, | § | |
| RICARDO MORADO, MAYOR, GABRIEL | § | |
| GONZALES, CITY MANAGER, RICHARD | § | |
| E. CLARK, JR., CHIEF OF POLICE, | § | |
| ET AL. | § | 404TH JUDICIAL DISTRICT |

---

### ORDER ON DEFENDANTS' SPECIAL EXCEPTIONS

---

On this the __14TH__ day of __March__, 2002, came on to be considered Defendants **CITY OF SAN BENITO, TEXAS** and the **SAN BENITO POLICE DEPARTMENT**'s Special Exceptions. After considering the same, the Court is of the opinion that Plaintiff Jesus Rodriguez should amend his Original Petition to meet Defendants CITY OF SAN BENITO, TEXAS and the SAN BENITO POLICE DEPARTMENT as follows:

| | | |
|---|---|---|
| Special Exception A | Granted __✓__ | Denied ____ |
| Special Exception B | Granted __✓__ | Denied ____ |
| Special Exception C | Granted __✓__ | Denied ____ |
| Special Exception D | Granted __✓__ | Denied ____ |
| Special Exception E | Granted __✓__ | Denied ____ |

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Plaintiff Jesus Rodriguez amend his Original Petition in accordance with these special exceptions by __April 3__, 2002, to meet Defendants CITY OF SAN BENITO, TEXAS and the SAN BENITO POLICE DEPARTMENT's special exceptions.

SIGNED FOR ENTRY on this the __4th__ day of __March__, 2002.

_____
JUDGE PRESIDING

FILED
____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

MAR 1 4 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
____ DEPUTY

# IN THE STATE OF TEXAS

# STATE DISTRICT COURT

# 404TH JUDICIAL DISTRICT COURT

# IN

# CAMERON COUNTY, TEXAS

### CAUSE NO. 2001-12-5344-G

| | | |
|---|---|---|
| JESUS RODRIGUEZ | < > | |
| Plaintiff | < > | |
| | < > | |
| | < > | |
| v. | < > | PLAINTIFF'S FIRST |
| | < > | AMENDED ORIGINAL |
| | < > | PETITION |
| CITY OF SAN BENITO, CAMERON COUNTY, TEXAS, | < > | |
| SAN BENITO POLICE DEPARTMENT, | < > | SPECIAL EXCEPTIONS |
| DAVID GARZA, RICARDO MORADO, MAYOR, | < > | |
| GABRIEL GONZALES, CITY MANAGER, | < > | |
| RICHARD E. CLARK, JR., CHIEF OF POLICE ET AL. | < > | |
| Defendants | < > | |

# *PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION*

# *SPECIAL EXCEPTIONS*

*TO THE HONORABLE JUDGE OF SAID COURT:*

Comes now, Jesus Rodriguez, hereinafter called Plaintiff, and files this his *First Amended Original Petition [Special Exceptions]*, and *Motion for Change in Venue*, complaining of the City of San Benito, San Benito Police Department, Ricardo Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police, David Garza et al., of San Benito, Cameron County, Texas, hereinafter called the Defendants and for cause of action(s) would respectfully show the Court the following:

## I.

### ACKNOWLEDGMENTS

Jesus Rodriguez, Your Plaintiff, is an individual, professional educator and twenty-three (23) year veteran employee of the Texas Department of Criminal Justice, and resident of Walker County, Texas.

The Defendants, City of San Benito, San Benito Police Department, Ricardo Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police, David Garza et al., of San Benito, Cameron County, Texas, are entities of Municipal and/or City government, duly organized, chartered and/or established under municipality laws and those of the State of Texas, and sole individuals who maintain their principal offices of business in San Benito, Cameron County, Texas.

## II.

### CAUSE OF ACTION AND LEGAL FOUNDATIONS

Plaintiff will show, as cause of action, that the Defendants violated the Texas Torts Claims Act; Texas Constitution. Id. at 149; Texas Bill of Rights; Texas Civil Practice and Remedies Code, Title 5. Governmental Liability. Chapter 101. Tort Claims, Subchapter B. Tort Liability of Governmental Units, Sections 101.021, 101.0215 and 101.023; Chapter 103. Compensation to Persons Wrongfully Imprisoned; Texas Civil Practice and Remedies Code Annotated, Section 101.025 (Vernon 1986); 42 Civil Rights. Chapter 21, Subchapter 1 Generally. 42 U.S.C. Section 1981; 42 U.S.C. Section 1983; 42 U.S.C. Section 1985; 28 U.S.C. Section 1343; Public Law 101-336; Title I of the Americans with Disabilities Act of 1990, as amended in 1992; Texas

Commission on Human Rights Act; U. S. Constitution's Fourteenth Amendment Equal Protection Clause, Due Process Clause; Attorney's Fees Awards Act of 1976, as amended by the Civil Rights Act of 1991; 706(g) of the Civil Rights Act of 1964.

## III.

### STATUTE OF LIMITATION ISSUES

### SPECIAL EXCEPTIONS A

Plaintiff originally filed his complaint in Huntsville, Walker County, Texas, on or about May 4, 2001, prior to the two (2) year statute of limitations having expired.

The complaint was filed in Walker County, Texas, because of immense prejudice against the Plaintiff in Cameron County, by reasons that the Plaintiff felt that he *could not be had nor expect a fair and impartial trial and/or hearing* in the Defendants' Precinct, County and/or surrounding Counties,

The Plaintiff exercised prudence and due diligence in the filing of his complaint and service of citation as prescribed by law.

However, as a result of several court hearings and decisions by the judge in Walker County, this lawsuit was denied *Venue* in Walker County, and released to be filed in a proper *venue*.

As a direct result of certain medical related physical & stressful illnesses, decisions and actions by said court, beyond the control of Plaintiff, Plaintiff was not able and/or permitted to re-file the lawsuit in question in Cameron County until on or about December 28, 2001.

Please refer to the court file and records in the district clerk's office, original petition and supplemental, certified or official court papers filed from the State Judicial District Court in Walker County, Texas.

## IV.

## MOTION FOR CHANGE IN VENUE

In accordance with the Texas Rules of Civil Procedure, Rules 86 - 87, 257, and 527 - 529, it is so requested, due to immense prejudice against Your Plaintiff in said Cameron County, that Venue in said County is not proper due to a combination against the Plaintiff instigated by influential persons, by reasons that the Plaintiff *can not be had nor expect a fair and impartial trial and/or hearing* in the Defendants' Precinct, County and/or surrounding Counties.

## V.

## ADMINISTRATIVE REMEDIES EXHAUSTED

Furthermore, Plaintiff exhausted all the non-judicial and administrative remedies, due process hearings and other grievance proceedings afforded to a complainant. *Pedraza v. Tibbs, 826 S.W.2d 695, 698-99 (Tex.App.----Houston [1st Dist.] 1992, writ dism'd w.o.j.); Birdo v. Schwartzer 883 S.W.2d 386 (Tex.App. 10th Dist.) 1994.*

## VI.

## STATE AND FEDERAL IMMUNITY ISSUES

## SPECIAL EXCEPTIONS B, E

Due to the nature of this complaint, these City of San Benito and State of Texas governmental entities, agencies and sole individuals are not protected under city, state or federal sovereign immunity and "tort immunity clause" provisions, including state and federal civil rights statutes.

Such *intentional, flagrant, malicious, egregious, capricious and blatant acts of malice* by governmental entities, administrators and employees which clearly fall *outside the course and scope of the Defendants' employment* are not protected under the sovereign immunity clause pursuant to common law; nor do these governmental entities and individuals meet the legal test for immunity and other laws & statutes enacted by the State of Texas Legislature, Tort Claims Act. Therefore, this Court must *rightfully deny state and individual immunity* to said parties.

Sovereign immunity does not bar claims against individual city or state employees. Neither qualified immunity nor quasi-judicial immunity shields individual defendants from suit as a matter of law. In this case, the defendants performed discretionary functions in bad faith and outside the course and scope of governmental employment authority. Moreover, sovereign immunity actions of governmental units fall within waiver of immunity set forth by the Texas Tort Claims Act for personal injury. *Harrison v. Texas Department of Criminal Justice-Institutional Division, 915 S.W.2d 882 (Tex.App.——Houston [1st Dist.] 1995)*.

Plaintiff's pleadings, without more development of the factual basis pled [in concise language] sufficient facts to comply with state pleading requirements necessary to negate immunity for the defendants in governmental immunity cases. Plaintiff's non-frivolous allegations are sufficient to negate official immunity. *Carpenter v. Barner, 797 S.W.2d 99, 101 (Tex.App.----Waco) 1990, writ denied; Birdo v. Dubose, 819 S.W.2d 215 (Tex.App.----Waco) 1991, no writ.*

Furthermore, actions may be maintained against city and state officials in their personal capacities under federal civil rights statutes. *42 U.S.C.A. Section 1983; Harrison v. Texas Department of Criminal Justice-Institutional Division, 915 S.W.2d 882 (Tex.App.——Houston [1st Dist.] 1995).*

*Heightened immunity* pleading requirements are not required in state, as are in federal courts. *Texas Rules of Civil Procedure, Rule 45(b); Elliot v. Perez, 751 F.2d 1472, 1476-82 (5th Cir. 1985); Birdo v. Dubose, 819 S.W.2d 212, 214 (Tex.App.----Waco) 1991, no writ; Johnson v. Lynaugh, 766 S.W.2d 393 (Tex.App.----Tyler) 1989, writ denied, 796 S.W.2d 705 (Tex. 1990).*

The willful breach of policy and procedure and severe negligent acts of the SBPD and its administrators, according to Plaintiff's pleadings, were indeed *intentional, egregious, deliberate indifferent, outrageous and an inappropriate job activity which clearly fell outside the course and scope of the Defendants' employment with the City of San Benito*; and which led to Plaintiff's *arrest*, medical, physical and psychological [intentional affliction of pain, mental anguish, emotional distress, etc.], complications and damages. Furthermore, these intentional acts of malice were made in retaliation to prior complaints filed by the Plaintiff against Justice of the Peace Judge David Garza and Mr. Adolfo Cordova, Attorney at Law. *DeLeon v. Hernandez, 814 S.W.2d 531, 533 (Tex.App.----Houston [14th Dist.] 1991, no writ); Onnette v. Reed, 832 S.W.2d 450 (Tex.App.----Houston [1st Dist.] 1992.*

City of San Benito officials *intentionally & knowingly were flagrant in negligence and/or exhibited such gross indifference leading to the deprivation of Plaintiff's constitutional rights to life, liberty and the pursuit of happiness [life and bodily integrity] and, were, therefore, flagrant in judgment, discretion [Bad Faith] and performance*. The doctrine of sovereign immunity does not give individuals, city, state or federal officials the right to abuse and violate their protected status at the cost of depriving citizens of their constitutional and legal rights. *City of Beaumont v. Bouillion, 896 S.W.2d 143 (Tex. 1995).*

Therefore, since these City of San Benito and State of Texas agency(s) and sole individuals do

not meet the legal test for immunity under state or federal sovereign immunity provisions, Your Plaintiff begs this Court to *deny city, state, federal and individual immunity* to said parties charged and named in this complaint.


## VII.


## TEXAS TORTS CLAIMS ACT

## SPECIAL EXCEPTIONS C, D, E


By reason of the malicious and wrongful acts of the Defendants [Human and Civil Rights Violations, Judicial & Law Enforcement Misconduct and Corruption, Abuse, Breach/Disregard of the Law, Acts of Conspiracy, Fraud, Abuse of Power, Obstruction to the Administration of Justice and Assault by Threat], your Plaintiff will show that it has become necessary to file this civil litigation [lawsuit] because of an incident(s) which occurred on or about May 5, 1999.

Plaintiff would show, as cause of action, that on such dates, Defendants, *all inclusive,* (1) endangered Plaintiff's life which could have proven fatal, (2) caused Plaintiff to suffer physical back pain and injury, (3) intentional cover-up of the evidence, (4) falsely detained and imprisoned the Plaintiff without just cause, due process, (5) violated Plaintiff's civil rights pursuant to the Texas Bill of Rights, Civil Rights Act of 1964, as amended in 1991, and the U. S. Constitution's Fourteenth Amendment Equal Protection Clause, Due Process Clause, and (6) did not comport, adhere and/or confirm to their job descriptions and/or job duties. *Texas Civil Practice and Remedies Code, Title 5. Governmental Liability. Chapter 101. Tort Claims, Subchapter B. Tort Liability of Governmental Units, Sections 101.021, 101.0215 and 101.023; Texas Civil Practice and Remedies Code Annotated, Section 101.025 (Vernon 1986); Chapter 103. Compensation to Persons Wrongfully Imprisoned.*

The City of San Benito Police Department et al., used its government owned property [jail employees/officers/officials/iron wrought bed as *deadly weapons* to inflict medical, physical, mental, emotional pain & suffering, which could have resulted fatal, upon the Plaintiff. In addition, they permitted or condoned an outside state official, in Judge David Garza, to enter there jail to harass, intimidate, inflict mental anguish and warn of terroristic life threatening injuries against the Plaintiff.

Plaintiff intends to prove these tort claims through the use of police department records, documents and numerous witnesses who have firsthand knowledge of this incident(s).

Your Plaintiff would show that on the occasion in question, Justice of the Peace Judge David Garza, of Precinct 3, Place 2, in San Benito, Cameron County, Texas, exercised a willful abuse of power and unethical behavior unbecoming a judge.

Your Plaintiff would further show that on the occasion in question, Justice of the Peace David Garza, acted with malice, aforethought, engaged in vigilante tactics, and along with San Benito Police Department Officials, targeted a malicious vendetta against Your Plaintiff for **seeking justice** in his Court; and, as a direct result, in a Small Claims Court matter, entered a default judgment against Your Plaintiff on or about May 5, 1999.

In addition, Judge David Garza viciously and maliciously had your Plaintiff unlawfully [abuse of power] arrested for *contempt of court,* while exiting said judge's office, when your Plaintiff requested court documentation and/or an excuse letter for his employer, as he was instructed to do.

Your Plaintiff would further show this Court that, while in custody, Your Plaintiff was placed in a cell with no lavatory and **forced** to lie down on an iron, cross metal mesh [like laying on nails] bed with no type of mattress, blanket(s) and/or pillow. The Defendants repeatedly denied your Plaintiff these items when he requested them. The Defendants advised Your Plaintiff that he could not have these bed accessories because I would attempt to commit suicide [in the absence of a psychological suicide profile] and that they used this strategy as a **deterrent and punishment** in order to keep people from committing future crimes and returning to jail. The following day, Your Plaintiff confronted Richard E. Clark, Jr., Chief of Police, with this practice or allegation of inflicting physical punishment and mental abuse on his prisoners, and without hesitation, Chief Clark acknowledged this practice of physical, emotional, mental, and medical abuse as fact.

Your Plaintiff was also denied use of a telephone, water, food and medical attention for his physical disabilities [post-poliomyelitis and related leg, hip & spine deformities, paralysis and chronic muscle & bone deterioration]. In addition, Your Plaintiff [and another prisoner] was subjected to ridicule and abusive language and was threatened with numerous other false and trumped-up charges if Your Plaintiff did not "behave".

As a proximate result of these events, Your Plaintiff endured these tormenting conditions for nine (9) long, hellish hours. This particular cases of psychological and physical abuse [cruel and unusual punishment] are the result of a vicious, malicious, corrupted and abusive SBPD. Not even hard criminals, state prison convicts and/or incarcerated or confined mental patients endure such cruel treatment.

Your Plaintiff would also show this Court that, minutes upon his release from jail by Justice of the Peace Judge David Garza, on time served, the SBPD permitted [and condoned, endangerment of human life, obstruction to the administration of justice] Judge David Garza to enter their jailhouse cell area and physically threatened Your Plaintiff's life [to kill] in the presence of two (2) corrupted SBPD officers and another prisoner [as these officers stood by, allowed, condoned and witnessed the ordeal] and warned Your Plaintiff, to the effect that, if he did not stayed out of his precinct, county and/or jurisdiction, that he would have Your Plaintiff "physically hurt" and/or arrested on trumped-up charges.

The two (2) San Benito Police Officers did not intervene and absolutely took no positive action

in order to prevent the assault by threat nor did they report this incident to their superior. After Your Plaintiff reported this incident to Richard E. Clark, Jr., Chief of Police, he, too, refused to take immediate administrative and legal action in order to ensure that this matter be properly reported and investigated by the appropriate authorities.

Your Plaintiff will show this Court that Judge David Garza, against the law, took the Plaintiff's witness hostage [false imprisonment and/or detainment], against her will, in his office, and did not release her until he was through harassing, intimidating and chastising her. The witness informed Your Plaintiff that Judge Garza threatened to "hurt" and/or arrest Your Plaintiff if he ever saw [the Plaintiff] in his jurisdiction and/or San Benito again.

My witness, Ms. Maria Hilda Garcia, as Your Plaintiff will show this Court, also revealed to the Plaintiff that Judge David Garza demonstrated a serious grudge over the result of their failed *personal relationship;* as he was *in love* with her in years past, but that she never returned the favor. She informed Your Plaintiff that Judge Garza became resentful of her because of her unwillingness to enter into a *sexual relationship* with him.

As a result, Justice of the Peace Judge David Garza, **was formally reprimanded, disciplined and sanctioned by the Texas State Commission on Judicial Conduct** on April of 2000, for his role in criminal and civil negligence of legal jurisprudence, blatant disregard of the law, abuse of power, unprofessional and unethical behavior unbecoming that of a Justice of the Peace.

In addition, Your Plaintiff would show that the SBPD failed to abide by city council policy(s), departmental rules, regulations and guidelines established for compliance with standards for accreditation of police agency(s), Texas Jail Commission [i.e., processing a criminal complaint report on David Garza, immediately ordering an internal affairs investigation, condoned judicial & police misconduct, abuse, care & protection of prisoners, professionalism & ethics, obstruction to the administration of justice, etc.].

Furthermore, Your Plaintiff would show this Court that the San Benito Police Department Internal Affairs Division, continually harassed, intimidated and accused Your Plaintiff of fabricating his complaints, and pressured Your Plaintiff to withdraw his complaints. In addition, Your Plaintiff was threatened with criminal charges if the results of their internal investigation proved otherwise.

The willful breach of policy and procedure and severe negligent acts of the SBPD and its administrators, according to Plaintiff's pleadings, were indeed *intentional, egregious, deliberate indifferent, outrageous and an inappropriate job activity which clearly fell outside the course and scope of the Defendants' employment with the City of San Benito*; and which led to Plaintiff's *arrest*, medical, physical and psychological [intentional affliction of pain, mental anguish, emotional distress, etc.], complications and damages. Furthermore, these intentional acts of malice were made in retaliation to prior complaints filed by the Plaintiff against Justice of the Peace Judge David Garza and Mr. Adolfo Cordova, Attorney at Law. *DeLeon v. Hernandez, 814 S.W.2d 531, 533 (Tex.App.----Houston [14th Dist.] 1991, no writ); Onnette v. Reed, 832 S.W.2d 450 (Tex.App.----Houston [1st Dist.] 1992.*

City of San Benito officials *intentionally & knowingly were flagrant in negligence and/or exhibited such gross indifference leading to the deprivation of Plaintiff's constitutional rights to life, liberty and the pursuit of happiness [life and bodily integrity] and, were, therefore, flagrant in judgment, discretion [Bad Faith] and performance*.

Moreover, the State of Texas has consented to some common law damage actions by enacting the Tort Claims Act. *Texas Civil Practice and Remedies Code Annotated, Section 101.025 (Vernon 1986).* Also, Plaintiff may sue *for equitable remedies* under the Texas Constitution. *Id. at 149; Texas Civil Practice and Remedies Code, Chapter 103. Compensation to Persons Wrongfully Imprisoned; Texas Bill of Rights; Steele v. City of Houston, 603 S.W.2d 786 (Tex. 1980); City of Gladewater v. Pike, 727 S.W.2d 514 (Tex. 1987); City of Beaumont v. Bouillion, 896 S.W.2d 143 (Tex. 1995).*

Plaintiff is constitutionally entitled to legal redress and/or relief.

## VIII.

## PLAINTIFF REFUTES DEFENDANTS' AFFIRMATIVE DEFENSES

## EXEMPLARY DAMAGES

In the absence of any supporting material facts and legal evidence, Plaintiff emphatically refutes all of the Defendants' affirmative defenses, 1 thru 8, as stated, in whole or in part, with special emphasis on the malicious and false allegations that the Plaintiff *"...had the last clear chance to avoid the incident upon which Plaintiff's claims are based, and that the Plaintiff's negligence caused the injuries made the basis of Plaintiff's cause of action, and not any negligence on the part of these Defendants"*; and, *"Any loss or damages sustained by Plaintiff...were caused in whole or in part, or contributed to, by the negligence of Plaintiff, and not by any negligence or fault or want of care on part of the Defendants...."* and/or, any other third party, mainly, David Garza.

Exemplary damages are justified under the facts if the Plaintiff can prove that the Defendants acted with: (1) a blatant disregard of Plaintiff's civil and constitutional rights, (2) intentional or wanton acts of gross negligence, (3) reckless or callous wrongful conduct, (4) deliberate or conscious indifference, (5) willfulness, (6) the doctrine of proximate cause [foreseeability, cause in fact], (7) malice or (8) evil intent. *City of Beaumont v. Bouillion, 896 S.W.2d 143 (Tex. 1995); Steele v. City of Houston, 603 S.W.2d 786 (Tex. 1980); City of Gladewater v. Pike, 727 S.W.2d 514 (Tex. 1987).*

If Plaintiff proves or shows an entire want of care to his rights and welfare, and that such conduct can be imputed directly to the governing body of the municipality, exemplary damages may be

recovered. *City of Gladewater v. Pike, 727 S.W.2d 514 (Tex. 1987).*

Furthermore, the Tort Claims Act prohibits exemplary damages against municipalities only for governmental rather than proprietary functions. *City of Gladewater v. Pike, 727 S.W.2d 514 (Tex. 1987).*


## IX.


## TEST FOR NON-FRIVOLOUS CAUSE OF ACTION IN LAWSUIT

## SPECIAL EXCEPTIONS E, IN PART

In keeping with the Decisions of the United States Supreme Court, the Texas Supreme Court has suggested that the *proper test for frivolousness* is that contained in Section 13.001(b)(2); and it also discourages reliance on Section 13.001(b)(1). A dismissal under Section 13.001(b)(3), is no longer appropriate. *Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990); Neitzke v. Williams, 490 U.S. 319, 330, 109 S.Ct. 1827, 1834 104 L.Ed.2d 338 (1989); Pugh v. Parish of St. Tammany, 875 F.2d 436, 438 (5th Cir. 1989); Johnson v. Lynaugh, 800 S.W.2d 936, 938 (Tex.App.----Houston [14th Dist.] 1990, writ granted); Onnette v. Reed, 832 S.W.2d 450 (Tex.App.----Houston [1st Dist.] 1992; Pedraza v. Tibbs, 826 S.W.2d 695 (Tex.App.----Houston [1st Dist.] 1992, writ dismissed w.o.j.); Spellmon v. Sweeney, 819 S.W.2d 206 (App. 10 Dist. 1991).*

Plaintiff's claim(s) ***does have*** an arguable basis in law or in fact. A claim which has no legal basis is one based upon an "indisputably meritless legal theory." *Thompson v. Ereckson, 814 S.W.2d 805, 807 (Tex.App.----Waco 1991, no writ) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); McDonald v. Houston Dairy, 813 S.W.2d 238, 239 (Tex.App.----Houston [1st Dist.] 1991, no writ); Timmons v. Luce, 840 S.W.2d 582 (App. 12th Dist.) 1992.*

An example of factually baseless contentions is one arising out of fantastic, fanciful or delusional scenarios. *Birdo v. Ament, 814 S.W.2d 805 (App. 10 Dist. 1991).*

Plaintiff's petition is not based upon some patently fantastic, fanciful or delusional set of facts. Thus, this Court *can not* dismiss on the basis that Plaintiff's claims have no arguable basis in law or in fact. Before dismissing under Section 13.001(b)(2), petitions must receive judicial examination for determination of its arguable basis in law or in fact prior to dismissing the action as frivolous or malicious pursuant to the Texas Civil Practice and Remedies Code Annotated, Chapter 13, Section 13.001(a)(2), (Vernon Supp. 1992). *Matter of Wilson, 932 S.W.2d 263 (App. 8 Dist. 1996); Felix v. Thaler, 923 S.W.2d 650 (Tex.App.----Houston [1st Dist.] 1995; Morris v. Collins, 916 S.W.2d 527 (Tex.App.----Houston [1st Dist.] 1995; Spellmon v. Sweeney, 819*

*S.W.2d 210 (App. 10 Dist. 1991); McDonald v. Houston Dairy, 813 S.W.2d 238, 239 (Tex.App.----Houston [1st Dist.] 1991, no writ); Birdo v. Dubose, 819 S.W.2d 212 (Tex.App.----Waco) 1991, no writ; Birdo v. Williams, 859 S.W.2d 571 (Tex.App.----Houston [1st Dist.] 1993; Johnson v. Franco, 893 S.W.2d 302 (Tex,App.----Houston [1st Dist.] 1995, writ dismissed w.o.j.); Onnette v. Reed, 832 S.W.2d 450 (Tex.App.----Houston [1st Dist.] 1992; Brewer v. Collins, 857 S.W.2d 819 (Tex.App.----Houston [1st Dist.] 1993; Thomas v. Holder, 836 S.W.2d 351 (Tex.App. 12 Dist. 1992); Bohannan v. Texas Board of Criminal Justice, 942 S.W.2d 142 (Tex.App. 3rd Dist. 1977) rehearing overruled, writ denied; Hector v. Thaler, 862 S.W.2d 176, 178 (Tex.App.----Houston [1st Dist.] 1993, no writ); Pedraza v. Tibbs, 826 S.W.2d 695, 698-99 (Tex.App.----Houston [1st Dist.] 1992, writ dism'd w.o.j.); Berry v. Texas Department of Criminal Justice, 864 S.W.2d 578 (Tex.App. 12th Dist.) 1993; **Harrison v. Texas Department of Criminal Justice-Institutional Division, 915 S.W.2d 882 (Tex.App.----Houston [1st Dist.] 1995).***

Thus, with a bona fide arguable basis in law or in fact, Cause Number 2001-12-5344-G, constitutes a valid legal complaint and cause of action against Defendants for their *intentional* acts of malice, and *flagrant* violations of Plaintiff's rights, expressed and implied employee official and civil obligations and responsibilities under local, state and federal policy(s) and procedure(s), *which clearly fell outside the course and scope of the Defendants' employment* with the City of San Benito.

The willful breach of policy and procedure and severe negligent acts of the SBPD and its administrators, according to Plaintiff's pleadings, were indeed *intentional, egregious, deliberate indifferent, outrageous and an inappropriate job activity which clearly fell outside the course and scope of the Defendants' employment with the City of San Benito*; and which led to Plaintiff's *arrest*, medical, physical and psychological [intentional affliction of pain, mental anguish, emotional distress, etc.], complications and damages. Furthermore, these intentional acts of malice were made in retaliation to prior complaints filed by the Plaintiff against Justice of the Peace Judge David Garza and Mr. Adolfo Cordova, Attorney at Law. *DeLeon v. Hernandez, 814 S.W.2d 531, 533 (Tex.App.----Houston [14th Dist.] 1991, no writ); Onnette v. Reed, 832 S.W.2d 450 (Tex.App.----Houston [1st Dist.] 1992.*

City of San Benito officials *intentionally & knowingly were flagrant in negligence and/or exhibited such gross indifference leading to the deprivation of Plaintiff's constitutional rights to life, liberty and the pursuit of happiness [life and bodily integrity] and, were, therefore, flagrant in judgment, discretion [Bad Faith] and performance.*

Plaintiff may sue *for equitable remedies* under the Texas Constitution. *Id. at 149; Texas Civil Practice and Remedies Code, Chapter 103. Compensation to Persons Wrongfully Imprisoned; Texas Bill of Rights; Steele v. City of Houston, 603 S.W.2d 786 (Tex. 1980); City of Gladewater v. Pike, 727 S.W.2d 514 (Tex. 1987); City of Beaumont v. Bouillion, 896 S.W.2d 143 (Tex. 1995).*

## X.

### *PRAYER FOR JUST RELIEF*

***WHEREFORE PREMISES CONSIDERED,*** by reason of the foregoing vicious, malicious and wrongful acts of the Defendants, Your Plaintiff, Jesus Rodriguez, prays that the Defendants, City of San Benito, San Benito Police Department, Ricardo Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police, David Garza et al., be cited in terms of law and be required to appear and answer herein and that upon final trial hereof Plaintiff have and recover of, and from each, of your Defendants his just monetary damages in at least the total sum of TEN MILLION ($10,000,000.00) DOLLARS, in compensatory, punitive and exemplary damages, for which such amount Plaintiff here and now sues, or such higher amount which as may be necessary or proper, due to the high worth of the Defendants; or in such amount as the Jury shall find him to be entitled, that he recover interest on the amount of such judgment from the day of judgment at the legal rate of twenty (20%) per cent, that Plaintiff recover all his costs of Court in this behalf expended, including reasonable attorney fees, and that he have such other and further relief, both general and special, in law and in equity, to which your Plaintiff may show himself to be justly entitled.

**Plaintiff prays for this Court's justice, mercy, respect and understanding.**

# May God Almighty's Mercies Be With Us All!

Respectfully Submitted,

*Mr. Jesus Rodriguez*
**Mr. Jesus Rodriguez**
Plaintiff/Attorney
2983 Redbird Lane
Huntsville, Texas   77320
936/291-0106   Telephone/Facsimile

*FILED:* Ms. Aurora de la Garza, District Clerk
District Clerk's Office
Cameron County Courthouse
974 East Harrison
Brownsville, Texas 78520


Ms. Michelle Garcia, Court Coordinator
404th Judicial District Court
Cameron County Courthouse
974 East Harrison
Brownsville, Texas 78520

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's *First Amended Original Petition [Special Exceptions]*, and *Motion for Change in Venue*, has been forwarded to the Attorney for the Defendants via registered facsimile, on March 14, 2002.

*Hand delivered*
*3/15/02*
*Rodriguez*

Re:  404th Judicial District Court
     Cause Number 2001-12-5344-G
     Jesus Rodriguez, Plaintiff *v.* City of San Benito, San Benito Police Department, Ricardo
        Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police,
        David Garza et al., Defendants
     In the District Court of the 404th Judicial District in Cameron County, Brownsville, Texas

LAW OFFICE OF J. ARNOLD AGUILAR, L. L. P.
ATTORNEYS AT LAW
ARTEMIS SQUARE, SUITE H-2
1200 CENTRAL BOULEVARD
BROWNSVILLE, TEXAS  78520
956/504-1100  Telephone
956/504-1408  Facsimile
ATTORNEY FOR THE DEFENDANTS,
CITY OF SAN BENITO, SAN BENITO
POLICE DEPARTMENT ET AL.

Mr. Jesus Rodriguez, Plaintiff
Cause No. 2001-12-5344-G
936/291-0106  Telephone/Fax

# IN THE STATE OF TEXAS

# STATE DISTRICT COURT

# 404TH JUDICIAL DISTRICT COURT

# IN

# CAMERON COUNTY, TEXAS

### CAUSE NO. 2001-12-5344-G

| | | |
|---|---|---|
| JESUS RODRIGUEZ | < > | |
| Plaintiff | < > | |
| | < > | |
| | < > | |
| v. | < > | |
| | < > | PLAINTIFF'S MOTION |
| | < > | FOR CHANGE IN VENUE |
| CITY OF SAN BENITO, CAMERON COUNTY, TEXAS, | < > | |
| SAN BENITO POLICE DEPARTMENT, | < > | |
| DAVID GARZA, RICARDO MORADO, MAYOR, | < > | |
| GABRIEL GONZALES, CITY MANAGER, | < > | |
| RICHARD E. CLARK, JR., CHIEF OF POLICE ET AL. | < > | |
| Defendants | < > | |

# *PLAINTIFF'S MOTION FOR CHANGE IN VENUE*

*TO THE HONORABLE JUDGE OF SAID COURT:*

Comes now, Jesus Rodriguez, hereinafter called Plaintiff, and files this his ***Motion for Change in Venue,*** complaining of the City of San Benito, San Benito Police Department, Ricardo Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police, David Garza et al., of San Benito, Cameron County, Texas, hereinafter called the Defendants and for cause of action(s) would respectfully show the Court the following:

## I.

## CHANGE IN VENUE

In accordance with the Texas Rules of Civil Procedure, Rules 86 - 87, 257, and 527 - 529, it is so requested, due to immense prejudice against Your Plaintiff in said Cameron County, that Venue in said County is not proper due to a combination against the Plaintiff instigated by influential persons, by reasons that the Plaintiff ***can not be had nor expect a fair and impartial trial and/or hearing*** in the Defendants' Precinct, County and/or surrounding Counties.

Supported by affidavit.

## II.

***WHEREFORE PREMISES CONSIDERED,*** by reason of the vicious, malicious and wrongful acts of the Defendants, Your Plaintiff, Jesus Rodriguez, prays that this Court grant Plaintiff's Motion for Change in Venue, in complaining of the Defendants, City of San Benito, San Benito Police Department, Ricardo Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police, David Garza et al.

**Plaintiff prays for this Court's justice, mercy, respect and understanding.**



# May God Almighty's Mercies Be With Us All!

Respectfully Submitted,

*Mr. Jesus Rodriguez*
Plaintiff/Attorney
2983 Redbird Lane
Huntsville, Texas   77320
936/291-0106  Telephone/Facsimile

**FILED:** Ms.  Aurora de la Garza, District Clerk
District Clerk's Office
Cameron County Courthouse
974 East Harrison
Brownsville, Texas   78520

Ms.  Michelle Garcia, Court Coordinator
404th Judicial District Court
Cameron County Courthouse
974 East Harrison
Brownsville, Texas   78520

March 14, 2002

Ms. Aurora de la Garza, District Clerk - Civil
District Clerk's Office
Cameron County Courthouse
974 East Harrison
Brownsville, Texas   778520

Re: 404th Judicial District Court
    Cause Number 2001-12-5344-G
    Jesus Rodriguez, Plaintiff  *v.*  City of San Benito, San Benito Police Department, Ricardo
       Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police,
       David Garza et al., Defendants
    In the District Court of the 404th Judicial District in Cameron County, Brownsville, Texas

Subject: Transfer of Venue Affidavit

TO THE HONORABLE DISTRICT COURT JUDGE:

Due to involvement in a prior civil matter set for trial in Cameron County, Texas, where your
Plaintiff was abused and not afforded a fair and impartial trial by a certain judge and attorney for
the opposing party; I hereby certify that due to great prejudice in said Cameron County and a
combination against me instigated by influential persons, by reasons that your Plaintiff ***cannot be
had nor expect a fair and impartial civil trial and/or hearing*** in Cameron County, Texas.

Please file copy with court case records.

ADDRESS: 2983 Redbird Lane, Huntsville, Texas   77320

**Sworn to and subscribed before me, by said** _Jesus Rodriguez_ **on this**
_15_ **day of** _March_ **, 2002, to certify which witness my hand and seal of office.**

_Alicia L Rodriguez_
**Notary Public in and for Cameron,
County, Texas**

ALICIA L. RODRIGUEZ
Notary Public,
State of Texas My
Comm. Exp. 5-3-2002

March 14, 2002


Ms. Aurora de la Garza, District Clerk - Civil
District Clerk's Office
Cameron County Courthouse
974 East Harrison
Brownsville, Texas   778520


Re: 404th Judicial District Court
    Cause Number 2001-12-5344-G
    Jesus Rodriguez, Plaintiff  v.  City of San Benito, San Benito Police Department, Ricardo
       Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police,
       David Garza et al., Defendants
    In the District Court of the 404th Judicial District in Cameron County, Brownsville, Texas


Subject: Transfer of Venue Affidavit


TO THE HONORABLE DISTRICT COURT JUDGE:

As a [would be] witness of Mr. Jesus Rodriguez in a prior civil matter set for trial in Cameron
County, Texas, where your Plaintiff was abused and not afforded a fair and impartial trial by a
certain judge and attorney for the Defendant; I hereby certify that Mr. Jesus Rodriguez, due to
great prejudice in said County and a combination against him instigated by influential persons, he
can not be had nor expect a fair and impartial civil trial in Cameron County, Texas.

Please file copy with court case records.


ADDRESS: 22551 Louisiana Rd
       Santa Rosa Texas
         78593
   Sworn to and subscribed before me, by said Isabel C Gonzalez on this
_15_ day of _March_, 2002, to certify which witness my hand and seal of office.


                    _Alicia L. Rodriguez_
                    **Notary Public in and for Cameron,**
                    **County, Texas**

ALICIA L. RODRIGUEZ
Notary Public,
State of Texas My
Comm. Exp. 5-3-2002

March 14, 2002

Ms.  Aurora de la Garza, District Clerk - Civil
District Clerk's Office
Cameron County Courthouse
974 East Harrison
Brownsville, Texas   778520

Re: 404ᵗʰ Judicial District Court
    Cause Number 2001-12-5344-G
    Jesus Rodriguez, Plaintiff  *v.*  City of San Benito, San Benito Police Department, Ricardo
      Morado, Mayor, Gabriel Gonzales, City Manager, Richard E.  Clark, Jr., Chief of Police,
      David Garza et al., Defendants
    In the District Court of the 404ᵗʰ Judicial District in Cameron County, Brownsville, Texas

Subject:  Transfer of Venue Affidavit

TO THE HONORABLE DISTRICT COURT JUDGE:

As a [would be] witness of Mr.  Jesus Rodriguez in a prior civil matter set for trial in Cameron
County, Texas, where your Plaintiff was abused and not afforded a fair and impartial trial by a
certain judge and attorney for the Defendant; I hereby certify that Mr.  Jesus Rodriguez, due to
great prejudice in said County and a combination against him instigated by influential persons, he
can not be had nor expect a fair and impartial civil trial in Cameron County, Texas.

Please file copy with court case records.

ADDRESS: 22551 *Louisiana Rd*
        *Santa Rosa Texas*
          78593
**Sworn to and subscribed before me, by said** *Isabel C. Gonzale* **on this**
*15* **day of** *March*, **2002, to certify which witness my hand and seal of office.**

*Alicia L. Rodriguez*
**Notary Public in and for Cameron,**
**County, Texas**

ALICIA L. RODRIGUEZ
Notary Public,
State of Texas My
Comm. Exp. 5-3-2002

March 14, 2002

Ms. Aurora de la Garza, District Clerk - Civil
District Clerk's Office
Cameron County Courthouse
974 East Harrison
Brownsville, Texas   778520

Re: 404th Judicial District Court
    Cause Number 2001-12-5344-G
    Jesus Rodriguez, Plaintiff  v.  City of San Benito, San Benito Police Department, Ricardo
        Morado, Mayor, Gabriel Gonzales, City Manager, Richard E.  Clark, Jr., Chief of Police,
        David Garza et al., Defendants
    In the District Court of the 404th Judicial District in Cameron County, Brownsville, Texas

Subject:  Transfer of Venue Affidavit

TO THE HONORABLE DISTRICT COURT JUDGE:

As a [would be] witness of Mr. Jesus Rodriguez in a prior civil matter set for trial in Cameron
County, Texas, where your Plaintiff was abused and not afforded a fair and impartial trial by a
certain judge and attorney for the Defendant; I hereby certify that Mr. Jesus Rodriguez, due to
great prejudice in said County and a combination against him instigated by influential persons, he
can not be had nor expect a fair and impartial civil trial in Cameron County, Texas.

Please file copy with court case records.

ADDRESS: *22551 Louisiana Rd.*
*Santa Rosa, Tex, 78593*

**Sworn to and subscribed before me, by said** *Isabel B. Rodriguez* **on this**
*15* **day of** *March*, **2002, to certify which witness my hand and seal of office.**

*Alicia L. Rodriguez*
**Notary Public in and for Cameron,
County, Texas**

ALICIA L. RODRIGUEZ
Notary Public,
State of Texas My
Comm. Ex. 5-3-2002

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's ***Motion for Change in Venue***, has been forwarded to the Attorney for the Defendants via registered facsimile, on March 14, 2002.

*Hand delivered*
*3/15/02*
*Rodriguez*

Re: 404ᵗʰ Judicial District Court
    Cause Number 2001-12-5344-G
    Jesus Rodriguez, Plaintiff  *v.*  City of San Benito, San Benito Police Department, Ricardo
       Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police,
       David Garza et al., Defendants
    In the District Court of the 404ᵗʰ Judicial District in Cameron County, Brownsville, Texas

LAW OFFICE OF J. ARNOLD AGUILAR, L. L. P.
ATTORNEYS AT LAW
ARTEMIS SQUARE, SUITE H-2
1200 CENTRAL BOULEVARD
BROWNSVILLE, TEXAS  78520
956/504-1100  Telephone
956/504-1408  Facsimile
ATTORNEY FOR THE DEFENDANTS,
CITY OF SAN BENITO, SAN BENITO
POLICE DEPARTMENT ET AL.

Mr. Jesus Rodriguez, Plaintiff
Cause No. 2001-12-5344-G
936/291-0106  Telephone/Fax

# EXHIBITS

# Jailing incident sparks suit

## Plaintiff seeks $10 million in damages from city

**By ANDREW LAWLER**
Staff Writer

A Huntsville man is suing the City of San Benito, and a local justice of the peace for $10 million in damages.

The original petition of plaintiff Jesus Rodriguez, who is representing himself in this matter, was filed with the office of the Cameron County district clerk on Dec. 28, 2001.

Named as plaintiffs in the suit are the City of San Benito, San Benito Police Department, San Benito Mayor Ricardo Morado, (former) city manager Gabriel Gonzalez, SBPD Chief Richard Clark and Justice of the Peace David Garza.

Rodriguez cites the following alleged actions by the defendants as the reason he filed the civil lawsuit: Human and civil rights violations, judicial and law enforcement misconduct and corruption, abuse, breach/disregard of the law, acts of conspiracy, fraud, abuse of power, obstruction to the administration of justice and assault by threat.

In his suit, Rodriguez alleges that in May 1999, Judge Garza had him unlawfully arrested for contempt of court, following a judgment against Rodriguez in a small claims court matter.

Later, the plaintiff declares, he endured "nine long, hellish hours" in jail, and was allegedly denied food and water and subjected to abusive language.

Specifically, he alleges that during his jail stay he was forced to lie down on an iron mesh bed without any mattress, blanket or pillow, which he likened to "laying on nails." When he asked for the above items to be provided, he was repeatedly denied them by the defendants, plaintiff Rodriguez claims.

In addition, the plaintiff alleges

> *"I can tell you that I know about it (suit), but I really can't talk about it at this point because it's being reviewed by the attorneys."*
>
> **-- Chief Richard Clark**

that he was threatened with numerous "false and trumped up charges" if he did not "behave" while incarcerated.

The plaintiff further charges that, following his release the judge made physical threats toward his person; saying if he did not stay out of his precinct, county and/or jurisdiction he would have the him "physically hurt" and/or arrested on "trumped up charges."

The purported threats are alleged to have been witnessed by two San Benito Police officers, whom Rodriguez claims neither intervened to prevent what he calls the "assault by threat," nor reported the incident to the supervisor. When he himself reported the alleged

incident to the chief of police, Rodriguez claims, he too refused to take immediate legal action to ensure that the matter be properly reported and investigated by the appropriate authorities.

Besides the specified monetary damages, the plaintiff seeks a written apology by the defendants.

"I can tell you that I know about it (suit), but I really can't talk about it at this point because it's being reviewed by the attorneys," Chief Clark said Tuesday. Mayor Morado also declined to comment, saying he was unaware of the lawsuit.

Current city manager Victor Treviño too opted not to comment, saying he was aware of the lawsuit, but had not reviewed it. He said he was first told about the matter by Gonzalez, who left the city manager post here in February 2001 for a job with the City of Harlingen. Treviño became San Benito city manager in June 2001.

The News was unable to contact Judge Garza, who was said to be out of town Tuesday.

Discussion of the lawsuit was scheduled on Tuesday's county commissioners' court agenda.

That is determined, like in the case of San Benito, by need in accordance to the city hall.



---

**CANTU**

said Sgt. Garza.

there are active arrest or Cantu on the following resisting arrest or transClass "A" misdemeanor), tate jail felony), evading detention (state jail escape (third degree d assault against a public hird degree felony).

s described as standing six inch tall and having a tattoo left arm and hand.

with information pertaincase is asked to call San Police at 361-3880 or n Area Crimestoppers at

'go

apee

applicants to fill vacancies.

Currently, the department is carrying 33 active members of its per-

August 15, 2000

To: Valley Morning Star
    Attn.: John Handy, Reporter
    1310 South Commerce Street
    P. O. Box 511
    Harlingen, Texas  78551

From: Mr. Jesus Rodriguez
      2983 Redbird Lane
      Huntsville, Texas  77320

Re: Documentation Regarding Justice of the Peace Judge David Garza and the SBPD

Dear John Handy:

As per our conversation of a couple of weeks ago, attached is the documentation I promised I would fax to you. Sorry for the delay.

I failed to keep a copy of my initial complaint to the State Commission on Judicial Conduct; however, the complaint(s) focused on the following: (1) the assault by threat, (2) the failure to process my Appeal of the default judgment, (3) the false detainment and/or imprisonment of my witness, (4) the contempt of court [bogus] charge and arrest, (5) abuse of power, (6) Judge Garza's numerous and blatant violations of the Texas Rules of Civil Procedure and the Texas Rules of Court and (7) Obstruction of Justice. The investigator for the SCJC was Mr. David O. Wise. Mr. Wise may be reached by telephone at (512) 463-5533 in Austin, Texas.

I, along with my witness, personally visited and discussed the incident(s) with Cameron County Judge Gilberto Hinojosa, Yolanda de Leon, Cameron County District Attorney and two of her assistants [William Hagen and ?] and the County Attorney [Doug]. They all refused to take any action on the matter as well as Justice's of Peace Tony Torres of Brownsville and Oscar de la Fuente of San Benito. Just recently, I filed my complaint with Municipal Judge Frances Flores of San Benito and Justice of the Peace David A. Wise of Harlingen. I do not yet know the status of these two latest complaints. I also filed my complaint with the FBI and the State Attorney General's Office. I did not receive a response from the FBI. The correspondence I received from the State Attorney General is enclosed.

I have additional documentation which is not readily available to me at this moment. I will

provide it to you later.

**Regarding** the enclosed Court Motions and/or Legal Briefs/correspondences dated:

March 15, 2000                    to Judge Garza and Adolfo Cordova  *[Motion for New Trial]*

March 17, 2000                    from Judge Garza  [Hearing on my Motion:  I was not even notified nor invited to the Court Hearing on my own *Motion for a New Trial* in order to present my case/evidence.]

March 17, 2000                    from Adolfo Cordova  [Plaintiff's Attorney apparently was at the Court Hearing to present his case/evidence:  Notice the same **dates** on Judge Garza's signed *Order to Deny Motion for New Trial* and Cordova's correspondence!]

April 5, 2000                     to Judge Garza and Adolfo Cordova  *[Motion to Set Aside Default Judgment]* and presentation to Court of new evidence regarding the Notice of trial date & *__time__* and the *__filing date__* of my Appeal. *__Ignored__ by the Court and Attorney!*]

July 17, 2000                     to Judge Garza and Adolfo Cordova  [**Re-Filing** of *Motion to Set* Aside *Default Judgment*] and presentation to Court of new evidence regarding the Notice of trial date & *__time__* and the *__filing date__* of my Appeal. *__Ignored__ by the Court and Attorney for a second time!*]

[The last two *identical* Motions and Legal Briefs [is] where I provided Judge Garza and Adolfo Cordova documentation and/or evidence from Judge Garza's own Court Clerk, Michelle Cepeda, documenting that I delivered and filed the Appeal papers to [in] Judge Garza's office on May 7,

1999; just two days after the [rigged] default judgment was entered against me. I have filed both of these legal documents [Motion and Legal Brief] by facsimile with Judge Garza and Adolfo Cordova twice already. Once on April 5 and again on July 17, 2000. They both have ignored and refused to rule and/or respond, respectively, to the evidence and/or proof regarding the filing date of my *Appeal* and/or to my *Motion to Set Aside the Default Judgment* entered against me illegally and unlawfully. The *Writ of Execution* signed by Judge Garza against me still remains an enforceable court decree as well as the Default Judgment.]

My next step is to file a *Motion For a [an Independent] Bill of Review [Bill of Relief]* with this Court. If this action fails to obtain the attention of Judge Garza and Adolfo Cordova, I will file a lawsuit in either County or District Court in order to obtain legal redress from Judge Garza's and Mr. Adolfo Cordova's fraud and deceit *in addition* to a lawsuit against the Plaintiff for *Breach of Contract* as Judge Garza also failed to hear and/or address my Countersuit in the initial trial.

I also contemplate a civil lawsuit(s) against Judge Garza and Mr. Cordova in the near future.

On top of all this, I was mistreated and abused by the SBPD [Judge Garza's cronies] while in their custody! I filed a complaint against the SBPD and Police Chief Richard E. Clark, but to no avail. I also filed this complaint with the FBI and the State Attorney General's Office. I did not receive a response from the FBI. The correspondence I received from the State Attorney General is enclosed.

The [my] witness I keep referring to is Ms. Hilda Garcia. She lives in Austin, Texas now and may be reached at (512) 389-0518. Please feel free to get in touch with her if necessary.

John, I will be more than happy to meet with you or speak with you over the telephone to help clarify this *very complicated mess* to you.


Sincerely,


_____

*Mr. Jesus Rodriguez*
2983 Redbird Lane
Huntsville, Texas   77320


(936) 291-0106   Residence Telephone/Facsimile

(936) 295-9126   Ext. 1494 OR 1015   Work Telephone    [Mondays and Fridays ONLY!!!]


cc: File

1999; just two days after the [rigged] default judgment was entered against me. I have filed both of these legal documents [Motion and Legal Brief] by facsimile with Judge Garza and Adolfo Cordova twice already. Once on April 5 and again on July 17, 2000. They both have ignored and refused to rule and/or respond, respectively, to the evidence and/or proof regarding the filing date of my *Appeal* and/or to my *Motion to Set Aside the Default Judgment* entered against me illegally and unlawfully. The *Writ of Execution* signed by Judge Garza against me still remains an enforceable court decree as well as the Default Judgment.]

My next step is to file a *Motion For à [an Independent] Bill of Review [Bill of Relief]* with this Court. If this action fails to obtain the attention of Judge Garza and Adolfo Cordova, I will file a lawsuit in either County or District Court in order to obtain legal redress from Judge Garza's and Mr. Adolfo Cordova's fraud and deceit *in addition* to a lawsuit against the Plaintiff for *Breach of Contract* as Judge Garza also failed to hear and/or address my Countersuit in the initial trial.

I also contemplate a civil lawsuit(s) against Judge Garza and Mr. Cordova in the near future.

On top of all this, I was mistreated and abused by the SBPD [Judge Garza's cronies] while in their custody! I filed a complaint against the SBPD and Police Chief Richard E. Clark, but to no avail. I also filed this complaint with the FBI and the State Attorney General's Office. I did not receive a response from the FBI. The correspondence I received from the State Attorney General is enclosed.

The [my] witness I keep referring to is Ms. Hilda Garcia. She lives in Austin, Texas now and may be reached at (512) 389-0518. Please feel free to get in touch with her if necessary.

John, I will be more than happy to meet with you or speak with you over the telephone to help clarify this *very complicated mess* to you.


Sincerely,


_____

*Mr. Jesus Rodriguez*
2983 Redbird Lane
Huntsville, Texas  77320


(936) 291-0106   Residence Telephone/Facsimile

(936) 295-9126   Ext. 1494 OR 1015   Work Telephone    [Mondays and Fridays ONLY!!!]


cc: File

# State Commission on Judicial Conduct

**Officers**
Bud Arnot, Chairman
Scott Mann, Vice-Chairman
Michael O'Neal, Secretary

**Members**
Jean Birmingham
Martin Chiuminatto
Blake Tartt
Keith Baker
Dee Coats
Gilbert M. Martinez
Wallace Jefferson
Kathleen Olivares



May 3, 2000

**Executive Direc**
Margaret J. Reaves

CONFIDENTIAL

Jesus Rodriguez
2983 Redbird Lane
Huntsville TX  77340

Re:  CJC No. 12509

Dear Mr. Rodriguez:

The State Commission on Judicial Conduct considered your complaint during its regularly scheduled meeting on April 12-14, 2000.  After a thorough review and investigation of the issues you raised, the Commission has taken appropriate action. However, Texas Government Code § 33.033 prohibits us from disclosing the specific action taken.

Thank you for bringing your concerns to our attention.  We sincerely appreciate your participation in the process.  Your involvement has made a difference and has been invaluable in our efforts to maintain the high standards of the Texas judiciary through effective enforcement.

Sincerely,

Margaret J. Reaves
Executive Director

MJR/et

April 6, 2000

To: Mr. John Cornyn, State Attorney General
   *ATTN.:* Complaint Department (Criminal and Civil Rights Division)
   P.O. Box 12548
   Austin, Texas  78711-2548

From: Mr. Jesus Rodriguez
   2983 Redbird Lane
   Huntsville, Texas  77320

Re: Complaint Against the City of San Benito Police Department and Municipal Jail for Abuse,
   Corruption and Criminal & Civil Rights Violations

Dear Mr. John Cornyn:

As per our conversation of March 27, 2000, I want to formally file this complaint with your
office of Criminal and Civil Rights Division.

I have delayed in filing this complaint due the following reasons:

(1) lack of complete awareness of my legal rights and issues surrounding my complaint,

(2) attempt to have an attorney look into my complaint [not interested due to local judicial,
   police and political pressures which interferes with business and results in blacklisting and
   loss of clients and fear],

(3) ongoing investigations by the county judge, district attorney's office, filing of formal
   criminal complaint with local judicial offices, and ongoing internal affairs investigation
   conducted by the San Benito Police Department Internal Affairs Division in which I was
   continually harassed, intimidated and accused of fabricating my complaints, asked to
   withdraw my complaints and threatened with criminal charges against me if I indeed were
   lying. **NO RELIEF OBTAINED** due to political corruption and cover-ups by Cameron
   County law enforcement officials [SBPD, justice of the peace judges, district attorney and
   the like].

(4) erroneous misconception that I would have the judicial support and personal funds to

pursue this matter through the criminal and civil court system.

Corruption and abuse is prevalent within the SBPD jail system. For example, while in custody in their jail, I was placed in a cell with no lavatory and **forced** to lie down on an iron mesh [like laying on nails] bed with no type of mattress, blankets and/or pillow. They repeatedly denied me these items when I requested them. They advised me that I could not have these bed accessories because I would attempt to **commit suicide** and that they used this strategy as a <u>deterrent and punishment</u> in order to keep people from committing future crimes and returning to jail. I was also denied medical attention for my post-poliomyelitis and lower spine conditions. I had to endure these tormenting conditions for almost nine (9) long hellish hours. This particular case of physical and psychological abuse was the result of a malicious, **trumped-up and fraudulent** _contempt of court_ **charge authored by Judge David Garza, mind you!!!** I am an educator and psychologist with a Master's degree and over 305 earned college credits. Plus, I am a seasoned twenty-one (21) year veteran administrator, employee of the Texas Department of Criminal Justice system. Furthermore, they treated me worse than a convict, criminal and mental patient; yet I have no criminal background nor a psychological suicide profile to say the least. [Please refer to attachments for further details.]

In addition, minutes upon my release from jail by Justice of the Peace David Garza, on time served, two (2) SBPD officers [Judge David Garza's cronies] stood by and witness Justice of the Peace David Garza threatened my life [to kill me] and did nothing to intervene in preventing the assault by threat nor did they report this incident to their superior. Also, the SBPD **delayed** in processing the paperwork on my criminal complaint against Judge David Garza; documents which I needed in order to file the complaint with a local judge. This criminal behavior by justice of the peace judges and the like is **condoned** by the SBPD Police Chief Richard E. Clark, Jr.!!!

Sincerely,

_Mr. Jesús Rodriguez_
**Mr. Jesús Rodriguez**
2983 Redbird Lane
Huntsville, Texas  77320

(936) 291-0106  Residence Telephone/Facsimile

(936) 295-9126  Ext.  1494  OR  1015  Employer  [Mondays and Fridays ONLY!!!]

cc:  File

April 6, 2000

To: Mr. John Cornyn, State Attorney General
    *ATTN.:* Complaint Department (Criminal and Civil Rights Division)
    P.O. Box 12548
    Austin, Texas  78711-2548

From: Mr. Jesus Rodriguez
      2983 Redbird Lane
      Huntsville, Texas  77320

Re: Complaint Against Justice of the Peace Judge David Garza for Judicial Misconduct and
    Corruption, Disregard of the Law, Conspiracy, Abuse of Power and Assault by Threat

Dear Mr. Cornyn:

As per our telephone conversation of March 27, 2000, I want to formally file this complaint
with your office of Criminal and Civil Rights Division.

I have delayed in filing this complaint due the following reasons:

(1) lack of complete awareness of my legal rights and issues surrounding my complaint,

(2) attempt to have an attorney look into my complaint [not interested due to local judicial,
    police and political pressures which interferes with business and results in blacklisting and
    loss of clients and fear],

(3) ongoing investigations by the county judge, district attorney's office, State Commission on
    Judicial Conduct, filing of formal criminal complaint with local judicial offices, and
    ongoing internal affairs investigation conducted by the San Benito Police Department
    Internal Affairs Division in which I was continually harassed, intimidated and accused of
    fabricating my complaints, asked to withdraw my complaints and threatened with criminal
    charges against me if I indeed were lying.  **NO RELIEF OBTAINED** due to political
    corruption and cover-ups by Cameron County law enforcement officials [justice of the peace
    judges, district attorney and the like.

    *The State Commission on Judicial Conduct still has an ongoing investigation into this
    matter.*

(4) erroneous misconception that I would have the judicial support and personal funds to
pursue this matter through the criminal and civil court system.


Justice of the Peace Judge David Garza, as a direct result of this man's corruption and unethical
behavior unbecoming a judge in handling a simple Small Claims Court lawsuit, along with the
Plaintiff's attorney, Mr. Adolfo E. Cordova, Jr., targeted a malicious vendetta against me for
**demanding justice** in his court. He entered a default judgment against me as he held the trial at
nine (9) o'clock a.m. instead of the ten (10) o'clock a.m. scheduled time and then viciously and
maliciously had me unlawfully arrested for *contempt of court* when I requested an "excuse note"
for my employer; in his office, three blocks away from the courthouse! I had to endure almost
nine (9) hours of this particular abuse in the city of San Benito Municipal jail on Judge Garza's
**trumped-up and fraudulent *contempt of court* charge, mind you!!!** I am an educator and
psychologist with a Master's degree and over 305 earned college credits. Plus, I am a seasoned
twenty-one (21) year veteran administrator of the **Texas Department of Criminal Justice.**
Furthermore, I have no criminal background. [Please refer to attachments for further details.]

In addition, Judge David Garza, against the law, took my witness hostage [false imprisonment
and/or detainment], against her will, in his office and would not release her until he was through
harassing, intimidating and chastising her. She told me that Judge Garza threatened to "hurt" me
if he ever saw me town again. My witness also informed me that Judge Garza was in love with
her in years past but that she never returned the favor. She indicated to me that Judge Garza
became resentful of her because of that fact.

Also, minutes upon my release from the city jail by Justice of the Peace David Garza, on time
served, Justice of the Peace David Garza threatened my life [to kill me] in the presence of two
(2) of his crony SBPD officers and another prisoner [as they stood by and witness the ordeal].



Sincerely,

*Mr. Jesus Rodriguez*
**Mr. Jesús Rodriguez**
2983 Redbird Lane
Huntsville, Texas  77320

(936) 291-0106   Residence Telephone/Facsimile

(936) 295-9126   Ext. 1494   OR   1015   Employer   [Mondays and Fridays ONLY!!!]



cc: File

(4) erroneous misconception that I would have the judicial support and personal funds to pursue this matter through the criminal and civil court system.

Justice of the Peace Judge David Garza, as a direct result of this man's corruption and unethical behavior unbecoming a judge in handling a simple Small Claims Court lawsuit, along with the Plaintiff's attorney, Mr. Adolfo E. Cordova, Jr., targeted a malicious vendetta against me for **demanding justice** in his court. He entered a default judgment against me as he held the trial at nine (9) o'clock a.m. instead of the ten (10) o'clock a.m. scheduled time and then viciously and maliciously had me unlawfully arrested for *contempt of court* when I requested an "excuse note" for my employer; in his office, three blocks away from the courthouse! I had to endure almost nine (9) hours of this particular abuse in the city of San Benito Municipal jail on Judge Garza's **trumped-up and fraudulent *contempt of court*** charge, mind you!!! I am an educator and psychologist with a Master's degree and over 305 earned college credits. Plus, I am a seasoned twenty-one (21) year veteran administrator of the **Texas Department of Criminal Justice.** Furthermore, I have no criminal background. [Please refer to attachments for further details.]

In addition, Judge David Garza, against the law, took my witness hostage [false imprisonment and/or detainment], against her will, in his office and would not release her until he was through harassing, intimidating and chastising her. She told me that Judge Garza threatened to "hurt" me if he ever saw me town again. My witness also informed me that Judge Garza was in love with her in years past but that she never returned the favor. She indicated to me that Judge Garza became resentful of her because of that fact.

Also, minutes upon my release from the city jail by Justice of the Peace David Garza, on time served, Justice of the Peace David Garza threatened my life [to kill me] in the presence of two (2) of his crony SBPD officers and another prisoner [as they stood by and witness the ordeal].

Sincerely,

*Mr. Jesus Rodriguez*
**Mr. Jesús Rodriguez**
2983 Redbird Lane
Huntsville, Texas  77320

(936) 291-0106  Residence Telephone/Facsimile

(936) 295-9126  Ext. 1494  OR  1015  Employer  [Mondays and Fridays ONLY!!!]

cc: File

April 5, 2000


VIA REGISTERED FACSIMILE


Mr. Adolfo E. Cordova, Jr., Attorney at Law
711 North Sam Houston
San Benito, Texas  78586


Re:  Your Menacing, Offensive, Unprofessional, Unethical and Presumptous Correspondence
        Dated March 17, 2000

        Small Claims Court Cause Number 50
        Angel Meda, Plaintiff v. Jesus Rodriguez, Defendant
        In the Justice of the Peace Court, Precinct Number 3, Place 2, Cameron County, Texas


Dear Mr. Cordova:

Attached you will find written documentation certifying, verifying and attesting to the fact that
on May 7, 1999, Defendant, along with two witnesses and a Cameron County Deputy Sheriff's
Officer *[as a result of Your Honor's strict orders and physical threat of Defendant NEVER to
contact, telephone, stop by Your Honor's office nor attempt to Appeal said Decision entered by
this Court against the Defendant]*, filed the necessary and required Appeal documents regarding
Cause # 50, Default Judgment rendered by this Court against said Defendant, in Your Honor's
Court with Court Clerk Ms. Michelle Zepeda [certification, date and signature attached].  Said
action was followed by subsequent U. S. Postal Service mailings of said Appeal to Judge David
Garza's Justice Court.

Furthermore Counsel, please produce and deliver to Defendant, prima facie evidence of written
documentation, statement or proof of our May 5, 1999, **_trial set time of day_** with valid and
timely fact of service as prescribed by the Texas Rules of Civil Procedure, Rules 21 - 21b, 246;
and the Texas Civil Practice and Remedies Code, Chapter 30, Section 30.015 and Chapter 136,
Section 136.001.

As per my allegations in paragraph two (2), I truly believe, as God is my Witness, that you know
that they are fact and further establish relevancy and reason for judicial investigation of this case.

Counsel, my allegations do not meet the "libelous test" standards and/or rules set forth and
established by the Texas Civil Practice and Remedies Code, Chapter 73; and other legal codes

and standards.

WHEREFORE PREMISES CONSIDERED, Defendant prays for, seeks justice and relief from harsh default judgment and all related costs entered against Defendant and/or Appellant without just cause and/or merits.  May God Almighty's Mercies be with us all.


Respectfully submitted,


_____

*Mr.  Jesus Rodriguez*
Defendant/Apellant, Cause Number 50
2983 Redbird Lane
Huntsville, Texas   77320
936/291-0106   Telephone/Facsimile


cc:  The Honorable Judge David Garza
     Justice of the Peace, Precinct Number 3, Place 2
     Cameron County
     195 East Robertson Street
     San Benito, Texas   78586

     File

cc: The Honorable Gilberto Hinojosa, Cameron County Judge
Cameron County District Attorney
Mr.  William Hagen, Assistant District Attorney, Cameron County
Cameron County Attorney's
Cameron County Clerk's Office
Mr.  Angel Meda, Plaintiff
Mr.  Adolfo E.  Cordova, Jr., Appellee's Attorney
Mr.  Clark, Chief of Police, San Benito Police Department
The Honorable Judge Flores, Municipal Court Judge
The Honorable Judge De La Fuente, Justice of the Peace
Mr.  Hector Pena
Mr.  Gustavo Cantu
Judicial Conduct Commission, Austin, Texas
The Honorable George W.  Bush, Governor of Texas
Channel 5 News
Channel 4 News

(936) 291-0106   Residence Telephone/Facsimile

(936) 295-9126   Ext. 1494 or 1015   Employer       [Mondays and Fridays ONLY!]

P. S.  To reach me by telephone at any time of day, just telephone the above listed work number
       and ask the secretary for the telephone number where I may be reached for that particular
       day.  If you forget to obtain an extension for that telephone number(s), just ask for the
       Windham School District Education Department and you will locate me there.

cc:  File

Law Office of

# Adolfo E. Cordova, Jr.

711 N. Sam Houston
San Benito, Texas 78586

Office: (956) 399-
Fax: (956) 399-

March 17, 2000

Mr. Jesus Rodriguez
2983 Redbird Lane
Huntsville, Texas 77320

RE:   Cause No. 50;  Meda vs. Rodriguez

Dear Mr. Rodriguez:

I am in receipt of your Motion for New Trial dated 03/15/00. Be advised, that this motion is approximately eight (8) months late and no legal recourse exists for you to appeal the judgment rendered against you. In fact, Judge Garza's court lost jurisdiction on this matter thirty (30) days after he rendered his judgment.

Furthermore, your time to appeal lapsed ten (10) days from the date of the judgment. In short, this judgment is final and irreversible. I will be asking the court to award attorney fees to me and to monetarily sanction you, should you pursue these frivolous motions any further.

Finally, you are making several allegations in your motion not only about me but Judge Garza that are outright false, and in my opinion libelous. I never told you that the hearing was set for 10:00 a.m. and I will not dignify this allegation with any further response. As for your allegations in paragraph 2, I truly believe they establish that you need professional help.

Please advice my office when we can expect payment on the judgment rendered, plus all interest incurred to date. Should you fail to make adequate arrangements within ten (10) days from the date of this correspondence, we will renew our efforts to execute on our judgment here or, if need be, in Huntsville.

Thank you in advance for your immediate attention to this matter.

Sincerely,

ADOLFO E. CORDOVA, JR.

AEC/og
xc:   Judge David Garza
      Angel Meda

REGULAR MAIL & CERTIFIED MAIL

April 4, 2000

To: Mr. David O. Wise
    Commission Council
    Texas State Commission on Judicial Conduct
    P.O. Box 12265
    Austin, Texas  78711-2265

From: Mr. Jesus Rodriguez
      2983 Redbird Lane
      Huntsville, Texas  77320

Re: Enclosed Documentation As Per Our Conversation of March 30, 2000

Dear Mr. Wise:

Besides Judge Garza (1) not notifying me of the trial time of day, and (2) not processing my appeal; he also did not wait 45 days between the filing of my answer to the original suit AND the setting of the initial trial date of March 25, 1999. [However, please be advised that I contested this trial date because he was not affording me a trial by jury as I had initially requested in my answer to the suit. Reluctantly, I forced him to afford me a trial by jury, and therefore, reset the trial for May 5, 1999.]

The trial date notice I received from Judge Garza for the March 25, 1999 trial did specify the time of day, 10:00 a.m.! He did not send me a notice for the May 5, 1999 trial date. However, I did receive a notice of the trial date from the plaintiff's attorney, but it contained no time of day. I confirmed the time of the trial via telephone [verbally only] with Judge Garza's office and the plaintiff's attorney, 10:00 a.m.! Judge Garza went ahead and held the trial at 9:00 a.m. instead of the scheduled 10:00 a.m.; therefore, the default judgment. How sagacious and shrewd!

Judge Garza blatantly disregarded and violated many of the Texas Rules of Civil Procedure, ethical standards and abused his judicial power.

Sincerely,

_____
Mr. Jesus Rodriguez
2983 Redbird Lane
Huntsville, Texas  77320

COPY

Law Office of

# Adolfo E. Cordova, Jr.

**711 N. Sam Houston**
**San Benito, Texas 78586**

**Office:** (956) 399-
**Fax:** (956) 399-

March 17, 2000

Mr. Jesus Rodriguez
2983 Redbird Lane
Huntsville, Texas 77320

RE:    Cause No. 50;  Meda vs. Rodriguez

Dear Mr. Rodriguez:

I am in receipt of your Motion for New Trial dated 03/15/00.  Be advised, that this motion is approximately eight (8) months late and no legal recourse exists for you to appeal the judgment rendered against you.  In fact, Judge Garza's court lost jurisdiction on this matter thirty (30) days after he rendered his judgment.

Furthermore, your time to appeal lapsed ten (10) days from the date of the judgment.  In short, this judgment is final and irreversible.  I will be asking the court to award attorney fees to me and to monetarily sanction you, should you pursue these frivolous motions any further.

Finally, you are making several allegations in your motion not only about me but Judge Garza that are outright false, and in my opinion libelous.  I never told you that the hearing was set for 10:00 a.m. and I will not dignify this allegation with any further response.  As for your allegations in paragraph 2, I truly believe they establish that you need professional help.

Please advice my office when we can expect payment on the judgment rendered, plus all interest incurred to date.  Should you fail to make adequate arrangements within ten (10) days from the date of this correspondence, we will renew our efforts to execute on our judgment here or, if need be, in Huntsville.

Thank you in advance for your immediate attention to this matter.

Sincerely,

ADOLFO E. CORDOVA, JR.

AEC/og
xc:    Judge David Garza
       Angel Meda

REGULAR MAIL & CERTIFIED MAIL

ANGEL MEDA                                              PRECINCT 3, PLACE 2.

Vs                                                      CAMERON COUNTY, TEXAS

JESUS RODRIGUEZ

CAUSE #    50

## ORDER ON DEFENDANT'S MOTION FOR NEW TRIAL

On _March 17th_ , 20_00_ , the court considered
Defendant Jesus Rodriguez's motion for new trial. After considering
the motion and the response,

Due to the fact that your 5 days for a new trial and 10 days
to appeal your case, has lapsed.

### THE COURT DENIES THE MOTION

SIGNED on this _17th_ day of _March_ 20 _001_.

_____
PRESIDING JUDGE

March 15, 2000

To: Federal Bureau of Investigation
    ATTN.: Complaint Department (Criminal and Civil Rights Division)
    2500 East T. C. Jester Boulevard
    Houston, Texas   77008

From: Mr. Jesus Rodriguez
      2983 Redbird Lane
      Huntsville, Texas   77320

Re: Complaint Against the City of San Benito Police Department and Municipal Jail for Abuse,
    Corruption, and Criminal & Civil Rights Violations

Dear FBI Complaint Department:

As per our conversation of September 17, 1999, I want to formally file this complaint with your
office of Criminal and Civil Rights Division.

I have delayed in filing this complaint due the following reasons:

(1) lack of complete awareness of my legal rights and issues surrounding my complaint,

(2) attempt to have an attorney look into my complaint [not interested due to local judicial,
    police and political pressures which interferes with business and results in blacklisting and
    loss of clients and fear],

(3) ongoing investigations by the county judge, district attorney's office, filing of formal
    criminal complaint with local judicial offices, and ongoing internal affairs investigation
    conducted by the San Benito Police Department Internal Affairs Division in which I was
    continually harassed, intimidated and accused of fabricating my complaints, asked to
    withdraw my complaints and threatened with criminal charges against me if I indeed were
    lying. **NO RELIEF OBTAINED** due to political corruption and cover-ups by Cameron
    County law enforcement officials [SBPD, justice of the peace judges, district attorney and
    the like].

(4) erroneous misconception that I would have the judicial support and personal funds to

pursue this matter through the criminal and civil court system.

Corruption and abuse is prevalent within the SBPD jail system.  For example, while in custody in their jail, I was placed in a cell with no lavatory and **forced** to lie down on an iron mesh [like laying on nails] bed with no type of mattress, blankets and/or pillow.  They repeatedly denied me these items when I requested them.  They advised me that I could not have these bed accessories because I would attempt to **commit suicide** and that they used this strategy as a <u>deterrent and punishment</u> in order to keep people from committing future crimes and returning to jail.  I was also denied medical attention for my post-poliomyelitis and lower spine conditions.  I had to endure these tormenting conditions for almost nine (9) long hellish hours.  This particular case of physical and psychological abuse was the result of a malicious, **trumped-up and fraudulent** _contempt of court_ **charge authored by Judge David Garza, mind you**!!!  I am an educator and psychologist with a Master's degree and over 305 earned college credits.  Plus, I am a seasoned twenty-one (21) year veteran administrator, employee of the Texas Department of Criminal Justice system.  Furthermore, they treated me worse than a convict, criminal and mental patient; yet I have no criminal background nor a psychological suicide profile to say the least.  [Please refer to attachments for further details.]

In addition, minutes upon my release from jail by Justice of the Peace David Garza, on time served, two (2) SBPD officers [Judge David Garza's cronies] stood by and witness Justice of the Peace David Garza threatened my life [to kill me] and did nothing to intervene in preventing the assault by threat nor did they report this incident to their superior.  Also, the SBPD **delayed** in processing the paperwork on my criminal complaint against Judge David Garza; documents which I needed in order to file the complaint with a local judge.  This criminal behavior by justice of the peace judges and the like is **condoned** by the SBPD Police Chief Richard E. Clark, Jr.!!!

Sincerely,

_Mr. Jesus Rodriguez_

**Mr.  Jesus Rodriguez**
2983 Redbird Lane
Huntsville, Texas   77320

(936) 291-0106   Residence

(936) 295-9126   Ext.  1494   Employer   [Mondays and Fridays ONLY!!!]

cc:  File

March 15, 2000

To: Federal Bureau of Investigation
    ATTN.:  Complaint Department (Criminal and Civil Rights Division)
    2500 East T. C. Jester Boulevard
    Houston, Texas  77008


From: Mr. Jesus Rodriguez
    2983 Redbird Lane
    Huntsville, Texas  77320


Re: Complaint Against Justice of the Peace Judge David Garza for Judicial Misconduct and
    Corruption, Disregard of the Law, Conspiracy, Abuse of Power and Assault by Threat


Dear FBI Complaint Department:

As per our telephone conversation of September 17, 1999, I want to formally file this complaint with your office of Criminal and Civil Rights Division.

I have delayed in filing this complaint due the following reasons:

(1) lack of complete awareness of my legal rights and issues surrounding my complaint,

(2) attempt to have an attorney look into my complaint [not interested due to local judicial, police and political pressures which interferes with business and results in blacklisting and loss of clients and fear],

(3) ongoing investigations by the county judge, district attorney's office, State Commission on Judicial Conduct, filing of formal criminal complaint with local judicial offices, and ongoing internal affairs investigation conducted by the San Benito Police Department Internal Affairs Division in which I was continually harassed, intimidated and accused of fabricating my complaints, asked to withdraw my complaints and threatened with criminal charges against me if I indeed were lying. **NO RELIEF OBTAINED** due to political corruption and cover-ups by Cameron County law enforcement officials [justice of the peace judges, district attorney and the like.

*The State Commission on Judicial Conduct still has an ongoing investigation into this matter.*

March 15, 2000

To: Federal Bureau of Investigation
    ATTN.: Complaint Department (Criminal and Civil Rights Division)
    2500 East T. C. Jester Boulevard
    Houston, Texas  77008

From: Mr. Jesus Rodriguez
      2983 Redbird Lane
      Huntsville, Texas  77320

Re: Complaint Against Justice of the Peace Judge David Garza for Judicial Misconduct and
    Corruption, Disregard of the Law, Conspiracy, Abuse of Power and Assault by Threat

Dear FBI Complaint Department:

As per our telephone conversation of September 17, 1999, I want to formally file this complaint
with your office of Criminal and Civil Rights Division.

I have delayed in filing this complaint due the following reasons:

(1) lack of complete awareness of my legal rights and issues surrounding my complaint,

(2) attempt to have an attorney look into my complaint [not interested due to local judicial,
    police and political pressures which interferes with business and results in blacklisting and
    loss of clients and fear],

(3) ongoing investigations by the county judge, district attorney's office, State Commission on
    Judicial Conduct, filing of formal criminal complaint with local judicial offices, and
    ongoing internal affairs investigation conducted by the San Benito Police Department
    Internal Affairs Division in which I was continually harassed, intimidated and accused of
    fabricating my complaints, asked to withdraw my complaints and threatened with criminal
    charges against me if I indeed were lying. **NO RELIEF OBTAINED** due to political
    corruption and cover-ups by Cameron County law enforcement officials [justice of the peace
    judges, district attorney and the like.

*The State Commission on Judicial Conduct still has an ongoing investigation into this
matter.*

(4) erroneous misconception that I would have the judicial support and personal funds to pursue this matter through the criminal and civil court system.

Justice of the Peace Judge David Garza, as a direct result of this man's corruption and unethical behavior unbecoming a judge in handling a simple Small Claims Court lawsuit, along with the Plaintiff's attorney, Mr. Adolfo E. Cordova, Jr., targeted a malicious vendetta against me for **demanding justice** in his court. He entered a default judgment against me as he held the trial at nine (9) o'clock a.m. instead of the ten (10) o'clock a.m. scheduled time and then viciously and maliciously had me unlawfully arrested for *contempt of court* when I requested an "excuse note" for my employer; in his office, three blocks away from the courthouse! I had to endure almost nine (9) hours of this particular abuse in the city of San Benito Municipal jail on Judge Garza's **trumped-up and fraudulent *contempt of court* charge, mind you!!!** I am an educator and psychologist with a Master's degree and over 305 earned college credits. Plus, I am a seasoned twenty-one (21) year veteran administrator of the **Texas Department of Criminal Justice.** Furthermore, I have no criminal background. [Please refer to attachments for further details.]

In addition, Judge David Garza, against the law, took my witness hostage [false imprisonment and/or detainment], against her will, in his office and would not release her until he was through harassing, intimidating and chastising her. She told me that Judge Garza threatened to "hurt" me if he ever saw me town again. My witness also informed me that Judge Garza was in love with her in years past but that she never returned the favor. She indicated to me that Judge Garza became resentful of her because of that fact.

. Also, minutes upon my release from the city jail by Justice of the Peace David Garza, on time served, Justice of the Peace David Garza threatened my life [to kill me] in the presence of two (2) of his crony SBPD officers, as they stood by and witness the ordeal.

Sincerely,

*Mr. Jesus Rodriguez*

**Mr. Jesus Rodriguez**
2983 Redbird Lane
Huntsville, Texas  77320

(936) 291-0106  Residence

(936) 295-9126  Ext. 1494  Employer  [Mondays and Fridays ONLY!!!]

cc: File

COPY

Law Office of
## Adolfo E. Cordova, Jr.

**711 N. Sam Houston**
**San Benito, Texas 78586**

**Office: (956) 399-1299**
**Fax: (956) 399-4484**

November 16, 1999

Mr. Jesus Rodriguez
2983 Redbird Lane
Huntsville, Texas 77320

RE:   1922 Mourning Dove Circle, Harlingen
TX

Dear Mr. Rodriguez:

Be advised that we received your November 9, 1999 correspondence, wherein you claim that you are owed $8,899.00.

I have been instructed to pursue every legal remedy available, should you follow through with your demand and file suit, to recover all damages sustained by Mr. Meda for your frivolous pleading including but not limited to all actual damages sustained as well as all attorney fees incurred in defending against your worthless claims.

Additionally, you should make immediate arrangements to pay the outstanding judgment against you, to preclude the accumulation of additional costs and interest. We have already abstracted said judgments in Cameron County and Walker County and we will have these executed next, should we not receive payment.

Thank you in advance for your immediate attention to this matter.

Sincerely,

ADOLFO E. CORDOVA, JR.

AEC/og

CMRRR# Z 263 346 204 and regular mail

November 9, 1999


To: Mr. Angel Meda
    Box 6633
    161 Bearfield
    La Feria, Texas   78559


From: Mr. Jesus Rodriguez
      2983 Redbird Lane
      Huntsville, Texas   77320


Re: Redress for Breach of Contract


Dear Mr. Angel Meda:

This constitutes a legal demand letter for civil remedies related to the poor quality, inferior and very substandard tile floor work you performed at the property situated at 1922 Mourning Dove Circle, Harlingen, Texas 78550. The amount of redress is $8,899.70 ($$$$Dollars) payable in one (1) lump sum within ten (10) calendar days of receipt of this certified, return receipt letter.

Failure to comply with this demand will result in a lawsuit against you for Breach of Contract and/or Gentlemen's Agreement, Fraud, Deceptive Trade Practices and Undue Hardship. A much more costly and expensive endeavor for you. Please mail the monies to the address below now.


Sincerely,


_____

Mr. Jesus Rodriguez
2983 Redbird Lane
Huntsville, Texas   77320

(409) 291-0106   Residence


cc: File

October 23, 1999


To: Mr. David O. Wise
    Commission Council
    Texas State Commission on Judicial Conduct
    P.O. Box 12265
    Austin, Texas   78711-2265


From: Mr. Jesus Rodriguez
      2983 Redbird Lane
      Huntsville, Texas   77320


Re: Criminal Complaint Against Judge David Garza Filed On October 11, 1999 With The
    Justice Of The Peace Judge Tony Torres, Precinct 2, Place 1, Cameron County
    Enclosed Documentation


Dear Mr. Wise:

I went to the Rio Grande Valley and San Benito, Texas, on the weekend of October 8, 1999.

On Monday, October 11, 1999, I went by and met with Police Chief Richard E. Clark, Jr., of the
**SBPD** and picked up my civil and criminal complaint report against Justice of the Peace Judge
David Garza. I hand-delivered the complaint to Justice of the Peace Judge Tony Torres, Precinct
2, Place 1, at the Cameron County Courthouse located in Brownsville, Texas.

The Honorable Judge Tony Torres was not in at the time I went by his office. I spoke and gave
my criminal complaint to Sandra, Court Clerk, because I had to drive back to Huntsville that
very same afternoon and therefore, could not wait for Judge Tony Torres to arrive at his office
even though I really desired to speak with him personnally about the complaint.

As of October 25, 1999, I have not heard from Judge Torres' office either by telephone, fax or
correspondence.

                          JUDGE TONY TORRES
                          JUSTICE OF THE PEACE
                          PRECINCT 2, PLACE 1
                          CAMERON COUNTY COURTHOUSE
                          974 EAST HARRISON STREET
                          BROWNSVILLE, TEXAS   78520

You may reach Justice of the Peace Judge Tony Torres at (956) 544-0857.

I hope that you safely received the packet of information I mailed to you earlier. However, if you did not, please let me know as soon as possible.

Sincerely,

_____

Mr. Jesus Rodriguez
2983 Redbird Lane
Huntsville, Texas   77320

(409) 291-0106   Residence Telephone/Facsimile after 4:30 p.m.

(409) 295-9126   Ext. 1015 or 1494   Work

     Mondays and Fridays ONLY!

P. S.  To reach me by telephone at any time of day, just telephone the above listed work number and ask the secretary for the telephone number where I may be reached for that particular day.  If you forget to obtain an extension for that phone number(s), just ask for the **WSD** Education Department and you will locate me there.

cc: File

NOTE TO STATE COMMISSION ON JUDICIAL CONDUCT:


I SPOKE WITH MR. ADOLFO E. CORDOVA, JR., ATTORNEY FOR THE PLAINTIFF, ON SEVERAL OCCASIONS. HE RETURNED MY INITIAL TELEPHONE CALL BUT NONE THEREAFTER. HE BECAME UPSET WITH ME BECAUSE I REFUSED TO SETTLE THE SUIT OUT OF COURT. HE HUNG UP THE TELEPHONE ON ME ON A COUPLE OF OCCASIONS.

HE AND HIS SECRETARY ALSO NOTIFIED ME VERBALLY ON SEVERAL OCCASIONS THAT THE TRIAL TIME WAS GOING TO BE AT 10:00 A.M., NOT 9:00A.M. BUT NEVER IN WRITING!

MR. CORDOVA MAILED ME ONLY ONE (1) LETTER [CERTIFIED] WITH THE WRONG ADDRESS ON IT, THE WRONG CAUSE NUMBER ON IT AND HE DID NOT SPECIFY THE THE TIME OF THE TRIAL.

INFORMATION CONTAINED IN HIS LETTER, THE $910.00 AMOUNT OF THE ALLEGED DEBT, CONFIRMS THAT HE ALSO VIOLATED EXPARTE COMMUNICATIONS WITH JUDGE GARZA BECAUSE HE COULD NOT HAVE OBTAINED THIS FIGURE, ONLY KNOWN TO MYSELF AND NO ONE ELSE EXCEPT JUDGE GARZA, IF NOT FROM EXPARTE COMMUNICATIONS WITH JUDGE GARZA HIMSELF AS MR. CORDOVA ALSO, ALONG WITH HIS CLIENT, HAD PREVIOUSLY DENIED HAVING RECEIVED A COPY OF MY MARCH 1, 1999 ANSWER TO THE SUIT.

SO WHICH IS WHICH? THEIR CREDIBILITY IS VERY QUESTIONABLE INDEED!!!

JUDGE DAVID GARZA ET AL. BLATANTLY REFUSED TO ACKNOWLEDGE ALL THE FACTS AND TECHNICAL ERRORS THEY COMMITTED PERTINENT IN THE LAWFUL ADMINISTRATION OF THIS LEGAL SUIT, INCLUDING DEFENDANT'S COUNTERSUIT AGAINST MR. MEDA AND APPEAL ON DEFAULT JUDGEMENT!!!


JESUS RODRIGUEZ

NOTE TO STATE COMMISSION ON JUDICIAL CONDUCT:


JUDGE DAVID GARZA AND MR. ADOLFO E. CORDOVA, JR., UNLAWFULLY AND ILLEGALLY IGNORED ALL OF MY APPEAL REQUESTS ON THE RIGGED DEFAULT JUDGEMENT DECISION RENDERED BY JUDGE GARZA ON MAY 5, 1999.

MY CORRESPONDENCES TO THE CAMERON COUNTY COURTHOUSE COUNTY CLERK'S OFICE, CAMERON COUNTY JUDGE GILBERTO HINOJOSA, ASSISTANT DISTRICT ATTORNEY WILLIAM F. HAGEN, COUNTY ATTORNEY, ETC., REGARDING THE APPEAL STATUS OF MY CASE ALL WENT ANSWERED AND/OR UNRETURNED.

I DID NOT EVEN RECEIVE THE COURTESY OF A TELEPHONE CALL FROM ANYONE!


JESUS RODRIGUEZ

NOTE TO STATE COMMISSION ON JUDICIAL CONDUCT:

JUDGE DAVID GARZA AND MR. ADOLFO E. CORDOVA, JR., UNLAWFULLY AND
ILLEGALLY IGNORED ALL OF MY APPEAL REQUESTS ON THE RIGGED DEFAULT
JUDGEMENT DECISION RENDERED BY JUDGE GARZA ON MAY 5, 1999.

MY CORRESPONDENCES TO THE CAMERON COUNTY COURTHOUSE COUNTY
CLERK'S OFICE, CAMERON COUNTY JUDGE GILBERTO HINOJOSA, ASSISTANT
DISTRICT ATTORNEY WILLIAM F. HAGEN, COUNTY ATTORNEY, ETC., REGARDING
THE APPEAL STATUS OF MY CASE ALL WENT ANSWERED AND/OR UNRETURNED.

I DID NOT EVEN RECEIVE THE COURTESY OF A TELEPHONE CALL FROM ANYONE!


JESUS RODRIGUEZ

To: Mr. David Wise                    9/19/99

When Judge Garza came to the jail cell to release me he had two police officers standing by his side. There was another prisoner in the holding cell with me at the time.

Garza began running his mouth right away. He said we were going to have a man to man talk, but that I better let him do the talking or else I would spend three nights in jail.

I never said anything except nodded my head to indicate yes or no.

He said that he did what he did because he needed to have order & control of his court. (Though I had one foot outside the door and all I asked for was an excuse letter for my employer.)

He said that he was letting me go because he knew that I had a very important job to do with the Department of Criminal Justice, NOT because of the community leaders who called him on my behalf to release me (he called some names out).

He also said that he knew that I wanted to harm him. (In awe, I said "no"; what do you mean? I thought he was

talking about me having told him that I was reporting him to the Judicial Conduct Commission.) Then he said, "I know that you want to cause physical damage to me. And if you do (I shook my head indicating "no"), don't go to anybody else. You come to me. And we will get in my truck and drive to the countryside and I will do away with you. I will kill you. Do you understand that? Do you understand that?!" Then he said, "I don't want you coming by my office for anything ever again. Don't call my office, don't write to me, nothing! Stay away and don't even try to appeal the case and my decision. I have entered a default judgement against you for not showing up for the court trial." Then he said, "If you know what is good for you, stay away!"

Then Judge Garza went into the following discussion —

See NEXT PAGE

## NOTICE OF COSTS

TYPE OF DOCUMENT: _Writ of Execution_

CAUSE # _50_    COURT _JP 3_    DEFENDANT _Jesus Rodriguez_

JUDGEMENT $ _1200.00_

INTEREST ON JUDGEMENT $ _40.00_ AS OF _9-6-99_

Dailey Rate of Interest $ _.33_

ATTORNEY FEES $ _892.00_

INTEREST ON ATTORNEY FEES $ _29.73_ AS OF _9-6-99_

Daily Rate of Interest $ _.25_

COURT COST $ _____

SHERIFF/CONSTABLE FEES $ _75.00_

OTHER COSTS FOR HANDLING-STORING-TOWING $ _____

Make payment to our office _Walker County Sheriff Dept._

Telephone number of Deputy _409 435-2400_

TOTAL COSTS DUE THIS DATE: $ _2236.73_

# WRIT OF EXECUTION

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE WITHIN THE STATE OF TEXAS;
GREETINGS:

WHEREAS,_____ ANGEL MEDA _____, Plaintiff,
on the____6th____day of____MAY_____1999_____, in the Honorable
PCT. 3 PL. 2____of __CAMERON____County, Texas, in Cause Number: __50____
____ANGEL MEDA_____Vs. __JESUS RODRIGUEZ_____
recovered a Judgment against_____JESUS RODRIGUEZ_____Defendant,
for the sum of $__1200.00___, with interest from the __6th_ day of __MAY____199_9__,
at the rate of __10%__ per annum, and all Costs of Suits.

THEREFORE, you are commanded that out of the property of the said:
____JESUS RODRIGUEZ_____Defendant, subject to execution by law, you cause to be
made the sum of $__1200.00__ with interest thereon from the __6th_day of____MAY____199_9_,
at the rate of____10____% per annum, together with the sum of $_892.00_____ cost of suit
and also the cost of executing this writ and you will forwith execute this writ according to law and
the mandates thereof.

HEREIN FAIL NOT  and have you the said monies, together with this writ before the said
Court at the Courthouse thereof in: _____CAMERON_____, Texas, showing how you
have executed the same within____30_____days from date hereof.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at
__195 E. ROBERTSON SAN BENITO, TEXAS 78586____SAN BENITO, TEXAS__
This the____31st____day of__AUGUST_____199_9__

ATTEST: _____

DAVID GARZA, Judge of Justice Court

MICHELLE CEPEDA, CHIEF CLERK

The Rules of Civil Procedure do not require an execution to show upon its face the number or previous
executions which have been issued on a Judgment, this form can, therefore, be used for the original
execution or an alias execution.

DELIVERED_____19__

Victor K. Graham, Sheriff, Walker Cour

BY: _____

June 19, 1999

To:  David Garza, Justice of the Peace
     Precinct Number 3, Place 2
     195 East Robertson Street
     San Benito, Texas  78586

From:  Mr. Jesus Rodriguez, Esquire (BA, BS, MED, PHD)
       2983 Redbird Lane
       Huntsville, Texas  77340

Re:  Cause Number 50 Appeal Status

Dear Sir:

Please advise me as to the status of my appeal on above named and mentioned cause number.

All necessary paperwork and fees were filed with Michelle, Court Clerk, on May 7, 1999 with appropriate witnesses present.

I have written several letters to you since May 7, 1999 and I see how you have chosen to continue to ignore my legal business with this court. This goes against all the tenets of a court of law and legal jurisprudence.

My attorney and I will be coming by your office in a couple of weeks to discuss this matter with you in detail.

Sincerely,

Mr. Jesus Rodriguez, Esquire
Appellant

June 19, 1999


To: David Garza, Justice of the Peace
     Precinct Number 3, Place 2
     195 East Robertson Street
     San Benito, Texas  78586


From:  Mr.  Jesus Rodriguez, Esquire (BA, BS, MED, PHD)
        2983 Redbird Lane
        Huntsville, Texas  77340


Re:  Cause Number 50 Appeal Status


Dear Sir:

Please advise me as to the status of my appeal on above named and mentioned cause number.

All necessary paperwork and fees were filed with Michelle, Court Clerk, on May 7, 1999 with appropriate witnesses present.

I have written several letters to you since May 7, 1999 and I see how you have chosen to continue to ignore my legal business with this court.  This goes against all the tenets of a court of law and legal jurisprudence.

My attorney and I will be coming by your office in a couple of weeks to discuss this matter with you in detail.


Sincerely,


Mr.  Jesus Rodriguez, Esquire
Appellant

Jesus Rodriguez
came by and
brought written
notice on appealing
the case.
5/7/99
          Michelle Caseli

—COMPLAINT—Affidavit for Warrant of Arrest—

# In the Name and by the Authority of the State of Texas:

BEFORE ME, the undersigned authority, on this day personally appeared

_Jesus Rodriguez_, who, after being by me duly sworn, on Oath deposes and says: That he has good reason to believe, and does believe, that heretofore, on or about the

_5_ day of _May_, 19 _94_, and before the making and filing of this Complaint, in the County of Cameron and State of Texas, _David Garza_

did then and there unlawfully, intentionally and knowingly.

A PERSON TO WIT: _David Garza_   COMMITS AN OFFENSE
IF THE PERSON INTENTIONALLY OR KNOWINGLY THREATENS ANOTHER TO
WIT: _Jesus Rodriguez_   IMMINENT BODILY INJURY TO
WIT _I will kill you_ .
T.P.C. 22.01 (a)(2)
ASSAULT BY THREAT
CLASS C MISDEMEANOR

against the peace and dignity of the State.

_____
Complainant

Sworn to and subscribed before me, this _____ day of _____ A.D. 19 ____

_____
Justice of the Peace

Precinct No. _____, Pt. No. _____, Cameron County, Texas

*Here describe specifically the offense committed

REPORT NARRATIVE PAGE #_____

CASE # 9906121330

OFFENSE TYPE: Assault By Threat

(INDICATE ONE)
PURPOSE OF THIS NARRATIVE: INITIAL REPORT ___✓___ FOLLOW-UP REPORT _____ INVESTIGATOR'S REPORT_____

On or about 1330hrs Jesus Rodriguez (R/p) came By Police Station stating he wanted to File an assault By threat complaint against Justice of the Peace David Garza over an incident that he alleges occurred while he was in Jail on May 5, 1999 For Contempt of Court. R/p states J.P. Garza came to the Jail on or about 1800hrs May 5, 1999 and told R/p he wanted to have a man to man talk with him. R/p alleges that while J.P. Garza was talking to him, he told R/p that he would kill him. R/p states that after J.P. Garza was done talking he was released From Jail on time served.

R/p states there were 2 Police officers in the Jail Section when J.P. Garza came to talk to him Ofc. M. Sierra and Ofc. M. Dela Fuente. It is unknown at time of this Report whether they heard the alleged threat.

Reporting Officer's Signature: J. M.

DATE: 6-13-99

PDI-6

STATE OF TEXAS                                      SAN BENITO, TEXAS

COUNTY OF CAMERON                                   78586

Before me the undersigned authority in and for said County and

State personally appeared _Jesus Rodriquez_____

who, after being duly sworn, did depose and say: My name is

_Jesus Rodriquez_____, I am presently living at

_2983 Redbird Lane Huntsville Tx_ & my telephone number is _409-291-4200_
                                                            EXT. 2141
                                                            OR 2570

On May 5, 1999 I had been arrested by San Benito Police officers
at the order of Justice of the Peace David Garza for contempt of
court on or about 1030 am. I was transported to the city Jail and
was incarcarated there until about 6:00pm when Judge Garza
came to the Jail to speak with me. Judge Garza told me that he was
going to have a man to man talk with me but that I better listen
and let him do the talking otherwise I would be spending 3 nights
in Jail. Judge Garza told me that he knew that I "wanted to
hurt him." In anger, I said no then he said "I know that you want
to cause physical damage and if you do, you come to see me Don't go
to anybody else. You come to me and we'll get in my truck, we'll drive
out to the countryside and I will do anything with you. Then in a soft low
voice he said "I will kill you. You understand that? When he first
accused me of wanting to hurt him, I thought he was referring to
the Judicial Conduct Commission complaint. I advised him weeks earlier
I was going to file against him. Judge Garza told me previously before
he threatened me that he was not releasing me because of the person.

This is a true and correct statement to the best of my knowledge

                                        _Jesus Rodriquez_

_____

   Guardian/Parent if minor

Sworn and subscribed before me this _12__ day of _June_

1999 A.D.

_____

Notary Public in and for Cameron County, Texas

Comm. Exps. _12-03-2002_____.

STATE OF TEX..S                                     SAN BENITO, TEXAS

COUNTY OF CAMERON                                   78586


Before me the undersigned authority in and for said County and

State personally appeared _Jesus Rodriquez_____

who, after being duly sworn, did depose and say: My name is

_Jesus Rodriquez_____, I am presently living at

_2983 Red Bird Lane Huntsville Tx_ & my telephone number is _409-291-4200_
                                                             EXT. 2171
                                                             or 2550

Which call them on my behalf telling them to release me, He told

me that He was releasing me because He knew I had a very

Important Job to do with the Tx. Dept of Criminal Justice. He then

told me that He arrested me because He needed to have control

and order in His courtroom, (though I was arrested at His office

as I had one foot outside the office door and I then turned

my HEAD to ask Him for a letter of excuse for my employer.)

Judge Garza then turned His attention to the other prisoner

in the jail and spoke to them briefly. Judge Garza the walked away

and advised etc. De Taffuente to release me on time served.

_____

_____

_____

_____

_____

_____

_____


This is a true and correct statement to the best of my knowledge

                                           _Jesus Rodriguez_

_____

    Guardian/Parent if minor

Sworn and subscribed before me this _12th_ day of _June_

199_9_ A.D. _____

Notary Public in and for Cameron County, Texas

Comm. Exps. _12-03-2002_____ .

# SAN BENITO POLICE DEPARTMENT
## FIELD INCIDENT REPORT



Case Number: 9906121330          Offense Title: Assault by Threat

Charge Code: ___  Disposition ___  Disposition Date ___

Crime Occurred Between :   Date  May 5, 1999    Time  1800
And:                       Date                 Time  1830
Crime Reported:            Date  June 12, 1999  Time  1430

Cleared by Arrest:   (Or By Exceptional Means:   circle one  Y  N    All Persons Under 18 YOA ___

Type of Premises:  City Jail    District #   circle one  1  2  3  4  5  6  7  8    Premises Vacant?  circle one  Y  N

Address of Occurrence:  number and street  145 So. Reagan   city  San Benito   state  Tx   zip code  78880

Trademark or unusual event: ___

Total Value of loss / stolen prop.  $ ___   Will Victim Prosecute?  Yes ( X )  No ( )   Was Evidence Gathered?  Yes ( )  No ( )

| | | | |
|---|---|---|---|
| Evidence From Crime Scene ? | Y  N | Reporting Officer | T. Benavides |
| Evidence From Victim ? | Y  N | Detective Assigned | |
| Evidence From Other ? | Y  N | Date Assigned | |

Approving Supervisor's Initials ___

Additional Case Numbers Associated : ___

## PERSONS INVOLVED

Involvement:  circle one  V  R  W  S  A    Person I.D. ( )    Booking # ( )

Name: Jesus Rodriguez    D.O.B. 9-15-55    Age 43

| Race | Sex | Height | Weight | Hair | Eyes | Social Sec # | D. L. # |
|---|---|---|---|---|---|---|---|
| W H | M | 5'10" | 220 | Blk/Grey | | 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 | 08470538 |

Home Addr:  2983 Redbird Lane
City/State/Zip:  Huntsville  Tx  77340     Home Phone ___
Company Name:  Tx Dept Criminal Justice
Address:  P.O. 99  Huntsville  Tx  77340    Work Phone  409-291-420 Ext 2141  2590

PDI-1

# ADDITIONAL PERSONS INVOLVED

CASE NUMBER { 990612 1330 }    OFFENSE TITLE { Assault By Threat }

| Involvement | circle one<br>V R W S A | Person I.D. ( ) | Booking # ( ) |
|---|---|---|---|

| Name | David Garza | | | D.O.B. N/A | | Age |
|---|---|---|---|---|---|---|

| Race | | Sex | Height | Weight | Hair | Eyes | Social Sec # | D.L. # |
|---|---|---|---|---|---|---|---|---|
| W | | M | 5'9" | — | Blk | Brn | N/A | N/A |

Home Addr:

City/State/Zip:

Company Name:

Address: 195 East Robertson

Home Phone:

Work Phone: 399-3520

# ADDITIONAL PERSONS INVOLVED

| Involvement | circle one<br>V R W S A | Person I.D. ( ) | Booking # ( ) |
|---|---|---|---|

| Name | | | | D.O.B. | | Age |
|---|---|---|---|---|---|---|

| Race | | Sex | Height | Weight | Hair | Eyes | Social Sec # | D.L. # |
|---|---|---|---|---|---|---|---|---|

Home Addr:

City/State/Zip:

Company Name:

Address:

Home Phone:

Work Phone:

# ADDITIONAL PERSONS INVOLVED

| Involvement | circle one<br>V R W S A | Person I.D. ( ) | Booking # ( ) |
|---|---|---|---|

| Name | | | | D.O.B. | | Age |
|---|---|---|---|---|---|---|

| Race | | Sex | Height | Weight | Hair | Eyes | Social Sec # | D.L. # |
|---|---|---|---|---|---|---|---|---|

Home Addr:

City/State/Zip:

Company Name:

Address:

Home Phone:

Work Phone:

Reporting Officer's Signature: _____    DATE 6-13-99

PDI-2

# SAN BENITO POLICE DEPARTMENT
## INTERNAL AFFAIRS COMPLAINT FORM

### INTERNAL AFFAIRS COMPLAINT NUMBER: # 9905061600

NAME OF COMPLAINANT: JESUS RODRIGUEZ

ADDRESS OF COMPLAINANT: 2983 REDBIRD LANE     HUNTSVILLE, TEXAS 77340

HOME TELEPHONE: (409) 291-4200                WORK TELEPHONE: (956) 636-2106 (SISTER)

TIME AND DATE COMPLAINT RECEIVED: 1600 HOURS ON 05/06/1999

NAME/ADDRESS/PHONE OF PERSONS INCLUDED IN INVESTIGATION AS (SPECIFY) WITNESS OR SUSPECT:

1.  SUSPECT: PO III MARTIN SIERRA     145 S. REAGAN  SAN BENITO, TEXAS 78586 (956) 361-3880

2.  SUSPECT: PO II MARGARITO DE LA FUENTE 145 S. REAGAN SAN BENITO, TX 78586 (956) 361-3880

3.  WITNESS:

4.  WITNESS:

5.  WITNESS:

NAME AND NUMBER OF DEPARTMENT MEMBER ACCEPTING OR INITIATING THE COMPLAINT:

DANIEL CHAVEZ  #331

ALLEGATION (S) OF RULE OR LAW VIOLATED: OFFICER MARTIN SIERRA DENIED COMPLAINANT MEDICAL ATTENTION, FOOD AND WATER, AND INCOMING CALLS WHILE IN CUSTODY AT THE SAN BENITO POLICE DEPARTMENT. OFFICER MARTIN SIERRA THREATENED COMPLAINANT THAT HE WOULD HAVE ADDITIONAL CHARGES AGAINST HIM IF HE DID NOT SETTLE DOWN. OFFICER MARGARITO DE LA FUENTE USED VULGAR AND ABUSIVE LANGUAGE AS WELL AS RIDICULED PRISONERS BEING HELD IN THE SAN BENITO JAIL.

### NOTICE TO COMPLAINANT:

YOU ARE INFORMED THAT A SWORN, WRITTEN STATEMENT OF FACT (AN AFFIDAVIT) WILL E SOLICITED, THOUGH A SWORN AFFIDAVIT IS PREFERRED, YOU ARE ASSURED THAT YOUR COMPLAIN WILL BE FULLY INVESTIGATED IN ABSENCE OF ANY SUCH AFFIDAVIT.
    NOTICE: UNDER CERTAIN CIRCUMSTANCES, IT IS A VIOLATION OF CRIMINAL LAW TO MAKE A
    FALSE STATEMENT TO A PEACE OFFICER.

SIGNATURE OF COMPLAINANT                          SIGNATURE OF WITNESS TO
                                                  COMPLAINANT'S SIGNATURE

{ } COMPLAINANT REFUSED TO SIGN – { } OTHER (EXPLAIN)

COMPLAINANT RECEIVED, AND A COPY DELIVERED TO THE COMPLAINANT, BY DEPARTMENT MEMBE
SIGNATURE:                 1536 hrs  DATE:   6-11-99

*Copy: W. F. Hagan*
*Asst. Dist. Attorney*

MAY 11, 1999

TO: JUDGE GILBERTO HINOJOSA, CAMERON COUNTY JUDGE

RE: J. P. DAVID GARZA
    PRECINCT 3, PLACE 2
    SAN BENITO, TEXAS

    ATTACHMENTS

ATTACHED IS A COPY OF THE COURT'S DEFAULT JUDGEMENT AGAINST ME. .I DID NOT
HAVE A COPY TO GIVE YOU WHEN WE VISITED WITH YOU ON 5-7-99.

I OBTAINED A COPY OF IT LATER THAT AFTERNOON WHEN I WENT TO JUDGE GARZA'S
OFFICE TO DELIVER MY APPEAL OF HIS DECISION.  BECAUSE HE HAD THREATENED ME NOT
TO EVER CALL, WRITE NOR VISIT HIS OFFICE EVER AGAIN, I DID TAKE A WITNESS WITH
ME AND HAD A CIVIL STANDBY BY A DEPUTY OFFICER OF THE CAMERON COUNTY SHERIFF'S
DEPARTMENT.  JUDGE GARZA WAS NOT IN HIS OFFICE AT THE TIME WE CAME IN.

ALSO, ON 5-9-99, I WROTE HIM A LETTER REQUESTING THAT HE PLEASE CONSIDER
DROPPING/DISMISSING THE CONTEMPT CHARGE IN ITS ENTIRETY AND HAVING IT ERASED
AND/OR EXPUNGED FROM LOCAL, STATE AND NATIONAL LAW ENFORCEMENT AGENCIES
(COMPUTERS).  I WAS NOT FINGERPRINTED; HOWEVER, I DID HAVE TO REPORT THIS
INCIDENT TO MY EMPLOYER.

WHEN I ARRIVED BACK IN HUNTSVILLE, A ENVELOPE/LETTER FROM JUDGE GARZA'S OFFICE
WAS AWAITING ME.  IT CONTAINED A COPY OF THE DEFAULT JUDGEMENT, NOTHING ELSE.
IN ADDITION, IT WAS ADDRESSED TO MY OLD ADDRESS.  A COPY IS ATTACHED ALONG
WITH THE LETTER I RECEIVED FROM MR. CORDOVA, PLAINTIFF'S ATTORNEY, ALSO·
ADDRESSED TO MY OLD ADDRESS!  THEY BOTH HAVE MY NEW ADDRESS. *In my opinion,*
*I would not receive ~~the both~~ the letters.*
THE MORE I STUDY THESE DOCUMENTS THE MORE FISHY EVERYTHING SMELLS, OR, I AM
PARANOID.

WHAT STARTED OUT AS A $910.00 JOB, MR. MEDA SUED FOR $~~1262~~.00 *1325.* ~~WITH~~ *Plus* ATTORNEY
FEES OF $750.00!

I HAVE HAD SITUATIONS WHERE I HAVE WANTED TO SUE PEOPLE FOR MONEY OWED OR
OTHER DAMAGES AND I HAVE NOT DONE SO BECAUSE I HAVE REASONED THAT, MONEY WISE
IT WAS NOT WORTH IT.

I HAVE PRESENTED ATTORNEYS WITH SIMILAR CASES AND THEY HAVE TOLD ME THAT IT IS
NOT WORTH THE TIME AND MONEY.  JUST TO CHALK IT UP AS EXPERIENCE.

$750.00 ATTORNEY FEES PLUS FILING FEES TO RECOUP ( .YBE, IF HE WINS) A MINIMUM OF $910.00 OR LESS???????  SOMETHING DOES NOT SMELL RIGHT.

PLEASE REFER TO ATTORNEY CORDOVA'S LETTER WHERE HE SAYS THAT MR. MEDA WAS **FORCED** TO OBTAINED HIS SERVICES BECAUSE I REQUESTED A JURY TRIAL.  I DO NOT THINK THIS CONSTITUTES A TRUE STATEMENT.  IN MY OPINION, HE SCREWED MR. MEDA AS WELL.  MR. MEDA COULD HAVE REPRESENTED HIMSELF, JUST AS I WAS, IN SMALL CLAIMS COURT.  WITH OR WITHOUT A JURY TRIAL.

JUDGE GARZA HAS VIOLATED THE RULE OF EXPARTE COMMUNICATIONS FROM DAY ONE.  IN MY OPINION, IT WAS HIM, WHO GAVE MR. MEDA LEGAL ADVICE AND ON TOP OF IT ALL REFERRED HIM TO ATTORNEY CORDOVA, JUDGE GARZA'S FRIEND!

THIS WAS ALL A SCAM!!!  IT WAS A PREMEDITATED, MALICIOUS AND VICIOUS ACT ON JUDGE GARZA'S PART AND WHOM EVER ELSE WAS INVOLVED BEGINNING BACK IN MARCH WHEN HE WAS FORCED TO GIVE ME A JURY TRIAL AND WHEN I ADVISED HIM THAT I WAS GOING TO FILE A COMPLAINT AGAINST HIM WITH THE JUDICIAL CONDUCT COMMISSION.  A LOT OF OTHER THINGS HAPPENED IN BETWEEN.

PERSONALLY, IF I WERE THE PLAINTIFF, I WOULD HAVE NEVER PURSUED SUCH A SUIT IF WAS NOT GUARANTEED A WIN BY MY ATTORNEY.  HOW WAS MR. MEDA GUARANTEED A WIN BY HIS ATTORNEY **OR EVEN** JUDGE GARZA?  THIS IS HOW:

    1) BY THE COURT **NOT NOTIFYING** ME OF A TRIAL DATE AND TIME,

    2) BY ATTORNEY CORDOVA SENDING ME A CERTIFIED LETTER NOTIFYING ME OF THE TRIAL DATE ONLY, **NOT THE TIME**,

    3) BY BOTH COURT SECRETARIES NOTIFYING ME OF THE TRIAL TIME ON TWO (2) DIFFERENT OCCASIONS AS BEING AT 10 AM WHEN I **TELEPHONED** THE COURT,

    4) BY ATTORNEY CORDOVA NOTIFYING ME OF THE TRIAL TIME ON FIVE (5) DIFFERENT OCCASIONS AS BEING AT 10 AM WHEN I **TELEPHONED** HIS OFFICE AND

    5) BY JUDGE GARZA **REFUSING** TO SPEAK WITH ME ON THE TELEPHONE THE DAY BEFORE THE TRIAL.

    6) How? By holding the trial at 9:00 am instead of the 10:00

AM I PARANOID OR WHAT?                         Scheduled ti...

PLEASE HELP!

SINCERELY,

*M. Jesus Rodriguez*
MR. JESUS RODRIGUEZ
2983 REDBIRD LANE
HUNTSVILLE, TEXAS    77340

(409) 291-4200  EXT. 2141  OR  2590

Please have your secretary
acknowledge receipt. Thanks,
JR

VERY, VERY, VERY PRIVATE AND CONFIDENTIAL!!!!!!!!!

JUDGE HINOJOSA, YOU ASKED MY WITNESS, MARIA GARCIA, IF SHE HAD HAD A
RELATIONSHIP WITH JUDGE GARZA.  HER REPLY WAS AN EMPHATIC NO!  THIS IS THE
TRUTH.

HOWEVER, MARIA TOLD ME THAT IN **YEARS PAST** JUDGE GARZA WANTED TO GET
ROMANTICALLY INVOLVED WITH HER BUT THAT SHE WOULD ALWAYS TURN HIM DOWN.  JUDGE
GARZA NEVER APPRECIATED THIS VERY MUCH, SHE TELLS ME.

WHEN JUDGE GARZA SAW THE BOTH OF US APPEAR IN HIS OFFICE, HE IMMEDIATELY
ASSUMED THAT MARIA AND I WERE HUSBAND AND WIFE, NOT MY WITNESS!

WHEN JUDGE GARZA HAD MARIA FALSELY IMPRISONED IN HIS OFFICE, MARIA TOLD ME
THAT HE BROUGHT THIS PAST FORTH AND QUESTIONED HER AS TO WHY SHE HAD CHOSEN A
NO GOOD SCOUNDREL SUCH AS ME OVER HIM!  MARIA TELLS ME THAT HE RAN HIS MOUTH
OFF ABOUT HOW MUCH HE (JUDGE GARZA) LOVED HER AND WANTED TO MARRY HER AND SO
FORTH.

MARIA TOLD ME THAT JUDGE GARZA REALLY RESENTED AND DESPISED HER BEING
ACQUAINTED WITH ME AND VICE VERSA AND THAT HIS PERSONAL GRUDGE OF YEARS PAST
AGAINST HER HAD A LOT TO DO WITH MY ARREST.

MARIA ALSO TOLD ME THAT JUDGE GARZA PHYSICALLY THREATENED MY LIFE DURING HER
CONFINEMENT IN HIS OFFICE.


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


JUDGE HINOJOSA, I AM RELAYING THIS PIECE OF INFORMATION TO YOU **WITHOUT MARIA'S
CONSENT**.  MARIA IS VERY, VERY NERVOUS AND AFRAID ABOUT THIS INCIDENT AND IS
DOUBLE AFRAID OF JUDGE GARZA AND WHAT HE MIGHT DO TO HER IN RETALIATION.  SHE
TELLS ME THAT SHE DOES NOT REALLY WANT TO GET INVOLVED OR GET CROSSED WITH
THE GARZA'S IF AT ALL POSSIBLE.

*I had a hard time getting her to accompany me to your office to make complaint. While we were waiting for in the waiting room, she started to run away out of fear; if you recall, I was getting her from the hallway as you out to get me. She came in voluntary. She felt good after our talk with you and the County attorneys.*

THANK-YOU,

*Mr. Jesus Rodriguez*

MR. JESUS RODRIGUEZ


cc: *William F. Hagan, Asst. Dist. Attorney*
    *File*

Jesus Rodriguez
came by and
brought written
notice on appealing
the case.
5/7/94
            Michelle Capeli



ORIGINAL



DAVID GARZA
JUSTICE OF THE PEACE
PCT. 3 PL.2

195 E. ROBERTSON
SAN BENITO, TEXA
PHONE 399-3525

| ANGEL MEDA | § | In the Justice Court |
|---|---|---|
| | § | |
| | § | |
| vs. | § | |
| | § | Cameron County, Texas |
| | § | |
| JESUS RODRIGUEZ | § | Cause # 50 |

### Default Judgment

At the hearing on this cause, Plaintiff appeared through attorney of record. Defendant although duly cited to appear and answer herein, has failed to file an answer within the allowed by law.

The court has considered the pleadings and official records on file in this cause and the evidence and is if the opinion that judgment should be rendered for Plaintiff.

It is accordingly ADJUDGED that _____ANGEL MEDA_____ Plaintiff, recover from _____JESUS RODRIGUEZ_____ Defendant, Judgment for:

1. $ 1262.00 principal amount due.

2. $ 10% as interest in the principal amount to the date of judgment;

3. $ 750.00 as attorney's fees;

4. interest at the rate of 10 percent per year on the total judgment from the date of judgment until paid; and

5. Cost of Court.

It is ORDERED that Plaintiff shall have all writs of execution and other process necessary to enforce this judgment.

All relief not expressly granted herein is denied.

Signed on _____MAY 6,_____ 19, 99

Approved for form

_____
Judge Presiding

Judgement rendered for plaintiff on defendant defualting, Defendant must pay to Plaintiff the total amount of $2,012.00, this includes court fees, attorneys, and for labor.

## SAN BENITO POLICE DEPARTMENT —— BOOKING REPORT

| PERSON ID# | | SURNAME | Rodriguez Jesus | D.O.B. | 09 15 55 |
|---|---|---|---|---|---|

| SOCIAL SEC.# | BOOKING # | D.L. STATE &NO. | | F.B.I.# | S.I.D.# |
|---|---|---|---|---|---|
| 446 94 9502 | 99.0756 | TX 08410558 | | | |

| RACE | W | EYES | Brn | HAND | | NOSE | |
|---|---|---|---|---|---|---|---|
| SEX | m | BUILD | | FACE | / | LIPS | |
| BIRTH/YR | 1455 | HAIR/LNG | | MARKS | | TEETH | |
| HEIGHT | 5'10" | TYPE | | ODD | | SPEECH | |
| WEIGHT | 885 | STYLE | | EYE | | | |
| HAIR COL. | Blk | COMPLEX. | | EAR | | | |

SCARS/MARKS/TATOOS :

| MUG PHOTO DATE | FINGER PRINT DATE | F.P. LOCATION |
|---|---|---|

| HOME ADDR. | 2983 Redbird | CITY/ST/ZIP | Huntsville | TX | 77340 |
|---|---|---|---|---|---|
| WORK ADDR. | PO Box 40 | CITY/ST/ZIP | Huntsville | TX | 77340 |
| HOME PH. | 409 291 0106 | BUS. PH. | | 409 291 4000 Ex.3870 | |
| OCCUPATION | Administrator | P.O.B. | Weslaco, Tx | MARITAL | m |

### CHARGE SECTION

| INCIDENT # | 990505 | DATE: | 050555 | TIME: | 10:40 |
|---|---|---|---|---|---|

| CHARGE | 0601 | TITLE: | Contempt of Court |
|---|---|---|---|

CHARGE DESCRIPTION:

| ARREST: STREET | ADD/LOC | CITY | ST | ZIP | BUS. NAME |
|---|---|---|---|---|---|
| 195 E. Robertson St. | | San Benito | TX | 78586 | |

| OFFICER # 1 | Number 854 | Name N. Mireles | OFFICER #2 | Number 330 | Name Seldiver |
|---|---|---|---|---|---|

| BOND AMOUNT | FINE AMOUNT | BOND DATE | DISPOSITION | DISPOSITION DATE |
|---|---|---|---|---|
| Released Time | | | Time Served | 05.05.99 |

CHARGE DISPOSITION: Served

| CAUSE # | CASE #: | COURT: J.P. 3.2 | WARRANT# |
|---|---|---|---|

| INCIDENT # | | DATE: | | TIME: |
|---|---|---|---|---|

| CHARGE | | TITLE: | |
|---|---|---|---|

CHARGE DESCRIPTION:

| ARREST: STREET | ADD/LOC | CITY | ST | ZIP | BUS. NAME |
|---|---|---|---|---|---|

| OFFICER # 1 | Number | Name | OFFICER #2 | Number | Name |
|---|---|---|---|---|---|

| BOND AMOUNT | FINE AMOUNT | BOND DATE | DISPOSITION | DISPOSITION DATE |
|---|---|---|---|---|

CHARGE DISPOSITION:

| CAUSE # | CASE #: | COURT: | WARRANT# |
|---|---|---|---|

PAGE 1

# Law Office of
# Adolfo E. Cordova, Jr.

711 N. Sam Houston
San Benito, Texas 78586

Office: (956) 399-1299
Fax: (956) 399-4484

April 9, 1999

*WRONG Cause #*

Mr. Jesus Rodriguez
Rt. 5, Box 283
Huntsville, Texas 77340

← *Wrong Address*

RE: Cause # 1661
Angel Meda
Vs.
Jesus Rodriguez

*cz #50 ?*
*(See Default Judgeme...*

Dear Mr. Rodriguez:

Be advised that Mr. Meda has acquired the services of our firm to represent him on the above referenced matter.

According to the information we have obtained, Mr. Meda installed some tile in a home you own in Treasure Hills. The agreed price for this work was $910.00. Mr. Meda completed the job and demanded payment, but you refused and continue to refuse to pay him.

*— Exparte Communication !*    *A150*

As a result of your breach of the agreement, Mr. Meda was required to file suit in the Justice Court here in San Benito. Because you requested a jury trial, Mr. Meda was also forced to obtain our services to help him satisfy this debt. Enclosed you will find an amended petition, which seeks not only the amount owed from the contract, but also all expenses incurred as the result of your breach and all attorney fees incurred in prosecuting this claim.

Additionally, be advised that the trial on this case is presently set for May 5, 1999. Unless we hear from you advising that you cannot be available on that date, we will proceed to trial on May 5, 1999.

*He got this # from Judge Garza!*

*I asked for a continuance & change in venue but Judge Garza would not hear it nor respond in writing. He ignored my many requests.*

Should you have any questions or if you would like to try and resolve this matter without having to go to trail and pay all the attorney fees incurred in prosecuting this claim, please do not hesitate to call me.

Sincerely,

ADOLFO E. CORDOVA, JR.

AEC/lc
(CMRRR #Z 375 141 440)
xc: Angel Meda

*No Time of day ever mentioned or Stated !!!*

*J. Rodriguez*

DAVID GARZA
JUSTICE OF THE PEACE
PRECINCT 3 PLACE 2
195 E. ROBERTSON
SAN BENITO, TEXAS 78586
(956) 399-3525

*See Below*

*Date!*

**March 8, 1999**

CAUSE # ____50____

**ANGEL MEDA**

Vs

**JESUS RODRIGUEZ**

YOU ARE HEREBY NOTIFIED THAT THE ABOVE STYLED CAUSE IS SET FOR
**MARCH 25, 1999 AT 10:00 A.M.** IN THE JUSTICE OF THE
PEACE, COURT, PRECINCT 3, PLACE 2, AT 195 E. ROBERTSON SAN BENITO, TEXAS 78586.
JURY TRIAL REQUEST, IN WRITING.
POSTPONMENT REQUEST, IN WRITING, AT LEAST 5 DAYS BEFORE SETTING.
IF REPRESENTED BY AN ATTORNEY, COURT MUST BE NOTIFIED.

COURT CLERK
*Michelle Cepeda*
MICHELLE CEPEDA

— *I forced/pressured Judge Garza to reset for a jury trial. He did — May 5, 1999!*

**OFFICER'S RETURN**

*Date!*

Came to hand on the _14_ day of _Feb_ 19_99_, at _10_ o'clock _A_.M.,
and executed in _Walker_ County, Texas, by delivering to the within named defendants to-wit:

_Jesus Rodriguez_ at _____, at _____ o'clock _A_.M. _2-28_ 19_99_

_wife Juanita_ at _____, at _____ o'clock __.M., _____, 19____;

_____ at _____, at _____ o'clock __.M., _____, 19____;

each, in person, a true copy of this citation, having first endorsed on such copy of said citation the date of delivery.

To certify which witness my hand officially.

_J McBride_
Sheriff        Constable*

_Walker_ _____ County, Texas

By _____, Deputy

854

File No. _80_

## Citation for Personal Service
## In SMALL CLAIMS COURT

IN SMALL CLAIMS COURT

Precinct No. _3_, Place _2_, of _____ Co., Texas

CAMERA MEDA

VS.

JESUS RODRIGUEZ

RT. 5 BOX 283 HUNTSVILLE, TEXAS 77340

ISSUED

**FEBRUARY 8,** 19_99_

DAVID GARZA

Judge, Small Claims Court in and for said

Precinct No. _3-2_ said County
and State.

Filed _____ 19____

This _____

Judge, Small Claims Court in and for said

Precinct No. _____ said County
and State.

**CERTIFICATE OF DELIVERY**

I hereby certify that I delivered to the said _____

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS RODRIGUEZ | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. |
| CITY OF SAN BENITO, CAMERON | § | |
| COUNTY, TEXAS, SAN BENITO | § | |
| POLICE DEPARTMENT, DAVID GARZA, | § | _____ |
| RICARDO MORADO, MAYOR, GABRIEL | § | |
| GONZALES, CITY MANAGER, RICHARD | § | |
| E. CLARK, JR., CHIEF OF POLICE, | § | |
| ET AL. | § | |

**LIST OF ATTORNEYS**

**ATTORNEY FOR PLAINTIFF,**
    **JESUS RODRIGUEZ**
Mr. Jesus Rodriguez
2983 Redbird Lane
Huntsville, TX 77320

**ATTORNEY FOR DEFENDANTS,**
    **CITY OF SAN BENITO, TEXAS; SAN BENITO POLICE DEPARTMENT;**
    **RICARDO MORADO, Mayor for the City of San Benito, Texas; GABRIEL**
    **GONZALES, former City Manager for the City of San Benito, Texas; and,**
    **RICHARD E. CLARK, JR., Chief of Police for the San Benito Police Department.**
Mr. J. Arnold Aguilar
State Bar No. 00936270
Federal Adm. No. 6822
LAW OFFICE J. ARNOLD AGUILAR
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, TX 78520
Telephone   : (956) 504-1100
Facsimile    : (956) 504-1408

**EXHIBIT "B"**                                        Page 1 of 2

**ATTORNEY FOR DEFENDANT,**
**CAMERON COUNTY JUSTICE OF THE PEACE DAVID GARZA**

Mr. Francisco J. Martinez
State Bar No. 13141900
Assistant District and County Attorney
974 E. Harrison Street
Brownsville, TX  78520
Telephone    :  (956) 544-0849
Facsimile     :  (956) 544-0869

**EXHIBIT "B"**                                                          Page 2 of 2

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JESUS RODRIGUEZ | § |
| | § |
| VS. | § |
| | § |
| CITY OF SAN BENITO, CAMERON | § |
| COUNTY, TEXAS, SAN BENITO | § |
| POLICE DEPARTMENT, DAVID GARZA, | § |
| RICARDO MORADO, MAYOR, GABRIEL | § |
| GONZALES, CITY MANAGER, RICHARD | § |
| E. CLARK, JR., CHIEF OF POLICE, | § |
| ET AL. | § |

CIVIL ACTION NO.

**B-02- 068**

---

## CONSENT TO REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW **DAVID GARZA,** *Cameron County Justice of the Peace,* Defendant in the above styled and numbered cause and files this his Consent to Removal of the present cause from the 404th Judicial District Court of Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, and would show unto the Court as follows:

### I.

Defendant DAVID GARZA, *Cameron County Justice of the Peace,* consents to and joins in the removal filed by Defendants CITY OF SAN BENITO, TEXAS, SAN BENITO POLICE DEPARTMENT, RICARDO MORADO, *Mayor for the City of San Benito, Texas,* GABRIEL GONZALES, *former City Manager for the City of San Benito, Texas,* and RICHARD E. CLARK, JR., *Chief of Police for the San Benito Police Department.*

v:\sc\removals\257-02.ntc                                                                                      PAGE 1

WHEREFORE, PREMISES CONSIDERED, Defendant DAVID GARZA, *Cameron County Justice of the Peace*, prays for removal of the above entitled cause of action from the 404th Judicial District Court of Cameron County, Texas, to this Court.

Signed on this the 3rd day of April, 2002.

Respectfully submitted,

CAMERON COUNTY AND DISTRICT ATTORNEY

Yolanda de Leon
Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520
Telephone:    (956) 544-0849
Facsimile:    (956) 544-0869

BY: _____
Francisco J. Martinez
Assistant District and County Attorney
Texas State Bar No.  13141900
ATTORNEY FOR THE STATE OF TEXAS
FEDERAL BAR NO. 17477



United States District Court
Southern ... ... Texas

APR 0 5 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JESUS RODRIGUEZ                    §
                                   §
        VS.                        §
                                   §        CIVIL ACTION NO.
CITY OF SAN BENITO, CAMERON        §
COUNTY, TEXAS, SAN BENITO          §        **B-02- 068**
POLICE DEPARTMENT, DAVID GARZA,    §
RICARDO MORADO, MAYOR, GABRIEL     §
GONZALES, CITY MANAGER, RICHARD    §
E. CLARK, JR., CHIEF OF POLICE,    §
ET AL.                             §

---

## NOTICE TO THE PLAINTIFF OF FILING
## OF NOTICE OF REMOVAL

---

TO:    JESUS RODRIGUEZ, PLAINTIFF,
       2983 Redbird Lane
       Huntsville, TX 77320

Pursuant to Title 28 U.S.C., Section 1446(b), as amended, you are notified that on the

5th day of April, 2002, in the above entitled and numbered cause (being Cause No. 2001-12-

5344-G in the 404th Judicial District Court of Cameron County, Texas), the Defendants **CITY**

**OF SAN BENITO, TEXAS, SAN BENITO POLICE DEPARTMENT, RICARDO**

**MORADO**, *Mayor for the City of San Benito, Texas*, **GABRIEL GONZALES**, *former City*

*Manager for the City of San Benito, Texas*, and **RICHARD E. CLARK, JR.**, *Chief of Police*

*for the San Benito Police Department*, filed their Notice of Removal, in the United States

District Court for the Southern District of Texas, Brownsville Division. Copies of such Notice

and other papers so filed are enclosed herewith.

v:\fp\removals\257-02.plf                                          PAGE 1

Signed on this the 3rd day of April, 2002.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas  78520
Telephone    :  (956) 504-1100
Facsimile    :  (956) 504-1408

By: _____
       J. Arnold Aguilar
       State Bar No. 00936270
       Federal Adm. No. 6822

Attorney for Defendants,
CITY OF SAN BENITO, TEXAS,
SAN BENITO POLICE DEPARTMENT,
RICARDO MORADO, GABRIEL GONZALES
and RICHARD E. CLARK, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **NOTICE TO THE PLAINTIFF OF FILING OF NOTICE OF REMOVAL** has on this the 5th day of April, 2002, been forwarded via certified mail, return receipt requested to:

Mr. Jesus Rodriguez
2983 Redbird Lane
Huntsville, TX  77320

Mr. Francisco J. Martinez
Assistant District and County Attorney
974 E. Harrison Street
Brownsville, TX  78520

J. Arnold Aguilar

v:\fp\removals\257-02.plf                                                    PAGE 3