UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JESUS RODRIGUEZ | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. B-02-068 |
| | ) | MOTION TO DISMISS |
| | ) | |
| THE CITY OF SAN BENITO, et al. | ) | |
| Defendants | ) | |

**DEFENDANT DAVID GARZA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED PETITION AND DEFENDANT'S
SUPPORTING MEMORANDUM**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, DAVID GARZA, (Hereinafter Defendant) in this case and moves the court to dismiss Plaintiff's First Amended Petition and in support would show this Court the following:

1. **Statute of Limitations.** Plaintiff's right to maintain this action is barred by the applicable statute of limitations, which is two years in Texas, for a Section 1983 civil rights action. More than two years have elapsed between the date that Plaintiff's alleged cause of action arose, May 5, 1999 when plaintiff alleges the incident he complains of occurred, and December 28, 2001, the date plaintiff filed his complaint in state court.

2. **Judicial Immunity.** Justice of the Peace David Garza, a named defendant in this case enjoys judicial immunity from civil rights suits and liability from damages when

acting in his judicial capacity and within his jurisdiction. The process of entering a judgment against plaintiff or holding plaintiff in contempt of court as plaintiff alleges in his First Amended Petition is within a judge's judicial capacity and jurisdiction.

3. **Qualified Immunity.** Justice of the Peace, David Garza a named defendant in this case is entitled to qualified immunity from civil rights suits and liability from damages, if he acted in good faith and within the scope of his discretionary authority when plaintiff alleges the wrongful acts occurred. Plaintiff has presented no credible evidence that this defendant was engaged in conduct that violated clearly established federal rights.

4. **Lack of Jurisdiction Over the Subject Matter.** The court lacks jurisdiction of this action because the complaint does not show on its face that the action arises under the Constitution, laws, or treaties of the United States of America.

5. Those matters set forth in the complaint which attempt to show jurisdiction are insufficient to show that any substantial federal question is involved, and plaintiff's complaint, alleging false arrest, injury, conspiracy, and false imprisonment, taken in its entirety, only sets forth a claim for relief and seeks a remedy under state law.

## SUPPORTING MEMORANDUM

6. **Statute of Limitations.** Plaintiff's right to maintain this action is barred the applicable statute of limitations which is two years in Texas, for a Section 1983 civil rights action. More than two years have elapsed between the date that Plaintiff's alleged cause of action arose, May 5, 1999 when plaintiff alleges the incident he complains of occurred, and December 28, 2001, the date plaintiff filed his complaint in state court. Federal courts borrow from the state's general personal injury

limitations period for Section 1983 civil rights actions. The applicable Texas limitations period for a Section 1983 action is two years. V.T.C.A., Civil Practice & Remedies Code Section 16.003(a); *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993); *Ali v. Higgs*, 892 F. 2d 438, 439 (5th Cir. 1990). The statute was never tolled by imprisonment since Plaintiff was never imprisoned. *Ali* at 439.

7. **Judicial Immunity.** Justice of the Peace David Garza, a defendant in this case enjoys judicial immunity from civil rights suits and liability from damages when acting in his judicial capacity and within his jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213 (1967); *Mays v. Sudderth*, 97 F.3d 107 (5th Cir. 1996); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677 (5th Cir. 1988).

8. **Qualified Immunity.**    Justice of the Peace David Garza who is a named defendant in this case is entitled to qualified immunity from civil rights suits and liability from damages, if he acted in good faith and within the scope of his discretionary authority when plaintiff alleges the wrongful acts occurred. *Harlow v. Fitzgerald*, 457 U. S. 800, 102 S. Ct. 2727, 2738-39, 73 L.Ed.2d. 396 (1982); *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir. 1982); Plaintiff has presented no credible evidence that this defendant was engaged in conduct that violated clearly established federal rights. *Stem v Ahearn*, 908 F.2d 1, 5-6 (5th Cir. 1990) *cert. denied*, 498 U. S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991); *Chrissy F. by Medley v. Mississippi DPW*, 925 F.2d 844, 851, n. 33  (5th Cir. 1991).

9. **Lack of Jurisdiction Over the Subject Matter.** The court lacks jurisdiction of this action because Plaintiff's Amended Petition does not show on its face that the action arises under the Constitution, laws, or treaties of the United States of America.

10. Those matters set forth in the complaint which attempt to show jurisdiction are insufficient to show that any substantial federal question is involved, and plaintiff's complaint, alleging false arrest, injury, conspiracy, and false imprisonment, taken in its entirety, only sets forth a claim for relief and seeks a remedy under state law. *Tarter v. Hury*, 646 F. 2d 1010, 1012 (5th Cir. 1981); *Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980).

Wherefore, Defendant respectfully requests:

That this Defendant's motion to dismiss Plaintiff's complaint be granted;

That Plaintiff take nothing from Defendant on Plaintiff's claim;

That Defendant be awarded costs and reasonable attorney's fees herein;

That the court grant Defendant such other and further relief as the court may deem proper.

Respectfully submitted,

CAMERON COUNTY (CRIMINAL DISTRICT)
ATTORNEY'S OFFICE
Cameron County Courthouse
974 E. Harrison Street Brownsville, Texas 78520
Phone: 956-544-0849
Fax No.: 956-544-0869

BY: _____
Francisco J. Martinez
Assistant County Attorney
Texas State Bar No. 13141900
Federal Admission No.: 17477
ATTORNEY FOR DEFENDANT
DAVID GARZA

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above motion, and proposed order has been served on plaintiff and all counsel of record by forwarding a copy of same according to the rules.

                                                Francisco J. Martinez

# AFFIDAVIT

THE STATE OF TEXAS            )

COUNTY OF CAMERON        )

BEFORE ME, the undersigned, on this day personally appeared Francisco J. Martinez, known to me to be the same person whose name is subscribed below, who after being duly sworn, deposes and says:

"My name is Francisco J. Martinez, I am capable of making this affidavit. I have read the foregoing document and hereby certify that it is correct to the best of my knowledge."

AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME by the said Francisco J. Martinez on this 19TH day of June, 2002, to certify which witness my hand and seal of office.

Notary Public in and for the
State of Texas
Printed Name: DIANA S. GARCIA
My Commission Expires: _____



DIANA S. GARCIA
Notary Public, State of Texas
My Commission Expires
2-14-2005