IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**AUG 0 6 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JESUS RODRIGUEZ | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. |
| CITY OF SAN BENITO, CAMERON | § | |
| COUNTY, TEXAS, SAN BENITO | § | B - 02 - 068 |
| POLICE DEPARTMENT, DAVID GARZA, | § | |
| RICARDO MORADO, MAYOR, GABRIEL | § | |
| GONZALES, CITY MANAGER, RICHARD | § | |
| E. CLARK, JR., CHIEF OF POLICE, | § | |
| ET AL. | § | |

## DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE U.S. DISTRICT COURT:

COME NOW **CITY OF SAN BENITO, TEXAS, SAN BENITO POLICE DEPARTMENT, MAYOR RICARDO MORADO, CITY MANAGER GABRIEL GONZALES, AND CHIEF OF POLICE RICHARD E. CLARK, JR.**, Defendants herein, and file this their Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for such motion would respectfully show the Court the following:

### I.

### SUMMARY OF MOTION

Plaintiff is a well-educated and a long-term employee of the Texas Department of Corrections. Plaintiff claims he felt angered, embarrassed, humiliated and shocked when he was arrested and detained in the San Benito jail after a small claims court judge held him in contempt of court. As a result, Plaintiff spent nine hours in jail on the day his case was to go to trial. Despite

Plaintiff's predicament, neither the City of San Benito, the San Benito Police Department, nor any other member of the City, including the Mayor, City Manager and Chief of Police committed any acts that violated any alleged federal or state causes of action.

More significantly, Plaintiff's causes of action against Defendants stem from events that allegedly occurred on May 5, 1999, when Plaintiff was scheduled to appear for trial in small claims court in San Benito, Texas. Plaintiff has not complained of any acts or omissions that occurred after that date. The present lawsuit was not filed until December 28, 2001, however, and all of Plaintiff's causes of action are, therefore, barred by the applicable statute of limitations.

Further, Plaintiff's federal claims should be dismissed because Defendants detained Plaintiff only after a Judge ordered him arrested for contempt of court and incarcerated Plaintiff in a San Benito jail cell until the Judge released him. Under Fifth Circuit precedent, a search and seizure pursuant to a bench warrant is presumptively constitutional, and the Fifth Circuit has found that similar conditions of confinement were constitutional. Plaintiff has also not alleged any facts that show a wanton disregard for any serious medical need of which Defendants were aware. Plaintiff has also not identified any custom or policy of the City that caused any alleged constitutional deprivation. Plaintiff similarly cannot establish the requisite elements of his other federal causes of action.

Plaintiff has also alleged causes of action pursuant to the Texas Tort Claims Act. Plaintiffs' claims are barred against Defendants under the provisions of the Tort Claims Act and because the individuals are entitled to qualified or official immunity.

## II.

## FACTUAL ALLEGATIONS

The origin of the present lawsuit begins in March of 1999, when Plaintiff apparently contracted with Angel Meda for the installation of tile in Plaintiff's home located in Harlingen, Texas. (Pl.'s exhibit, April 9, 1999 ltr. to Plf. from Adolfo Cordova.)[1] A dispute arose as to the quality of Mr. Meda's work, and Mr. Meda accused Plaintiff of refusing to pay for the tile and its installation. (Pl.'s exhibit, April 9, 1999 ltr. to Plf. from Adolfo Cordova.) Eventually, Mr. Meda filed a lawsuit in small claims court in San Benito, Texas seeking the $900.00 he claimed was owed for the work done in Plaintiff's home. (Pl.'s exhibit, April 9, 1999 ltr. to Plf. from Aldolfo Cordova.) After Plaintiff requested a jury trial, Mr. Meda hired Mr. Adolfo E. Cordova, Jr. to represent him the matter. (Pl.'s exhibit, April 9, 1999 ltr. to Plf. from Adolfo Cordova.)

The trial on the dispute between Mr. Meda and Plaintiff was set for May 5, 1999. (Pl.'s First Amend. Original Pet. ¶ VII.) Plaintiff had understood trial was to commence at 10:00 a.m.; trial, however, began at 9:00 a.m. (Pl.'s exhibit, April 9, 1999 ltr. to Plf. from Aldolfo Cordova.) After Plaintiff apparently did not arrive for trial, Justice of the Peace David Garza entered a default judgment against Plaintiff. (Pl.'s First Amend. Original Pet. ¶ VII.) After default was entered, Plaintiff appeared at 10:00 a.m. with his witness, Ms. Hilda Garcia. (Pl.'s exhibit, March 15, 2000 ltr. to FBI from Plaintiff.) It is unclear what happened in Judge Garza's courtroom that day; however, Plaintiff alleges Judge Garza held Mr. Rodriguez in contempt of court, and Mr. Rodriguez spent nine (9) hours in the City of San Benito's jail as a result. (Pl.'s exhibit, March 15, 2000 ltr. to FBI from Plaintiff.)

---

[1] Plaintiff had filed his First Amended Original Petition and a Motion to Change Venue on the same day. At the same time, Plaintiff filed exhibits, but it is unclear to which pleading the documents were attached. For purposes of this motion, Defendants will refer to these exhibits as part of the state court pleadings filed by Plaintiff.

After Judge Garza found Plaintiff in contempt of court, the San Benito Police Department detained and incarcerated him in its jail. (Pl.'s First Amend. Original Pet. ¶ VII.)  Plaintiff asserts that the City of San Benito Police Department used the wrought iron bed located in his cell to inflict "medical, physical, mental, [and] emotional pain and suffering," which he claims was potentially deadly force. (Pl.'s First Amend. Original Pet. ¶ VII.)  He claims he was issued no mattress, blanket or pillow, and the cell had no toilet facilities. (Pl.'s First Amend. Original Pet. ¶ VII.)  He claims further that he was denied food, water, medical attention, and the use of a telephone. (Pl.'s First Amend. Original Pet. ¶ VII.)  He also contends the San Benito Defendants "permitted and condoned" an alleged verbal threatening by Judge Garza that allegedly happened after his release, but within the confines of the jail, while two San Benito Police Department officers observed. (Pl.'s First Amend. Original Pet. ¶ VII.)  He further contends that the San Benito Police Department failed to abide by the City Council's policies allegedly formulated to be in compliance with the Texas Jail Commission Standards. (Pl.'s First Amend. Original Pet. ¶ VII.)

After the small claims default judgment was entered, Plaintiff filed, *pro se,* a motion for a new trial, which Judge Garza denied as untimely. (Pl.'s exhibit, March 17, 2000 Order of Judge Garza.)   Plaintiff also filed complaints against Judge Garza and Attorney Adolfo Cordova with the FBI, Cameron County District Attorney's Office, Cameron County Attorney's Office, the Texas Attorney General, and the State Commission on Judicial Conduct. (Pl.'s exhibit, Aug. 15, 2000 ltr. to John Handy from Plaintiff.)  He also met in person with Yolanda De Leon, the Cameron County District Attorney, and Cameron County Judge Gilberto Hinojosa, (Pl.'s exhibit, Aug. 15, 2000 ltr. to John Handy from Pl.)

In May 2001, Plaintiff filed suit against all of the present Defendants and against Mr. Aldolfo Cordova in Walker County, Texas. (Pl.'s First Amend. Original Pet. ¶ III.)   The lawsuit filed in Walker County was dismissed. (Pl.'s First Amend. Original Pet. ¶ III.)  On December 28, 2001, Plaintiff filed the present lawsuit in Cameron County, where he named as Defendants the City of San Benito, the San Benito Police Department, former Mayor Ricardo Morado, former City Manager Gabriel Gonzalez, San Benito Police Department Chief Richard Clark (the "City of San Benito Defendants") as well as Justice of the Peace David Garza. (Pl.'s First Amend. Original Pet. ¶ I.)  The lawsuit was assigned to the 404th Judicial District Court. (Pl.'s First Amend. Original Pet..)

In response to Defendants' special exceptions to the state court lawsuit filed in the 404th Judicial District Court, Plaintiff amended his petition to add federal claims.  (Pl.'s First Amend. Original Pet. ¶ VII.)  The lawsuit was then removed from state court to this Court.

## III.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) provides that if a Plaintiff's Complaint fails to state a claim upon which relief could be granted, it must be dismissed.  Even presuming all factual allegations in the Plaintiff's Complaint to be true and resolving any ambiguities or doubts regarding the sufficiency of the claims in favor of the Plaintiff, the Complaint fails to state any legally viable claims against the City of San Benito Defendants. *Fernandez-Montes v. Allied Pilots Ass'n*, 978 F.2d 278, 284 (5th Cir.1993). The Complaint should be dismissed against the City of San Benito Defendants because Plaintiff can not prove any set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

## A.    STATUTE OF LIMITATIONS

In his First Amended Original Petition, Plaintiff has asserted that on May 5, 1999, he was found in contempt of court, detained by San Benito Police Officers, incarcerated in the San Benito jail, and released within 9 hours of his detention. Therefore, all his causes of action accrued on May 5, 1999.    Plaintiff filed his present claims on December 28, 2001, approximately seven (7) months after the two-year statute of limitations would have run.

Plaintiff asserts federal claims under 42 U.S.C. §§ 1981, 1983 & 1985, and Title I of the American's with Disabilities Act. He also asserts state law claims under the Texas Constitution and through the Texas Tort Claims Act. Although he is somewhat unclear, Plaintiff appears to be asserting state law negligence, negligence *per se*, and gross negligence claims, and the intentional torts of conspiracy, false imprisonment, malicious civil prosecution, and statutory wrongful imprisonment. Plaintiff's federal and state law causes of action are time barred, however.

Specifically, for any claim under 42 U.S.C. § 1983 including any United States Constitutional claims, the statute of limitations is two years. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir.), *cert denied*, 122 S. Ct. 53 (2001). His claims under 42 U.S.C. § 1985 are also subject to the same two-year statute of limitations. *Cross v. Lucious*, 713 F.2d 153 (5th Cir. 1983)(holding action under § 1985 has same statute of limitations as action under § 1983). Additionally, claims under 42 U.S.C. § 1981 are subject to a 2-year statute of limitations. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). The statute of limitations applicable to Plaintiff's Americans with Disabilities Act of 1990 ("ADA") claim is similarly two (2) years. *Holmes v. Texas A&M Univ.*, 145 F.3d 681, 685 (5th Cir. 1998)(limitations on Title I

of ADA is two (2) years); *Eber v. Harris County Hosp. Dist.*, 130 F. Supp.2d 847, 870 (S.D. Tex. 2001)(limitations on Title II of ADA is two (2) years).

Plaintiff's state law malicious prosecution claim has a 1-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.002(a). All of the Plaintiff's remaining state law claims are subject to a 2-year statute of limitations as well. *See* TEX. CIV. PRAC. & REM. CODE § 16.003 (2-year limitations on negligence, negligence per se, civil conspiracy, and false imprisonment); *see also* TEX. CIV. PRAC. & REM. CODE § 103.007(statutory wrongful imprisonment claim has 2-year statute of limitation).

## B.   42 U.S.C. § 1983 CLAIMS

Plaintiff asserts Fourteenth Amendment Equal Protection and Due Process claims through 42 U.S.C. § 1983. Plaintiff also appears to assert a Fourth Amendment unreasonable search and seizure and Fourteenth Amendment inadequate conditions of confinement and deprivation of medical attention claims. He has made these federal claims against the City of San Benito, the San Benito Police Department and the former Mayor, former City Manager, and the Chief of Police in their individual and official capacities. As discussed below, Plaintiff fails to asset a claim upon which relief could be granted through § 1983.

### 1.   § 1983 Claims and the City of San Benito

The United States Supreme Court has held that a municipality may not be held liable under § 1983 solely because it employs a tortfeasor. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 58, 689, 98 S. Ct. 2018, 2035 (1978); *Board of County Commissioners of Bryant County v. Brown*, 520 U.S. 397, 403-11, 117 S. Ct. 1382, 1388 (1997). The Court has also "consistently refused to hold municipalities liable under a theory of *respondeat superior*." *Board of County*

*Commissioners of Bryant County v. Brown*, 520 U.S. at 403, 117 S. Ct. at 1388. The Supreme Court has instructed that to hold the City of San Benito liable, Plaintiff must establish the state-of-mind of the municipality's legislative body or an authorized decision-maker to prove the underlying violation. *Brown*, 520 U.S. at 405, 117 S. Ct. at 1389. That state-of-mind is the deliberate indifference standard. *Brown*, 520 U.S. at 407, 117 S. Ct. at 1390.

"'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence to his action." *Brown*, 520 U.S. at 410, 117 S. Ct. at 1391. The Fifth Circuit has equated the deliberate indifference standard to a criminal law *mens rea* recklessness standard where a person disregards a risk of harm of which he is aware. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996) (en banc). Neither negligence nor gross negligence is sufficient to prove that an official acted or failed to act with deliberate indifference. *Brown*, 520 U.S. at 397, 407, 117 S. Ct. 1382, 1390; *Hare,* 74 F.3d at 648-49. The standard is higher. *Hare*, 74 F.3d at 648.

Simply alleging that Plaintiff has suffered a deprivation of federal rights will not alone permit an inference of municipal culpability and causation. *Brown*, 520 U.S. at 408, 117 S. Ct. 1390. Further, Plaintiff provides no factual evidence of any custom or policy of the City of San Benito that was the moving force that caused Plaintiff's injury. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. at 694, 98 S. Ct. 2027. Simply identifying an act of a municipal decision-maker is insufficient to hold a municipality independently liable. *Brown*, 520 U.S. at 404, 117 S. Ct. 1388. Likewise"[w]here a claim of municipal liability rests on a single decision, not itself representing a violation of a federal right and not directing such violation, the danger that a municipality will be held liable without fault is high." *Brown*, 520 U.S. at 408, 117 S. Ct.

at 1390.  Plaintiff has not alleged any decision-maker of the City contributed to any of his alleged deprivations.

Moreover, although Plaintiff has filed suit against the Mayor, the former City Manager and the Chief of Police in their official capacities, he cannot pursue § 1983 claims against individuals in their official capacities, rather than directly against the City. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304 (1989)(holding that officials sued in official capacity are outside class of persons subject to § 1983 liability); *Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581-82 (Tex. 2001).

Taking Plaintiff's factual allegations as true, Plaintiff does not assert a claim against the Defendants on which relief may be granted, and this Court should dismiss this claim.

### 2.   Fourth Amendment Unreasonable Search or Seizure

Plaintiff alleges vaguely that he was seized and searched unreasonably by the San Benito Police Department when he was detained and incarcerated because the municipal court held him in contempt of court.  Plaintiff admits that that he was held in contempt of court and detained as a result. As a general rule, police officers are required to conduct searches and seizures pursuant to probable cause and with a valid warrant. *See Katz v. United States*, 389 U.S. 347, 357 88 S. Ct. 507, 514, 19 L.Ed.2d 576 (1967).  The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." **U.S. Const. Amend. IV.**  Ultimately, the question of whether the officers' search and seizure violated the Fourth Amendment turns on the question of reasonableness. *See Florida v. Jimeno*, 500 U.S. 248, 250, 111 S. Ct. 1801, 1803, 114 L.Ed.2d 297 (1991).

The Fifth Circuit has long held, however, that police officers are entitled to immunity for the execution of a facially valid arrest warrant. *Hamill v. Wright*, 870 F.2d 1032, 1036 (5th Cir. 1989). Because officers executing warrants are acting pursuant to a judicial order, "an official acting within the scope of his authority is absolutely immune from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a court acting within its jurisdiction." *Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996). Therefore, Plaintiff has no Fourth Amendment unreasonable search and seizure claim against any Defendant and the Court should dismiss these claims.

### 3.    Fourteenth Amendment Conditions of Confinement

"The Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute 'punishment.'" *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996); *Bell v. Wolfish,* 441 U.S. 520, 535, 99 S. Ct. 1861, 1872 (1979). Plaintiff has not alleged any facts that show that the conditions of confinement complained of were imposed for the purpose of punishment. *Bell*, 441 U.S. at 538, 99 S. Ct. at 1873. The Fifth Circuit has held as a matter of law that allegations that a detainee was denied visitation, telephone access, recreation, mail, legal materials, sheets, and showers for a three-day period did not give rise to a constitutional claim. *Hamilton v. Lyons*, 74 F.3d 106-07. Likewise, the Fifth Circuit has held that a pretrial detainee had no right to an elevated bed and no right to hot water. *See Mann v. Smith*, 796 F.2d 79, 85-86 (5th Cir.1986). Similarly, Plaintiff's allegations that his confinement lasted nine (9) hours in a cell that had no telephone, no sheets, no mattress, no toilet and a wrought iron bed are not constitutional deprivations. The United States Supreme Court has stated that a *de minimis* level of punishment in the confinement of detainees is constitutional. *Bell*, 441 U.S. at 539 n.21, 99 S. Ct. at 1874 n.21. Plaintiff's confinement does not rise to the

level of a constitutional deprivation, and therefore, this Court should dismiss this claim against Defendants.

### 4.   **Fourteenth Amendment Deprivation of Medical Attention Claim**

Plaintiff must show that one or more of Defendants knew of his serious medical condition and that they consciously chose to ignore it and provided no treatment. **Estelle v. Gamble**, 429 U.S. 97, 105-106, 97 S. Ct. 285, 291-92 (1976). It is not sufficient to establish only "negligen[ce] in diagnosing or treating a medical condition." **Gamble**, 429 U.S. at 106, 97 S. Ct. at 292. Liability will not attach unless "the failure to detect an illness (or condition) amounts to deliberate indifference to a pretrial detainee's basic medical needs." **Gibbs v. Grimmette**, 254 F.3d 545, 549 (5th Cir. 2001). "To prove deliberate indifference, a pretrial detainee must show that the state official knew of and disregarded an excessive risk to the inmate's health or safety." **Id.** (citing **Stewart v. Murphy**, 174 F.3d 530, 534 (5th Cir. 1999)) "Deliberate indifference is more than mere negligence in failing to supply medical treatment." **Williams v. Treen**, 671 F.2d 892, 901 (5th Cir. 1982). In order to establish deliberate indifference and failing to provide reasonable medical care to a pretrial detainee, Plaintiff must show " (1) the official was aware of facts from which an inference of substantial risk of serious harm can be drawn; (2) the official actually drew that inference; and (3) the official's response indicates that the official *subjectively intended that harm to occur.*" **Thompson v. Upshur County**, 245 F.3d 447, 458-59 (5th Cir. 2001)(citing **Hare v. City of Corinth**, 74 F.3d 633, 643, 649-50 (5th Cir. 1996)(emphasis added).

Under no set of facts alleged by Plaintiff does he meet the test set out by the Fifth Circuit. Even if the officers did not properly diagnose a medical need of Mr. Rodriguez, this would not be sufficient to state a claim for deliberate indifference. **Domino v. Texas Dept. of Criminal Justice**, 239 F.3d 752, 756 (5th Cir. 2001). "[P]laintiff must show that the officials 'refused to

treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly envince a wanton disregard for any serious medical needs.'" *Id.* (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "Furthermore, the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment,' [a]nd the 'failure to alleviate a significant risk that [the official] should have proceeded, but did not' is insufficient to show deliberate indifference." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d at 756 (quoting *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S. Ct. 285, 292 (1976); *Farmer v. Brennan*, 511 U.S. 825, 838, 114 S. Ct. 1970, 1979 (1994)). Even though Plaintiff claims to suffer from polio, Plaintiff makes no allegation that he told any of his jailers that this was a serious medical condition that needed direct and immediate medical intervention, which Defendants ignored. Nor does Plaintiff allege the specific medical treatment of which he was deprived or how he was affected by any such deprivation. Therefore, Plaintiff has not asserted a Fourteenth Amendment deprivation of medical attention claim, and this Court should dismiss this claim against Defendants.

## C.    42 U.S.C. § 1985 CLAIMS

Plaintiff makes a nebulous, general claim of conspiracy under 42 U.S.C. § 1985. Although it is unclear under which part of § 1985 Plaintiff seeks redress, no part is applicable to this case. Section 1985(1) is not applicable to state officials because that part of the statute was enacted solely to apply "in cases of interference with federal officials in the performance of their duties." *Benningfield v. City of Houston*, 157 F.3d 369, 378-79 (5th Cir. 1998). Because neither Plaintiff nor Defendants are federal officials, Plaintiff's allegations fail to state a claim under § 1985(1). *Id.* Further, to recover under § 1985(2), Plaintiff must allege that he was injured as a

result of having to attend or testify in a *federal court proceeding*. ***Deubert v. Gulf Fed. Sav. Bank***, 820 F.2d 754, 758 (5th Cir. 1987). Plaintiff has not alleged any nexus between any alleged conspiracy and a proceeding in federal court. ***Id***. Claims under § 1985(3) require an allegation of conspiracy motivated by "'class-based invidiously discriminatory animus.'" ***Burns-Toole v. Byrne***, 11 F.3d 1270, 1276 n.25 (5th Cir. 1994)(quoting ***Griffin v. Breckenridge***, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798 (1971)). Plaintiff has not alleged that he was discriminated against because of his race, nor has he alleged to which class he belonged. Therefore, under no set of facts alleged by Plaintiff does he assert a viable § 1985 claim, and this Court should dismiss.

**D.    42 U.S.C. § 1981 CLAIMS**

To sustain a § 1981 claim, Plaintiff must establish three elements: (1) that he is a member of a racial minority, (2) that Defendants had an intent to discriminate on the basis of race, and (3) that the discrimination concerned one or more of the activities enumerated in the statute. ***Morris v. Dillard Dept. Stores Inc.***, 277 F.3d 743,751 (5th Cir. 2001). Plaintiff must also establish the loss of an actual, not speculative or prospective, contractual interest and not a mere possible loss of future opportunities. ***Id***. at 751-52. Plaintiff's pleadings are devoid of any facts that could establish a § 1981 claim. Therefore, this Court should dismiss this claim.

**E.    QUALIFIED IMMUNITY FOR THE INDIVIDUALS**

There is a presumption that individual Defendants are entitled to federal qualified immunity. To establish that the individual Defendants are *not* entitled to qualified immunity, the Plaintiff must satisfy a three-pronged test. First, he must allege facts that assert a violation of a constitutional right. Second, he must show that this right was clearly established at the time of the Defendants'

actions, and third, he must show that the Defendants' actions were objectively unreasonable. *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995). Even if Defendants' conduct infringed upon a constitutional right of the Plaintiff, qualified immunity will shield the Defendants if their conduct was objectively reasonable. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998). Plaintiff has not alleged the violation of a clearly established right of which Defendants would reasonably have known. In fact, Plaintiff has not alleged that the Mayor, City Manager or the Chief of Police actively took part in or even knew about his arrest and detention in the San Benito jail. Plaintiff's federal claims against the individuals simply cannot lie, and this Court should dismiss all federal claims asserted against Mayor Morado, City Manager Gonzales, and Chief Clark in their individual capacities.

## F.   PLAINTIFF'S STATE LAW CLAIMS

Plaintiff makes claims for negligence, negligence per se, gross negligence and common-law conspiracy against the City of San Benito, the former Mayor, the Chief of Police and the former City Manager. The City of San Benito is immune from Plaintiff's state law claims, however, unless the City's immunity is waived. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995). The Texas Tort Claims Act waives a governmental entity's sovereign immunity only under certain specific instances. *Federal Sign v. Texas Southern University*, 951 S.W.2d 401, 405 (Tex. 1997). Each of Plaintiff's allegations that Defendants failed to take action do not involve the use of any property that caused any injury to Plaintiff, and thus do not fall within the parameters of the Tort Claims Act. Any allegation that the City of San Benito "failed to furnish the proper training, instruction, training manuals, and documents" to any particular officer must fail under the Tort Claims Act because the Texas Supreme Court has

"long held that information is not tangible personal property since it is an abstract concept that lacks corporeal, physical, or palpable qualities." *Texas Dept. of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). *See also Kassen v. Hatley*, 887 S.W.2d 4 (Tex. 1994); *University of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex. 1994). Because Plaintiff has not identified any basis to pursue his "failure to act" claims under the Tort Claims Act, those claims should all be dismissed. In addition, Plaintiff alleges a cause of action for gross negligence and the recovery of exemplary damages. The Tort Claims Act specifically precludes recovery of exemplary or punitive damages, however. TEX. CIV. PRAC. & REM. CODE § 101.024 (Vernon 1997); *City of La Porte v. Barfield*, 898 S.W.2d 288, 299 (Tex. 1995). Further, the Texas Tort Claims Act specifically excludes waiver of immunity for a claim under any intentional tort. TEX CIV. PRAC. & REM. CODE § 101.057; *Dupre v. Harris County Hosp. Dist.*, 8 F.Supp 2d 908, 927 (S.D. Tex. 1998); *Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). Because Defendant City of San Benito has not waived its entitlement to sovereign immunity for the claims asserted by Plaintiff, those claims should be dismissed in their entirety.

Further, where a local governmental entity is entitled to governmental or sovereign immunity under state law, the employee sued in his official capacity is also entitled to such immunity, because an official capacity lawsuit is simply another way of pleading a lawsuit against the local governmental entity of which the official is an agent. *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.-- Houston [1st Dist.] 1995, no writ). Therefore, the City of San Benito and former Mayor Morado, Chief Clark and the former City Manager in their official capacities should be immune from all of Plaintiff's state law claims, and Plaintiff should not be allowed to proceed with his state law claims against the individual Defendants.

1.    **Malicious Prosecution**

To prevail on a suit alleging malicious prosecution of a civil claim, Plaintiff must establish: "(1) the institution or continuation of civil proceedings against the Plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in Plaintiff's favor; and (6) special damages. *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996). As to the San Benito Defendants, Plaintiff cannot prove any of the essential elements to this claim. Plaintiff, in fact has prosecuted this current lawsuit, the former lawsuit in Walker County, and the claim filed against Mr. Meda originally in the Small Claims Court in San Benito, Texas. The San Benito Defendants have not prosecuted any of the court proceedings. Further, no lawsuit has terminated in favor of Plaintiff. Therefore, Plaintiff cannot prove the essential elements of this cause of action, and it should be dismissed with prejudice.

2.    **False Imprisonment**

The elements of false imprisonment are: (1) a willful detention; (2) performed without consent; and (3) without the authority of law. *Randall's Food Mkt. Inc., v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). "In a false imprisonment case, if the alleged detention was performed with the authority of law, then no false imprisonment occurred." *Cuellar v. Walgreen's Co.*, 2002 W L No. 4713147 (Tex. App.-- Corpus Christi, March 28, 2002) *2. Plaintiff's incarceration in the San Benito jail was lawful and done under the authority of the Municipal Judge, who ordered it so.

3.    **Common-Law Civil Conspiracy**

"An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Massey v. Armco*

*Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). It requires Plaintiff to provide evidence of "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Id.* Plaintiff has failed to allege any meeting of the minds or any unlawful, overt act, however. Plaintiff also not alleged any actions on the part of any individual at the City of San Benito that would have been other than in that person's official capacity. Where each of the Defendants are only acting on behalf of an organization, they literally cannot enter into a conspiracy to take any action, because an organization cannot conspire with itself, no matter how many agents it may have. *Texas-Ohio Gas, Inc. v. Mecom,* 28 S.W.3d 129, 138 (Tex. App.-- Texarkana 2000, no pet.).

>    **4.    Texas Constitutional Claims**

Plaintiff makes a general claim for relief under the Texas Constitution. Plaintiff is not entitled to monetary damages through the Texas Constitution, however. *Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 400-01 (Tex. App.-- Houston [14th Dist.] 1999, no pet.). Plaintiff seeks $10,000,000.00 in monetary damages, and therefore, his Texas Constitutional claim is in actuality a claim for damages and not cognizable. *Id.*

## G.    OFFICIAL IMMUNITY OF THE INDIVIDUALS

Chief Clark retains official immunity from Plaintiff's negligent hiring, training and discipline claims when performing: (1) a discretionary duty; (2) within the scope of his authority; (3) in good faith. *University of Houston v. Clark,* 22 S.W.3d 915, 918 (Tex. 2000). The hiring, supervision and training of police officers have been held to be discretionary acts of a Chief of a police department. *Dovalina v. Nono,* 48 S.W.3d 279, 282 (Tex. App.-- San Antonio 2001, no

pet.). Additionally, "[a]n official's decision to reprimand or terminate an employee requires personal deliberation and judgment and is, therefore, a discretionary function." *Hidalgo v. Prado*, 996 S.W.2d 364, 367-68 (Tex. App.-- Corpus Christi 1999, no pet.). Further, the "hiring, firing, and reprimanding police officers is generally within the scope of the authority of the police chief ." *Id.*

Taking the facts as Plaintiff has alleged, Chief Clark acted in good faith. Officers arrested Mr. Rodriguez after he was held in contempt of court and no officer used any unconstitutionally excessive force throughout the time he was in the custody of the San Benito Police Department. Further, Chief Clark was not directly involved in Plaintiff's arrest or detention. Therefore, Chief Clark acted in good faith while performing discretionary duties of his office, and this Court should dismiss Plaintiff's claims against Chief Clark.

Plaintiff also does not allege any actions or omissions of former Mayor Morado or former City Manager Gonzales directly attributable to his alleged injuries. Mayor Morado and City Manager Gonzales likewise retain official immunity for the performance of any: (1) discretionary duties; (2) performed within the scope of their authority; (3) in good faith. *University of Houston v. Clark*, 22 S.W.3d 915, 918 (Tex. 2000).

If the individual Defendants are immune from suit, the City should also be immune from Plaintiff's negligence claims stemming from his arrest and incarceration. *DeWitt v. Harris County*, 904 S.W.2d 650, 652 (Tex. 1995).

## H.　EXEMPLARY DAMAGES

Plaintiff makes a global claim for exemplary damages. It is well established that punitive damages cannot be recovered against a governmental entity under 42 U.S.C. § 1983, however. *See*

*Jefferson v. City of Tannant, Ala.*, 522 U.S. 75, 79 (1997).    The Texas Tort Claims Act also precludes punitive damages against a city. TEX. CIV. PRAC. & REM. CODE § 101.024 (Vernon 1997).  Plaintiff has failed to allege any acts on the part of the individual Defendants that were even negligent, much less the type of acts that could support exemplary damages.  Therefore, this Court should dismiss Plaintiff's state law exemplary damages claims against the City of San Benito Defendants.

WHEREFORE, PREMISES CONSIDERED, Defendants **CITY OF SAN BENITO, TEXAS, SAN BENITO POLICE DEPARTMENT, MAYOR RICARDO MORADO, CITY MANAGER GABRIEL GONZALES, AND CHIEF OF POLICE RICHARD E. CLARK, JR.** request this Court enter an Order dismissing this suit with prejudice as to Defendants **CITY OF SAN BENITO, TEXAS, SAN BENITO POLICE DEPARTMENT, MAYOR RICARDO MORADO, CITY MANAGER GABRIEL GONZALES, AND CHIEF OF POLICE RICHARD E. CLARK, JR.**, with all Court costs to be borne by the party incurring same.

Signed on this the 6th day of August, 2002.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone     : (956) 504-1100
Facsimile      : (956) 504-1408

By: _____
J. Arnold Aguilar
State Bar No. 00936270
Federal Adm. No. 6822

John J. Jordan, Jr.
State Bar No. 0796852
Federal Adm. No. 21304

Attorneys for Defendants,
CITY OF SAN BENITO, TEXAS, SAN BENITO
POLICE DEPARTMENT, MAYOR RICARDO
MORADO, CITY MANAGER GABRIEL
GONZALES, AND CHIEF OF POLICE
RICHARD E. CLARK, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS CITY OF SAN BENITO, TEXAS, SAN BENITO POLICE DEPARTMENT, MAYOR RICARDO MORADO, CITY MANAGER GABRIEL GONZALES, AND CHIEF OF POLICE RICHARD E. CLARK, JR. MOTION TO DISMISS** has on this the 6th day of August, 2002, been forwarded via certified mail, return receipt requested to:

Mr. Jesus Rodriguez
2983 Redbird Lane
Huntsville, TX 77320

### *VIA REGULAR MAIL*

Mr. Francisco J. Martinez
Assistant District and County Attorney
974 E. Harrison Street
Brownsville, TX 78520


J. Arnold Aguilar
John J. Jordan, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS RODRIGUEZ | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. |
| CITY OF SAN BENITO, CAMERON | § | |
| COUNTY, TEXAS, SAN BENITO | § | B - 02 - 068 |
| POLICE DEPARTMENT, DAVID GARZA, | § | |
| RICARDO MORADO, MAYOR, GABRIEL | § | |
| GONZALES, CITY MANAGER, RICHARD | § | |
| E. CLARK, JR., CHIEF OF POLICE, | § | |
| ET AL. | § | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

On this _____ day of _____, 2002, came on to be considered **Defendants City of San Benito, Texas, San Benito Police Department, Mayor Ricardo Morado, City Manager Gabriel Gonzales, and Chief of Police Richard E. Clark, Jr.** Motion **To Dismiss** In the above styled and numbered cause.

IT IS THEREFORE ORDERED that said Defendant's Motion to Dismiss be and is hereby set for hearing on the _____ day of _____, 2002, at _____ o'clock _____.m.

SIGNED FOR ENTRY this _____ day of _____, 2002.

_____
U. S. DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS RODRIGUEZ | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. |
| CITY OF SAN BENITO, CAMERON | § | |
| COUNTY, TEXAS, SAN BENITO | § | B - 02 - 068 |
| POLICE DEPARTMENT, DAVID GARZA, | § | |
| RICARDO MORADO, MAYOR, GABRIEL | § | |
| GONZALES, CITY MANAGER, RICHARD | § | |
| E. CLARK, JR., CHIEF OF POLICE, | § | |
| ET AL. | § | |

**ORDER GRANTING DEFENDANT CITY OF SAN BENITO, TEXAS, SAN BENITO
POLICE DEPARTMENT, MAYOR RICARDO MORADO, CITY MANAGER
GABRIEL GONZALES, AND CHIEF OF POLICE RICHARD E. CLARK, JR.
MOTION TO DISMISS**

On the _____ day of _____, 2002, this cause came for hearing on **Defendants City of San Benito, Texas, San Benito Police Department, Mayor Ricardo Morado, City Manager Gabriel Gonzales, and Chief of Police Richard E. Clark, Jr. Motion to Dismiss** filed pursuant to Federal Rule of Civil Procedure 12 b(6).

After reviewing the pleadings, motions and responses on file, and hearing the argument of counsel thereon, the Court is of the opinion that Defendants' Motion to Dismiss should be GRANTED;

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendants' Motion to Dismiss is GRANTED, and that all of Plaintiff's claims asserted against the **City of San Benito, Texas, the San Benito Police Department, Mayor Ricardo Morado, City Manager Gabriel Gonzales, and Chief of Police Richard E. Clark, Jr.** be DISMISSED with prejudice against the re-filing same.

DONE at Brownsville, Cameron County, Texas, on this the _____ day of _____, 2002.

_____
U. S. DISTRICT JUDGE