*16*

# IN THE UNITED STATES OF AMERICA

# FEDERAL DISTRICT COURT

# FOR THE

# SOUTHERN DISTRICT OF TEXAS

# BROWNSVILLE DIVISION

### CIVIL ACTION NO.  B-02-068

United States District Court
Southern District of Texas
FILED

SEP 1 0 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| <u>JESUS RODRIGUEZ</u><br>　　　Plaintiff | < ><br>< ><br>< ><br>< >　　PLAINTIFF'S ANSWERS |
| *v.* | < > TO DEFENDANTS' MOTIONS<br>< >　 TO DISMISS PLAINTIFF'S<br>< > FIRST AMENDED PETITION |
| <u>CITY OF SAN BENITO, CAMERON COUNTY, TEXAS,</u><br><u>SAN BENITO POLICE DEPARTMENT,</u><br><u>DAVID GARZA, RICARDO MORADO, MAYOR,</u><br><u>GABRIEL GONZALES, CITY MANAGER,</u><br><u>RICHARD E.  CLARK, JR., CHIEF OF POLICE ET AL.</u><br>　　　Defendants | < >　AND MOTION TO STAY<br>< >　　　DISCOVERY<br>< ><br>< ><br>< ><br>< > |

## *PLAINTIFF'S ANSWERS TO DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED PETITION AND MOTION TO STAY DISCOVERY*

*Page 1 of 28*

*TO THE HONORABLE JUDGE OF SAID COURT:*

Comes now, Jesus Rodriguez, hereinafter called Plaintiff, and files this his *Answers to Defendants' Motions to Dismiss Plaintiff's First Amended Petition*, and *Motion to Stay Discovery*, complaining of the City of San Benito, San Benito Police Department, Ricardo Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police, David Garza et al., of San Benito, Cameron County, Texas, hereinafter called the Defendants, and would respectfully show the Court the following:

## I.

### INTRODUCTION

Jesus Rodriguez, Your Plaintiff, is an individual, professional educator and twenty-three (23) year veteran employee of the Texas Department of Criminal Justice, and resident of Walker County, Texas.

The Defendants, City of San Benito, San Benito Police Department, Ricardo Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police, David Garza et al., of San Benito, Cameron County, Texas, are entities of Municipal and/or City government, duly organized, chartered and/or established under municipality laws and those of the State of Texas, and sole individuals who maintain their principal offices of business in San Benito, Cameron County, Texas.

## II.

## *DEFENDANTS' DELUSIONAL FACTUAL ALLEGATIONS*

The Defendants' motions to dismiss assert and are characterized in their entirety with sarcasm, false, misleading, artificial, inaccurate, deceitful and delusional statements.

Intentionally, the Defendants' have omitted the most pertinent and harmful facts, charges and allegations charged against them; and made the basis and/or roots in Plaintiff's pleadings.

## III.

## *CAUSE OF ACTION AND LEGAL FOUNDATIONS*

Plaintiff will show, as cause of action, that the Defendants willfully violated the United States Constitution, laws and/or treaties; the Texas Torts Claims Act; Texas Constitution. Id. at 149; Texas Bill of Rights; Texas Civil Practice and Remedies Code, Title 5. Governmental Liability. Chapter 101. Tort Claims, Subchapter B. Tort Liability of Governmental Units, Sections 101.021, 101.0215 and 101.023; Chapter 103. Compensation to Persons Wrongfully Imprisoned; Texas Civil Practice and Remedies Code Annotated, Section 101.025 (Vernon 1986); 42 Civil Rights. Chapter 21, Subchapter 1 Generally. 42 U.S.C. Section 1981; 42 U.S.C. Section 1983; 28 U.S.C. Section 1343; Public Law 101-336; Title I of the Americans with Disabilities Act of 1990, as amended in 1992; Texas Commission on Human Rights Act; U. S. Constitution's Fourteenth Amendment Equal Protection Clause, Due Process Clause; Attorney's Fees Awards Act of 1976, as amended by the Civil Rights Act of 1991; 706(g) of the Civil Rights Act of 1964.

*Page 3 of 28*

*In general,* regarding David Garza *[who violated just about every Texas Rule of Civil Procedure, and refused to remove himself, due to great prejudice and a proven inability to remain partial, as Justice of the Peace for Plaintiff's trial]* a modern day type of ***vigilante,*** [aided, in part, by his drinking buddy and co-conspirator, Adolfo E. Cordova, Jr., an Attorney], had Plaintiff arrested in his office [not in his courtroom], illegally and maliciously, when Plaintiff, in response to a very special request made by Plaintiff's employer, asked David Garza for a "court verification letter" documenting Plaintiff's presence in his Court.

Witnesses will testify that David Garza, in response to police officer inquiry, informed said officers *[whom David Garza summoned to his office minutes earlier ---- this shows malice, egregious behavior and premeditation]* to arrest and incarcerate Plaintiff, and that he would think of something to charge Plaintiff with later.

Subsequently, David Garza, took Plaintiff's witness hostage [against her will] and falsely detained her [Maria Hilda Garcia] in ***retaliation*** for being Plaintiff's witness, and for a sexual relationship grudge of years past.

David Garza's malicious and egregious behavior and actions continued into the San Benito Municipal jail house to the extent that he issued a terroristic life-threatening threat against Plaintiff's life *[this, made in the presence of another prisoner, and two (2) San Benito Police Officers, one positioned at either side of David Garza, whom condoned David Garza's behavior and threat against Plaintiff's life; in addition to suffering additional physical and mental abuse from these two same police officers throughout the course of Plaintiff's incarceration]* prior to Plaintiff's release from jail, not after.

The San Benito Police Department, which condones and inflicts punishment on prisoners as a method of deterrence *[as **admitted by Police Chief Clark**]*, David Garza et al., are vigilantes, incompetent and failed to perform the official duties and responsibilities of police officers and a Justice of the Peace in a lawful, professional & ethical manner.

These and **other _intentional_, malicious and egregious actions by Defendants** David Garza et al., clearly fell outside the course and scope of the Defendants' employment contract(s), duties and responsibilities with the Municipality of San Benito and the State of Texas, who are to blame and be held responsible for these individuals' infringements, encroachment and breaches of the law, including, but not limited to established local, state and federal laws, policies, regulations, state rules of civil procedures and general rules of conducting business.

As a direct result, David Garza was sanctioned by the State Commission on Judicial Conduct.

## IV.

## JURISDICTION

Plaintiff's *Original Petition* and *First Amended Petition*, in detail, clearly define and reveal State and U. S. Constitution violations and related breaches.

The Defendants, claiming actions and/or violations arising under the U. S. Constitution, laws, and treaties of the United States of America, as pleaded in Plaintiff's *Original Petition*, filed a **Motion for Special Exceptions** while this case was still in the jurisdiction of a state district court

for the sole purpose of removal to federal court:

*Re: 404th Judicial District Court*
*Cause Number 2001-12-5344-G*
*Jesus Rodriguez, Plaintiff  v.  City of San Benito, San Benito Police Department, Ricardo*
*Morado, Mayor, Gabriel Gonzales, City Manager, Richard E.  Clark, Jr., Chief of Police,*
*David Garza et al., Defendants*
*In the District Court of the 404th Judicial District in Cameron County, Brownsville, Texas*

In addition, *without* the Plaintiff's consent, the Defendants voluntarily and willfully moved to

remove this lawsuit from state to federal court stating and/or claiming actions and/or violations

arising under the U. S.  Constitution, laws, treaties of the United States of America.

Jurisdiction is proper as the Defendants moved to remove this lawsuit to federal court, and U. S.

Constitution issues [substantial federal questions] are involved.

Now, the Defendants, claim in their motion(s) to dismiss, that the issues involved in this lawsuit

are state court matters, and, therefore, proper jurisdiction is in state court.

Legal precedence for this case to proceed on its own merits has been established in:

*Re: 357th Judicial District Court*
*Cause Number 2001-12-005343-E*
*Jesus Rodriguez, Plaintiff  v.  David Garza and Adolfo E.  Cordova, Jr., Defendants*
*In the District Court of the 357th Judicial District in Cameron County, Brownsville, Texas*

[Case Presently being Litigated]

Furthermore, it has been determined by State District Judge Olvera, that Justice of the Peace

David Garza is not a *"Judge"*, but, merely, what the title entails, a "Justice of the Peace"; and not

*Page 6 of 28*

immune or protected by either state or federal immunity clauses and/or prosecution as the Defendants' actions were egregious, capricious, malicious, demonstrated deliberate indifference and clearly fell outside the course and scope of the Defendant(s) employment responsibilities.

David Garza was also sanctioned by the State Commission on Judicial Conduct.

Plaintiff's non-frivolous allegations are sufficient to negate official immunity. *Carpenter v. Barner, 797 S.W.2d 99, 101 (Tex.App.----Waco) 1990, writ denied; Birdo v. Dubose, 819 S.W.2d 215 (Tex.App.----Waco) 1991, no writ.*

## V.

### STATUTES OF LIMITATIONS ISSUES
### DISCOVERY PHASE

Plaintiff originally filed his complaint in Huntsville, Walker County, Texas, on May 4, 2001, prior to the two (2) year statute of limitations having run and/or expired.

The complaint was filed in Walker County, Texas, because of immense prejudice against the Plaintiff in Cameron County, by reasons that the Plaintiff felt that he *could not be had nor expect a fair and impartial trial and/or hearing* in the Defendants' Precinct, County and/or surrounding Counties.

The Plaintiff exercised prudence and due diligence in the filing of his original petition as prescribed by law. However, as a result of several *out-of-court informal decisions* made by State District Court Judge Sandel, in the ***absence*** of any hearing afforded to Plaintiff, in Walker

*Page 7 of 28*

County, this lawsuit was *improperly* denied *Venue* [pursuant to the Texas Rules of Civil Procedure] in the District Court of Walker County, and released to be filed in a proper *venue*.

As a direct result of certain ***medical related physical & stressful illnesses***, decisions and actions by said court, beyond the control of the Plaintiff, Plaintiff was not able and/or permitted to re-file the lawsuit in question in Cameron County until on or about December 28, 2001. ***The statute of limitations have legally tolled.***

Please refer to the court file and records in the district clerk's office, original petition and supplemental, certified or official court papers filed from the State Judicial District Court in Walker County, Texas.

***Discovery*** should proceed as scheduled.

## *VI.*

### *TOLLING OF THE STATUTES OF LIMITATIONS*

Existing law has determined that a "physical" or "emotional" disorder(s) constitutes legal reason and/or justification for the tolling of statutes of limitations. This rule applies to Plaintiff; also,

State District Judge Sandel and District Clerk, Ms. Bernice Coleman, of Walker County, ***erred and showed prejudice*** in the processing of Plaintiff's original lawsuit *[as well as in three other cases; one suit being against Plaintiff's employer, claiming race discrimination and other violations involving state and federal issues as cause(s) of action]* filed by the Plaintiff in said

county, in that:

(1) Service of process and/or citation was not executed and/or complied with pursuant to the rules of civil procedure.

(2) Regarding a venue issue; no *transfer of venue* hearing [nor any other hearing, for that matter] was afforded to Plaintiff.

(3) Lawsuit was not dismissed due to venue or immunity issues.

(4) Lawsuit was not dismissed due to a "frivolous cause of action" nor any other legal issue.

(5) State Court instructed Plaintiff to file said lawsuit in proper venue *[this, without service of process and/or proper motions being heard or afforded to Plaintiff]*.

(6) State Court did not properly nor judiciously dismiss the lawsuit.  Plaintiff filed a Motion to Reinstate *[pursuant to a general letter mailed to the Plaintiff by the Court via regular mail]*, and requested a Transfer of Venue hearing.

Plaintiff was denied hearing of said motion(s), and the Court sent notice of such decision to Plaintiff via U.S.  First Class Mail correspondence.

State Court failed to proceed with service of process and to set hearing(s) for motions filed by the Plaintiff.

(7) Without service of process, or any hearings *afforded* to Plaintiff, the Court *denied* Plaintiff's Motion to Reinstate and Transfer of Venue hearings, and sent notice of such decision to

Plaintiff via U.S. First Class Mail correspondence.

The Court **_NEVER_** issued an Order of Dismissal due to improper venue nor for any other reason. The Court instructed Plaintiff to file said lawsuit in Cameron County, and sent notice of such decision to Plaintiff via U.S. First Class Mail correspondence, again, *without affording Plaintiff a hearing]*.

**_PLAINTIFF EXERCISED GOOD FAITH, PRUDENCE AND DUE DILIGENCE IN THE FILING OF THIS LAWSUIT AND SHOULD, THEREFORE, NOT BE DISMISSED DUE TO FALSE, MISLEADING AND INACCURATE STATEMENTS AND REASONS MALICIOUSLY SET FORTH AND SWORN TO BY THE DEFENDANTS IN THEIR MOTIONS TO DISMISS._**

**_VII._**

**_PLAINTIFF'S ATTEMPTS TO REMEDY_**

**_GOOD FAITH SHOWN_**

**_ADMINISTRATIVE REMEDIES EXHAUSTED_**

Plaintiff has engaged in numerable and repeated attempts to communicate with the Defendants in order to obtain proper relief. Calling Defendants on the telephone/facsimile, making personal visits to the Defendants, and even hiring an attorney to correspond and discuss these matters with the Defendants with the hope of amicably resolving these issues. Despite these diligent efforts and reasonable attempts on the part of the Plaintiff to resolve these issues, the Defendants have

acted with actual malice, flagrant negligence, and/or such gross indifference toward the legal and civil rights of the Plaintiff.

Furthermore, Plaintiff exhausted all the non-judicial and administrative remedies [local, state and federal], due process hearings and other grievance proceedings afforded to a complainant. *Pedraza v. Tibbs, 826 S.W.2d 695, 698-99 (Tex.App.----Houston [1st Dist.] 1992, writ dism'd w.o.j.); Birdo v. Schwartzer 883 S.W.2d 386 (Tex.App. 10th Dist.) 1994.*

## VIII.

### STATE AND FEDERAL IMMUNITY ISSUES
### JUDICIAL AND QUALIFIED IMMUNITY

Due to the nature of this complaint, these City of San Benito and State of Texas governmental entities, agencies and sole individuals are not protected under city, state or federal sovereign immunity and "tort immunity clause" provisions, including state and federal civil rights statutes.

Such *intentional, flagrant, malicious, egregious, capricious and blatant acts of malice* by governmental entities, administrators and employees which clearly fall *outside the course and scope of the Defendants' employment* are not protected under the sovereign immunity clause pursuant to common law; nor do these governmental entities and individuals meet the legal test for immunity and other state and federal laws and statutes, Tort Claims Act. Therefore, this Court must *rightfully deny state, federal and individual immunity* to said parties. Sovereign immunity does not bar claims against individual city or state employees. Neither qualified immunity nor quasi-judicial immunity shields individual defendants from suit as a matter of law.

In this case, the Defendants performed discretionary functions in bad faith and outside the course and scope of governmental employment authority. Moreover, sovereign immunity actions of governmental units fall within waiver of immunity set forth by the state and federal Tort Claims Act(s) for personal injury. *Harrison v. Texas Department of Criminal Justice-Institutional Division, 915 S.W.2d 882 (Tex.App.—Houston [1st Dist.] 1995)*.

Plaintiff's pleadings, without more development of the factual basis pled [in concise language] sufficient facts to comply with state pleading requirements necessary to negate immunity for the defendants in governmental immunity cases. Plaintiff's non-frivolous allegations are sufficient to negate official immunity. *Carpenter v. Barner, 797 S.W.2d 99, 101 (Tex.App.—Waco) 1990, writ denied; Birdo v. Dubose, 819 S.W.2d 215 (Tex.App.—Waco) 1991, no writ.*

Furthermore, actions may be maintained against city and state officials in their personal capacities under federal civil rights statutes. *42 U.S.C.A. Section 1983; Harrison v. Texas Department of Criminal Justice-Institutional Division, 915 S.W.2d 882 (Tex.App.—Houston [1st Dist.] 1995)*.

The willful breach of policy and procedure and severe negligent acts of the SBPD and its administrators, according to Plaintiff's pleadings, were indeed *intentional, egregious, deliberate indifferent, outrageous and an inappropriate job activity which clearly fell outside the course and scope of the Defendants' employment with the City of San Benito*; and which led to Plaintiff's *arrest*, medical, physical and psychological [intentional affliction of pain, mental anguish, emotional distress, etc.], complications and damages. Furthermore, these intentional acts of malice were made in retaliation to prior complaints filed by the Plaintiff against Justice of

*Page 12 of 28*

the Peace David Garza and Mr. Adolfo Cordova, Attorney at Law. *DeLeon v. Hernandez, 814 S.W.2d 531, 533 (Tex.App.----Houston [14th Dist.] 1991, no writ); Onnette v. Reed, 832 S.W.2d 450 (Tex.App.----Houston [1st Dist.] 1992.*

Defendants David Garza and City of San Benito officials *intentionally & knowingly were flagrant in negligence and/or exhibited such gross indifference leading to the deprivation of Plaintiff's constitutional rights to life, liberty and the pursuit of happiness [life and bodily integrity] and, were, therefore, flagrant in judgment, discretion [Bad Faith] and performance.* The doctrine of sovereign immunity does not give individuals, city, state or federal officials the right to abuse and violate their protected status at the cost of depriving citizens of their constitutional and legal rights. *City of Beaumont v. Bouillion, 896 S.W.2d 143 (Tex. 1995).*

Therefore, since David Garza and these City of San Benito and State of Texas agency(s) and sole individuals do not meet the legal test for immunity under state or federal sovereign immunity provisions, Your Plaintiff begs this Court to *deny city, state, federal and individual immunity* to said parties charged and named in this complaint.


## IX.

### STATE AND FEDERAL TORT CLAIMS ACT(S)

By reason of the malicious and wrongful acts of the Defendants [Human and Civil Rights Violations, Judicial & Law Enforcement Misconduct and Corruption, Abuse, Breach/Disregard of the Law, Acts of Conspiracy, Fraud, Abuse of Power, Obstruction to the Administration of Justice and Assault by Threat], your Plaintiff will show that it has become necessary to file this

civil litigation [lawsuit] because of an incident(s) which occurred on May 5, 1999.

Plaintiff would show, as cause of action, that on such dates, Defendants, *all inclusive*, (1) endangered Plaintiff's life which could have proven fatal, (2) caused Plaintiff to suffer physical back pain and injury, (3) intentional cover-up of the evidence, (4) falsely detained and imprisoned the Plaintiff without just cause, due process, (5) violated Plaintiff's civil rights pursuant to the Texas Bill of Rights, Civil Rights Act of 1964, as amended in 1991, and the U. S. Constitution's Fourteenth Amendment Equal Protection Clause, Due Process Clause, and (6) did not comport, adhere and/or confirm to their job descriptions and/or job duties. *Texas Civil Practice and Remedies Code, Title 5. Governmental Liability. Chapter 101. Tort Claims, Subchapter B. Tort Liability of Governmental Units, Sections 101.021, 101.0215 and 101.023; Texas Civil Practice and Remedies Code Annotated, Section 101.025 (Vernon 1986); Chapter 103. Compensation to Persons Wrongfully Imprisoned.*

The City of San Benito Police Department et al., used its government owned property [jail employees/officers/officials/iron wrought bed as *deadly weapons* to inflict medical, physical, mental, emotional pain & suffering, which could have resulted fatal, upon the Plaintiff. In addition, they permitted or condoned an outside state official, in Justice of the Peace David Garza, to enter there jail to harass, intimidate, inflict mental anguish and warn of terroristic life threatening injuries against the Plaintiff.

Plaintiff intends to prove these tort claims through the use of police department records, documents and numerous witnesses who have firsthand knowledge of this incident(s).

Your Plaintiff would show that on the occasion in question, Justice of the Peace David Garza, of

*Page 14 of 28*

Precinct 3, Place 2, in San Benito, Cameron County, Texas, exercised a willful abuse of power and unethical behavior unbecoming a State of Texas elected official.

Your Plaintiff would further show that on the occasion in question, Justice of the Peace David Garza, acted with malice, aforethought, engaged in vigilante tactics, and along with San Benito Police Department Officials, targeted a malicious vendetta against Your Plaintiff for **seeking justice** in his Court; and, as a direct result, in a Small Claims Court matter, entered a default judgment against Your Plaintiff on May 5, 1999.

In addition, David Garza viciously and maliciously had your Plaintiff unlawfully [abuse of power] arrested for *contempt of court,* while exiting said judge's office, when your Plaintiff requested court documentation and/or an excuse letter for his employer, as he was instructed to do.

Your Plaintiff would further show this Court that, while in custody, Your Plaintiff was placed in a cell with no lavatory and **forced** to lie down on an iron, cross metal mesh [like laying on nails] bed with no type of mattress, blanket(s) and/or pillow.  The Defendants repeatedly denied your Plaintiff these items when he requested them.  The Defendants advised Your Plaintiff that he could not have these bed accessories because I would attempt to commit suicide [in the absence of a psychological suicide profile] and that they used this strategy as a **deterrent and punishment** in order to keep people from committing future crimes and returning to jail.  The following day, Your Plaintiff confronted Richard E.  Clark, Jr., Chief of Police, with this practice or allegation of inflicting physical punishment and mental abuse on his prisoners, and without hesitation, Chief Clark acknowledged this practice of physical, emotional, mental, and medical abuse as

fact.

Your Plaintiff was also denied use of a telephone, water, food and medical attention for his physical disabilities [post-poliomyelitis and related leg, hip & spine deformities, paralysis and chronic muscle & bone deterioration]. In addition, Your Plaintiff [and another prisoner] was subjected to ridicule and abusive language and was threatened with numerous other false and trumped-up charges if Your Plaintiff did not "behave".

As a proximate result of these events, Your Plaintiff endured these tormenting conditions for nine (9) long, hellish hours. This particular cases of psychological and physical abuse [cruel and unusual punishment] are the result of a vicious, malicious, corrupted and abusive SBPD. Not even hard criminals, state prison convicts and/or incarcerated or confined mental patients endure such cruel treatment.

Your Plaintiff would also show this Court that, minutes upon his release from jail by Justice of the Peace David Garza, on time served, the SBPD permitted [and condoned, endangerment of human life, obstruction to the administration of justice] David Garza to enter their jailhouse cell area and physically threatened Your Plaintiff's life [to kill] in the presence of two (2) corrupted SBPD officers and another prisoner [as these officers stood by, allowed, condoned and witnessed the ordeal] and warned Your Plaintiff, to the effect that, if he did not stayed out of his precinct, county and/or jurisdiction, that he would have Your Plaintiff "physically hurt" and/or arrested on trumped-up charges.

The two (2) San Benito Police Officers did not intervene and absolutely took no positive action in order to prevent the assault by threat nor did they report this incident to their superior. After

Your Plaintiff reported this incident to Richard E. Clark, Jr., Chief of Police, he, too, refused to take immediate administrative and legal action in order to ensure that this matter be properly reported and investigated by the appropriate authorities.

Your Plaintiff will show this Court that David Garza, against the law, took the Plaintiff's witness hostage [false imprisonment and/or detainment], against her will, in his office, and did not release her until he was through harassing, intimidating and chastising her. The witness informed Your Plaintiff that David Garza threatened to "hurt" and/or arrest Your Plaintiff if he ever saw [the Plaintiff] in his jurisdiction and/or San Benito again.

Plaintiff's witness, Ms. Maria Hilda Garcia, as Your Plaintiff will show this Court, also revealed to the Plaintiff that David Garza demonstrated a serious grudge over the result of their failed *personal relationship;* as he was *in love* with her in years past, but that she never returned the favor. She informed Your Plaintiff that David Garza became resentful of her because of her unwillingness to enter into a *sexual relationship* with him.

As a result, Justice of the Peace David Garza, **was formally reprimanded, disciplined and sanctioned by the Texas State Commission on Judicial Conduct** on April of 2000, for his role in criminal and civil negligence of legal jurisprudence, blatant disregard of the law, abuse of power, unprofessional and unethical behavior unbecoming that of a Justice of the Peace.

In addition, Your Plaintiff would show that the SBPD failed to abide by city council policy(s), departmental rules, regulations and guidelines established for compliance with standards for accreditation of police agency(s), Texas Jail Commission [i.e., processing a criminal complaint report on David Garza, immediately ordering an internal affairs investigation, condoned judicial

& police misconduct, abuse, care & protection of prisoners, professionalism & ethics, obstruction to the administration of justice, etc.].

Furthermore, Your Plaintiff would show this Court that the San Benito Police Department Internal Affairs Division, continually harassed, intimidated and accused Your Plaintiff of fabricating his complaints, and pressured Your Plaintiff to withdraw his complaints. In addition, Your Plaintiff was threatened with criminal charges if the results of their internal investigation proved otherwise.

The willful breach of policy and procedure and severe negligent acts of the SBPD and its administrators, according to Plaintiff's pleadings, were indeed *intentional, egregious, deliberate indifferent, outrageous and an inappropriate job activity which clearly fell outside the course and scope of the Defendants' employment with the City of San Benito*; and which led to Plaintiff's *arrest*, medical, physical and psychological [intentional affliction of pain, mental anguish, emotional distress, etc.], complications and damages. Furthermore, these intentional acts of malice were made in retaliation to prior complaints filed by the Plaintiff against Justice of the Peace David Garza and Mr. Adolfo Cordova, Attorney at Law. *DeLeon v. Hernandez, 814 S.W.2d 531, 533 (Tex.App.----Houston [14th Dist.] 1991, no writ); Onnette v. Reed, 832 S.W.2d 450 (Tex.App.----Houston [1st Dist.] 1992.*

City of San Benito officials *intentionally & knowingly were flagrant in negligence and/or exhibited such gross indifference leading to the deprivation of Plaintiff's constitutional rights to life, liberty and the pursuit of happiness [life and bodily integrity] and, were, therefore, flagrant in judgment, discretion [Bad Faith] and performance.*

Moreover, state and federal entities have consented to some common law damage actions by enacting the Tort Claims Act(s). *Texas Civil Practice and Remedies Code Annotated, Section 101.025 (Vernon 1986)*. Also, Plaintiff may sue *for equitable remedies* under the Texas and U. S. Constitutions. *Id. at 149; Texas Civil Practice and Remedies Code, Chapter 103. Compensation to Persons Wrongfully Imprisoned; Texas Bill of Rights; Steele v. City of Houston, 603 S.W.2d 786 (Tex. 1980); City of Gladewater v. Pike, 727 S.W.2d 514 (Tex. 1987); City of Beaumont v. Bouillion, 896 S.W.2d 143 (Tex. 1995).*

Plaintiff is constitutionally entitled to legal redress and/or relief.

## X.

### PLAINTIFF REFUTES DEFENDANTS' CLAIMS TO DEFENSES
### BAD FAITH SHOWN
### EXEMPLARY DAMAGES

The Defendants do not have a *meritorious defense* to this suit.

Plaintiff will show that the Defendants have failed to remedy any violation(s) and will present evidence to this Court revealing that the Defendants have viciously and maliciously failed to adhere to local, state and federal policies and laws in many other situations; but rather, choose, and continue not to take appropriate action and/or cover-up gross, flagrant and egregious acts; and indifference's leading to the deprivation of Plaintiff's constitutional rights to life, liberty and the pursuit of happiness [life and bodily integrity], pursuant to the Fourteenth Amendment Bill of Rights of the U. S. Constitution.

In addition, your Plaintiff will further show this Court that the Defendants, out of a willful disregard of the law, malice, hate and spite, intentionally & knowingly conspired to harm the Plaintiff by acting in bad faith and a show of reckless indifference to the federally protected rights of an aggrieved individual; therefore, *negligent in judgment, discretion and performance.*

The Defendants' flagrant, willful and intentional breach of policy, local, state and federal laws, pursuant to the Civil Rights Acts of 1964, and subsequent amendments, proximately caused all the irreversible and irreparable damages suffered by the Plaintiff.

In the absence of any supporting material facts and legal evidence, Plaintiff emphatically refutes all of the Defendant's defenses, in whole or in part, with special emphasis on the malicious and false allegations that the Plaintiff *"...had the last clear chance to avoid the incident upon which Plaintiff's claims are based, and that the Plaintiff's negligence caused the injuries made the basis of Plaintiff's cause of action, and not any negligence on the part of these Defendants"*; and, *"Any loss or damages sustained by Plaintiff...were caused in whole or in part, or contributed to, by the negligence of Plaintiff, and not by any negligence or fault or want of care on part of the Defendants...."* and/or, any other third party, mainly, David Garza.

Exemplary damages are justified under the facts if the Plaintiff can prove that the Defendants acted with: (1) a blatant disregard of Plaintiff's civil and constitutional rights, (2) intentional or wanton acts of gross negligence, (3) reckless or callous wrongful conduct, (4) deliberate or conscious indifference, (5) willfulness, (6) the doctrine of proximate cause [foreseeability, cause in fact], (7) malice or (8) evil intent. *City of Beaumont v. Bouillion, 896 S.W.2d 143 (Tex. 1995); Steele v. City of Houston, 603 S.W.2d 786 (Tex. 1980); City of Gladewater v. Pike, 727*

*S.W.2d 514 (Tex. 1987).*

If Plaintiff proves or shows an entire want of care to his rights and welfare, and that such conduct can be imputed directly to the governing body of the municipality, exemplary damages may be recovered. *City of Gladewater v. Pike, 727 S.W.2d 514 (Tex. 1987).*

Plaintiff has engaged in numerable and repeated attempts to communicate with the Defendants in order to obtain proper relief. Calling Defendants on the telephone/facsimile, making personal visits to the Defendants, and even hiring an attorney to correspond and discuss these matters with the Defendants with the hope of amicably resolving these issues. All administrative remedies [local, state and federal] have been duly exhausted. Despite these diligent efforts and reasonable attempts on the part of the Plaintiff to resolve these issues, the Defendants have acted with actual malice, flagrant negligence, and/or such gross indifference toward the legal and civil rights of your Plaintiff as would justify *exemplary damages* in favor of your Plaintiff and in the amount determined proper by this Court.

## XI.

### TEST FOR NON-FRIVOLOUS CAUSE OF ACTION IN LAWSUIT

In keeping with the Decisions of the United States Supreme Court, the Texas Supreme Court has suggested that the *proper test for frivolousness* is that contained in Section 13.001(b)(2); and it also discourages reliance on Section 13.001(b)(1). A dismissal under Section 13.001(b)(3), is no longer appropriate. *Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990); Neitzke v. Williams, 490 U.S. 319, 330, 109 S.Ct. 1827, 1834 104 L.Ed.2d 338 (1989); Pugh v. Parish of St.*

*Tammany, 875 F.2d 436, 438 (5th Cir. 1989); Johnson v. Lynaugh, 800 S.W.2d 936, 938 (Tex.App.----Houston [14th Dist.] 1990, writ granted); Onnette v. Reed, 832 S.W.2d 450 (Tex.App.----Houston [1st Dist.] 1992; Pedraza v. Tibbs, 826 S.W.2d 695 (Tex.App. ----Houston [1st Dist.] 1992, writ dismissed w.o.j.); Spellmon v. Sweeney, 819 S.W.2d 206 (App. 10 Dist. 1991).*

Plaintiff's claim(s) ***does have*** an arguable basis in law or in fact.  A claim which has no legal basis is one based upon an "indisputably meritless legal theory." *Thompson v. Ereckson, 814 S.W.2d 805, 807 (Tex.App.----Waco 1991, no writ) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); McDonald v. Houston Dairy, 813 S.W.2d 238, 239 (Tex.App.----Houston [1st Dist.] 1991, no writ); Timmons v. Luce, 840 S.W.2d 582 (App. 12th Dist.) 1992.*

An example of factually baseless contentions is one arising out of fantastic, fanciful or delusional scenarios. *Birdo v. Ament, 814 S.W.2d 805 (App. 10 Dist. 1991).*

Plaintiff's petition is not based upon some patently fantastic, fanciful or delusional set of facts. Thus, this Court *can not* dismiss on the basis that Plaintiff's claims have no arguable basis in law or in fact.  Before dismissing under Section 13.001(b)(2), petitions must receive judicial examination for determination of its arguable basis in law or in fact prior to dismissing the action as frivolous or malicious pursuant to the Texas Civil Practice and Remedies Code Annotated, Chapter 13, Section 13.001(a)(2), (Vernon Supp. 1992). *Matter of Wilson, 932 S.W.2d 263 (App. 8 Dist. 1996); Felix v. Thaler, 923 S.W.2d 650 (Tex.App.----Houston [1st Dist.] 1995; Morris v. Collins, 916 S.W.2d 527 (Tex.App.----Houston [1st Dist.] 1995; Spellmon v. Sweeney, 819*

*S.W.2d 210 (App. 10 Dist. 1991); McDonald v. Houston Dairy. 813 S.W.2d 238, 239*

*(Tex.App.----Houston [1st Dist.] 1991, no writ); Birdo v. Dubose, 819 S.W.2d 212*

*(Tex.App.----Waco) 1991, no writ; Birdo v. Williams, 859 S.W.2d 571 (Tex.App.----Houston [1st*

*Dist.] 1993; Johnson v. Franco, 893 S.W.2d 302 (Tex.App.----Houston [1st Dist.] 1995, writ*

*dismissed w.o.j.); Onnette v. Reed, 832 S.W.2d 450 (Tex.App.----Houston [1st Dist.] 1992;*

*Brewer v. Collins, 857 S.W.2d 819 (Tex.App.----Houston [1st Dist.] 1993; Thomas v. Holder,*

*836 S.W.2d 351 (Tex.App. 12 Dist. 1992); Bohannan v. Texas Board of Criminal Justice, 942*

*S.W.2d 142 (Tex.App. 3rd Dist. 1977) rehearing overruled, writ denied; Hector v. Thaler, 862*

*S.W.2d 176, 178 (Tex.App.----Houston [1st Dist.] 1993, no writ); Pedraza v. Tibbs. 826 S.W.2d*

*695, 698-99 (Tex.App.----Houston [1st Dist.] 1992, writ dism'd w.o.j.); Berry v. Texas*

*Department of Criminal Justice, 864 S.W.2d 578 (Tex.App. 12th Dist.) 1993;* ***Harrison v. Texas***
***Department of Criminal Justice-Institutional Division. 915 S.W.2d 882 (Tex.App.——Houston***
***[1st Dist.] 1995)***.

Thus, with a bona fide arguable basis in law or in fact, *Civil Action No. B-02-068*, constitutes a

valid legal complaint and cause of action against the Defendants for their *intentional* acts of

malice, and *flagrant* violations of Plaintiff's rights, expressed and implied employee official and

civil obligations and responsibilities under local, state and federal policy(s) and procedure(s),

*which clearly fell outside the course and scope of the Defendants' employment* with the City of

San Benito and the State of Texas.

The willful breach of policy and procedure and severe negligent acts of the SBPD and its

administrators, according to Plaintiff's pleadings, were indeed *intentional, egregious, deliberate*
*indifferent, outrageous and an inappropriate job activity which clearly fell outside the course*

*and scope of the Defendants' employment with the City of San Benito*; and which led to
Plaintiff's *arrest*, medical, physical and psychological [intentional affliction of pain, mental
anguish, emotional distress, etc.], complications and damages.  Furthermore, these intentional
acts of malice were made in retaliation to prior complaints filed by the Plaintiff against Justice of
the Peace David Garza and Mr.  Adolfo Cordova, Attorney at Law. *DeLeon v. Hernandez, 814
S.W.2d 531, 533 (Tex.App.----Houston [14th Dist.] 1991, no writ); Onnette v. Reed, 832 S.W.2d
450 (Tex.App.----Houston [1st Dist.] 1992.*

David Garza and City of San Benito officials *intentionally & knowingly were flagrant in
negligence and/or exhibited such gross indifference leading to the deprivation of Plaintiff's
constitutional rights to life, liberty and the pursuit of happiness [life and bodily integrity] and,
were, therefore, flagrant in judgment, discretion [Bad Faith] and performance*.

Plaintiff may sue *for equitable remedies* under the Texas and U. S.  Constitutions. *Id. at 149;
Texas Civil Practice and Remedies Code, Chapter 103.  Compensation to Persons Wrongfully
Imprisoned; Texas Bill of Rights; Steele v. City of Houston, 603 S.W.2d 786 (Tex. 1980); City of
Gladewater v. Pike, 727 S.W.2d 514 (Tex. 1987); City of Beaumont v. Bouillion, 896 S.W.2d 143
(Tex. 1995).*

## XII.

## HARM ALLEGED

As a result of the aforementioned allegations, Plaintiff, has suffered severe emotional pain, stress,
mental anguish, illness and inconvenience; and in all probability will cause him to suffer much

*Page 24 of 28*

psychological discomfort and pain, embarrassment, humiliation, distress, loss of enjoyment of life for years to come, future pecuniary losses as in employment opportunities outside the district, including other non-pecuniary losses caused by the discrimination and harassing conduct. In addition, Plaintiff has suffered monetary damages, lost days of work, medical expenses, attorney consultation fees, related personal and miscellaneous expenses and time & energy expended while acting as his own attorney, costs of suit and related personal & miscellaneous expenses, travel, transportation & lodging expenses, communication, clerical and equipment costs, all as a direct result of the injuries complained of herein.

Your Plaintiff will further show this Court that prior, and as a direct result of the allegations in question, his physical and psychological health were stable. However, the Plaintiff's physical disabilities [post-poliomyelitis and related leg, hip & spine deformities, paralysis and chronic muscle & bone deterioration] have been further exacerbated as a direct result of numerous life threatening, physical and psychological abuses this Plaintiff has been forced to endure and suffer during the course of this ordeal.

## XIII.

### PRAYER FOR JUST RELIEF

**WHEREFORE PREMISES CONSIDERED,** by reason of the foregoing vicious, malicious and wrongful acts of the Defendants, Your Plaintiff, Jesus Rodriguez, prays that this Honorable Court **DENY** in its entirety(s), **Defendants' Motions to Dismiss Plaintiff's First Amended Petition**, and **Motion to Stay Discovery**, in complaining of, the City of San Benito, San Benito

*Page 25 of 28*

Police Department, Ricardo Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police, David Garza et al., herein called Defendant(s), and that this lawsuit(s) proceed on its own merits.

**Plaintiff prays for this Court's justice, mercy, respect and understanding.**

# May God Almighty's Mercies Be With Us All!

Respectfully Submitted,

*Mr. Jesus Rodriguez*

**Mr. Jesus Rodriguez**
Plaintiff/Attorney
2983 Redbird Lane
Huntsville, Texas   77320
936/291-0106   Telephone/Facsimile

# CERTIFICATE OF SERVICE

I, Jesus Rodriguez, hereby certify that a true and correct copy of the foregoing Plaintiff's *Motion to Extend Filing Date of Answers to Defendants' Motions to Dismiss: First Amended Petition and Motion to Stay Discovery*, has been forwarded to the Attorneys for the Defendants via registered facsimile and U. S. First Class Priority Mail, on September 6, 2002.

Re:  In the United States of America
    *Civil Action No. B-02-068*
    Jesus Rodriguez, Plaintiff *v.* City of San Benito, San Benito Police Department, Ricardo
        Morado, Mayor, Gabriel Gonzales, City Manager, Richard E. Clark, Jr., Chief of Police,
        David Garza et al., Defendants
    In Federal District Court for the Southern District of Texas, Brownsville Division, in
        Cameron County, Brownsville, Texas

YOLANDA DE LEON
CAMERON COUNTY AND DISTRICT ATTORNEY
FRANCISCO J. MARTINEZ
HUMBERTO YSAGUIRRE, JR.
ASSISTANT DISTRICT AND COUNTY ATTORNEYS
CAMERON COUNTY (CRIMINAL DISTRICT) ATTORNEY'S OFFICE
CAMERON COUNTY COURTHOUSE
974 EAST HARRISON STREET
BROWNSVILLE, TEXAS 78520
956/544-0849 Telephone
956/544-0869 Facsimile
ATTORNEY FOR THE DEFENDANT,
DAVID GARZA

LAW OFFICE OF J. ARNOLD AGUILAR, L. L. P.
JOHN J. JORDAN, JR.
ATTORNEYS AT LAW
ARTEMIS SQUARE, SUITE H-2
1200 CENTRAL BOULEVARD
BROWNSVILLE, TEXAS 78520
956/504-1100 Telephone
956/504-1408 Facsimile
ATTORNEY FOR THE DEFENDANTS,
CITY OF SAN BENITO, SAN BENITO
POLICE DEPARTMENT ET AL.

Mr. Jesus Rodriguez, Plaintiff
Civil Action No. B-02-068
936/291-0106 Telephone/Fax

*Page 27 of 28*

*FILED:* Mr. Butch Barbosa
U. S. District Deputy in Charge
The United States District Court
for the Southern District of Texas ---- Civil
Brownsville Division
600 East Harrison, 1ˢᵗ Floor
Brownsville, Texas   78520


Court Case Manager
Civil Action No.  B-02-068
The United States District Court
for the Southern District of Texas ---- Civil
Brownsville Division
600 East Harrison, 1ˢᵗ Floor
Brownsville, Texas   78520