United States District Court
Southern District of Texas
ENTERED

DEC 0 3 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS RODRIGUEZ,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. B-02-068 |
| | § | |
| CITY OF SAN BENITO, CAMERON<br>COUNTY, TEXAS, SAN BENITO<br>POLICE DEPARTMENT, DAVID<br>GARZA, RICARDO MORADO, MAYOR,<br>GABRIEL GONZALES, CITY MANAGER,<br>RICHARD E. CLARK, JR. CHIEF OF<br>POLICE, et al.<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendants have filed Motions to Dismiss the instant action on several grounds including the tolling of the statute of limitations, failure to state a claim pursuant to Federal Rule of Civil Procedure 12 (b)(6), and qualified and/or official immunity. (Doc. 5, 9) Also before the Court are Plaintiff's Answers to Defendants' Motions to Dismiss Plaintiff's First Amended Petition and Motion to stay Discovery, (Doc. 16), as well as Plaintiff's Objections to Defendant's Motion to Dismiss Plaintiff's First Amended Petition and Motion to Stay Discovery. (Doc. 13) After considering the pleadings and the applicable law in this case, the undersigned concludes that Plaintiff's claims should be dismissed.

## JURISDICTION AND VENUE

Jurisdiction herein is appropriate under 42 U.S.C. §§ 1981, 1983, 1985, 28 U.S.C. §1343, and 28 U.S.C. §1441(b).

## BACKGROUND

*Facts*

Plaintiff was to appear in Defendant Justice of the Peace David Garza's court In San Benito for trial of a dispute between Plaintiff and Angel Meda regarding the installation of tile in Plaintiff's home. Apparently, Plaintiff believed he was to appear at 10:00 a.m. May 5, 1999; however, he was actually scheduled to appear at 9:00 a.m. For reasons unknown to this court, Judge Garza held Plaintiff in contempt of court that day; consequently Plaintiff spent nine (9) hours in the City of San Benito's jail.

Plaintiff contends that the City of San Benito Police Department used a wrought iron bed to inflict physical and emotional pain and suffering, which Plaintiff also alleges amounted to deadly force. Plaintiff also claims that he was not issued a mattress, a blanket or a pillow. Plaintiff alleges that he was denied food, water, medical attention, and the use of a telephone. Plaintiff contends that other Defendants permitted or condoned alleged verbal threats from Judge Garza.

Plaintiff previously filed an action against the instant Defendants in May, 2001 in Walker County, Texas and that lawsuit was dismissed. Plaintiff filed the instant action in Cameron County, Texas on December 28, 2001. Plaintiff has alleged federal claims in response to Defendants' special exceptions to the state court lawsuit. Plaintiff alleges claims under Title I of the American's with Disabilities Act (ADA), 42 U.S.C. §§ 1981, 1983, and 1985. Plaintiff's state law claims arise under the Texas Constitution and the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE § 101 *et seq.*, as well as negligence, negligence *per se*, and gross negligence, and intentional torts of conspiracy, false imprisonment, malicious civil prosecution, and statutory wrongful imprisonment.

## ANALYSIS

*Statute of Limitations*

The statute of limitations for any claim under 42 U.S.C. § 1983 is two years. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5ht Cir.), *cert denied*, 122 S. Ct. 53 (2001). Plaintiff's 42 U.S.C. § 1985 claims are subject to the same two-year statute of limitations. *Cross v. Lucious*, 713 F.2d 153 (5th Cir. 1983). Similarly, claims under 42 U.S.C. § 1981 are also subject to a two-year statute of limitations. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). ADA claims under Titles I and II are subject to a two-year statute of limitations as well. *Holmes v. Texas A&M Univ.*, 145 F.3d 681, 685 (5th Cir. 1998); *Eber v. Harris County Hosp. Dist.*, 130 F. Supp.2d 847, 870 (S.D. Tex. 2001).

Plaintiff's state law claims of negligence, negligence *per se*, civil conspiracy, and false imprisonment are all subject to a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.003. Texas statutory wrongful imprisonment claims also have a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 103.007. The state law malicious prosecution claim has a one-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.002(a). All of these causes of action for which there is a one-year statute of limitations are entirely time-barred.

Plaintiff would argue that equitable tolling should apply in the case at bar; however, the doctrine of equitable tolling applies to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable. *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999). Moreover, equitable tolling mainly applies where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *Id.* Plaintiff has neither shown due diligence nor any activities engaged in by the Defendants to prevent him from filing a proper cause of action in the appropriate jurisdiction. Plaintiff relates that he was

instructed by the State District Court in Walker County "to file said lawsuit in Cameron County,"[1] thereby showing he was on notice that he needed to file his claim in the proper county in order to preserve his cause of action. Plaintiff claims that "certain medical related physical & stressful illnesses, decisions and actions,"[2] by the State District Court in Walker County, Texas made him unable to file his claim where State District Judge Sandel informed him to file. These cursory suggestions and allegations, without specific proof, cannot overcome the due diligence Plaintiff is required to demonstrate in order to gain the benefit equitable tolling.

## RECOMMENDATION

For the reasons set forth above, Defendants' Motions to Dismiss should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[3]

DONE at Brownsville, Texas this 3rd day of December, 2002

John William Black
United States Magistrate Judge

---

[1] "Plaintiff's Answers to Defendants' Motions to Dismiss Plaintiff's First Amended Petition and Motion to Stay Discovery" at p. 10 (Doc. 16)

[2] "Plaintiff's Answers to Defendants' Motions to Dismiss Plaintiff's First Amended Petition and Motion to Stay Discovery" at p. 8 (Doc. 16)

[3] See Douglass v. United States Automobile Association, 79 F.3d 1415, 1417 (5th Cir. 1996).