IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
ENTERED

MAY 0 9 2003

Michael N. Milby, Clerk
By Deputy Clerk

| | |
|---|---|
| Jesus Rodriguez, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. B-02-068 |
| § | |
| City of San Benito, Cameon County, Texas, § | |
| San Benito Police Department, David Garza, § | |
| Ricardo Morado, Mayor, Gabriel Gonzales, § | |
| City Manger, Richard E. Clark, Jr., Chief § | |
| of Police, et al. § | |
| § | |
| Defendants. § | |
| § | |

## ORDER

On February 28, 2003, this court dismissed the above-referenced cause of action. On April 3 Jesus Rodriguez filed a motion to vacate and set aside this judgment of dismissal. Rodriguez's motion alleges that this court incorrectly determined that Rodriguez failed to file his objections to Judge Black's report and recommendation within ten days as required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), and thereby erred by applying the "clear error" standard to Judge Black's report and recommendation. *See* Fed. R. Civ. P. 72 advisory committee's notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). *Cf. Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc) (holding that failure to object to magistrate's report in district court "bars a party . . . except on grounds of plain error . . . from attacking [the report] on appeal").

Rodriguez's April 3 motion is effectively a motion to alter or amend the court's judgment under Rule 59(e). *See Washington v. Patlis*, 868 F.2d 172, 173-74 (5th Cir. 1989) (treating motion to reconsider and vacate judgment as motion to alter or amend under Rule 59(e)). However, such motions must be filed within ten days of the judgment sought to be altered or amended, Fed. R. Civ. Pro. 59(e), and failure to timely file deprives this court of jurisdiction to re-consider its earlier judgment. *See, e.g., Washington*, 868 F.2d at 174 (citations omitted); *see also* Fed. R. Civ. Pro. 6(b) (providing that courts may not enlarge Rule 59(e)'s ten-day time limit). Accordingly, because Rodriguez's April 3 motion was filed more than ten days after this court's February 28 judgment of dismissal, this court lacks jurisdiction to entertain Rodriguez's motion.

**Signed** this ___8th___ day of ___May___, 2003.

_____
Andrew S. Hanen
United States District Judge